IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATES OF: GLORIA TREVISAN; FATEMEH AFRASEHABI; SAKINA AFRASEHABI; AMAL AHMEDIN; AMAYA AHMEDIN; MOHAMMAD ALHAJALI; ALEXANDRA ATALA; HUSNA BEGUM; LEENA BELKADI; MALAK BELKADI; OMAR BELKADI; RAYMOND BERNARD; VINCENT CHIEJINA; BASSEM CHOUCAIR; FATIMA CHOUCAIR; MIERNA CHOUCAIR; NADIA CHOUCAIR; SIRRIA CHOUCAIR; ZEINAB CHOUCAIR; JOSEPH DANIELS; JEREMIAH DEEN; ZAINAB DEEN; ANTHONY DISSON; ESLAH ELGWAHRY; MARIEM ELGWAHRY; FATHIA AHMED ELSANOUSI; ABDUL AZIZ EL-WAHABI; FAOUZIA EL-WAHABI; MEHDI EL-WAHABI; NUR HUDA EL-WAHABI; YASIN EL-WAHABI; LOGAN GOMES; MARCO GOTTARDI; | Civil Action No.: <br><br> **DEFENDANTS ARCONIC INC. and ARCONIC ARCHITECTURAL PRODUCTS LLC'S NOTICE OF REMOVAL** |

BERKTI HAFTOM;                )
BIRUK HAFTOM;                 )
FARAH HAMDAN;                 )
MOHAMMED HAMID;               )
MOHAMMED HANIF;               )
YAHYA HASHIM;                 )
FIRDAWS HASHIM;               )
HASHIM KEDIR;                 )
YAQUB HASHIM;                 )
FETHIA HASSAN;                )
HANIA HASSAN;                 )
ABUFARS IBRAHIM;              )
ISRA IBRAHIM;                 )
RANIA IBRAHIM;                )
AMNA MAHMUD IDRIS;            )
ALI YAWAR JAFARI;             )
NURA JEMAL;                   )
HAMID KANI;                   )
KHADIJA KHALLOUFI;            )
VICTORIA KING;                )
DEBORAH LAMPRELL;             )
GARY MAUNDERS;                )
MARY MENDY;                   )
KAMRU MIAH;                   )
LIGAYA MOORE;                 )
DENIS MURPHY;                 )
MOHAMED AMIED NEDA;           )
ISAAC PAULOS;                 )
MARIA DEL PILAR BURTON;       )
STEVEN POWER;                 )
JESSICA URBANO RAMIREZ;       )
KHADIJA SAYE;                 )
SHEILA SMITH;                 )
MOHAMEDNUR TUCCU;             )
ERNIE VITAL and               )
MARJORIE VITAL;               )
AHMED ABDEL-RASOUL;           )
MUSTAFA ABDU;                 )
SABAH ABDULLAH;               )
ABDUL-WAHAB ABDULHAMID        )

and MARYAM ADAM, h/w;   )
ABRAHAM ABEBE and TURUFAT   )
YILMA GIRMA, h/w   )
INDIVIDUALLY AND AS   )
PARENTS AND NATURAL   )
GUARDIANS OF ABEM   )
ABRAHAM;   )
KAREN ABOUD, INDIVIDUALLY   )
AND AS PARENT AND NATURAL   )
GUARDIAN OF ADEL ABOUD and   )
ADAM ABOUD;   )
ELSA AFEWORKI;   )
MOHAMED AHMED and RANDA   )
AL-ARASI, h/w, INDIVIDUALLY   )
AND AS PARENTS AND NATURAL   )
GUARDIANS OF TALEEN AHMED   )
and CYREEN AHMED;   )
FADUMO AHMED;   )
KHALID AHMED;   )
OMAR ALHAJ ALI;   )
MARIA DE FATIMA ALVES and   )
MANUEL MIGUEL ALVES, h/w;   )
INES TAVARES ALVES;   )
TIAGO ALVES;   )
MERON ARAYA;   )
ETHIOPIA ASSEFA;   )
SIED BAYAN and NADIA YOUSEF,   )
h/w;   )
JOHN BEADLE;   )
SAFA HAMDAN, AS LEGAL   )
GUARDIAN   )
OF TASNIM BELKADI;   )
ELPIDIO BONIFACIO and ROSITA   )
BONIFACIO, h/w;   )
NICHOLAS BURTON;   )
VIRGILIO CASTRO;   )
ANN CHANCE;   )
LEE CHAPMAN and CHIA-YUAN   )
NAOMI LI, h/w;   )
)

SALAH EDDINE CHEBIOUNI;                )
ZAK CHEBIOUNI                          )
FUNG-HEE CHEUNG                        )
CHIN-HSUAN LYDIA LIAO                  )
JOSE COSTA COTELO and                  )
DORINDA                                )
SUAREZ CHANS, h/w;                     )
KATARZYNA DABROWSKA and                )
ROY SMITH, h/w, INDIVIDUALLY           )
AND AS PARENTS AND NATURAL             )
GUARDIANS OF GEORGINA                  )
SMITH and KRISTINA SMITH;              )
EDWARD DAFFARN;                        )
SAM DANIELS;                           )
HIWOT DAGNACHEW and                    )
WINTOM TEMESGEN, h/w,                  )
INDIVIDUALLY AND AS                    )
PARENTS AND NATURAL                    )
GUARDIANS OF BIRUK HENOCK              )
AND YABSIRRA HENOCK;                   )
ALEMISHET DEMISSIE;                    )
PETRA DOULOVA and LEROY                )
AUGUSTUS, h/w;                         )
BELLAL EL-GUENUNI and RABIA            )
YAHYA, h/w, INDIVIDUALLY AND           )
AS PARENTS AND NATURAL                 )
GUARDIANS OF NAILA EL-                 )
GUENUNI, MOHAMED AYMEN                 )
EL-GUENUNI, AYEESHA EL-                )
GUENUNI, and RANIYA EL-                )
GUENUNI;                               )
HANAN WAHABI, INDIVIDUALLY             )
AND AS PARENT AND NATURAL              )
GUARDIAN                               )
OF SARA CHEBIOUNI;                     )
MOUNA EL-OGBANI and YOUSSEF            )
KHALLOUD, h/w, INDIVIDUALLY            )
AND AS PARENTS AND NATURAL             )
GUARDIANS OF HAFSA                     )
KHALLOUD, NUSAYBAH                     )

KHALLOUD, and ZAID )
KHALLOUD )
NATASHA ELCOCK, )
INDIVIDUALLY AND AS PARENT )
AND NATURAL GUARDIAN OF )
SHAYLA SMITH-ELCOCK; )
YEHUALASHET ENYEW; )
RICHARD FLETCHER and HIME )
GASHAW, h/w, INDIVIDUALLY )
AND AS PARENTS AND NATURAL )
GUARDIANS OF SOPHIA LILLY )
NATY FLETCHER; )
HELEN GEBREMESKEL, )
INDIVIDUALLY AND AS PARENT )
AND NATURAL GUARDIAN OF )
LULYA BENYAM; )
CLARITA GHAVIMI; )
MARCIO GOMES, )
INDIVIDUALLY AND AS )
PARENTS AND NATURAL )
GUARDIANS OF LUANA )
GOMES and MEGAN GOMES; )
ANDREIA PERESTRELO; )
CHARMAINE GREENRIDGE; )
DANIEL GRIFFIN; )
SHARON HALEY; )
LINA HAMIDE; )
WILLIAM THOMSON and MARY )
HANLEY, h/w; )
CATHERINE HANLEY; )
AVNI HAXHISEFA; )
ADRIANA ZYMBERAJ, )
INDIVIDUALLY AND AS PARENT )
AND NATURAL GUARDIAN OF )
ALT HAXHISEFA; )
ALK HAXHISEFA; )
MAKREM HARZI and RAWDA )
SAID, h/w, INDIVIDUALLY AND )
AS PARENTS AND NATURAL )
GUARDIANS OF YUSUF HARZI; )

ABDIRAHMAN SALAH HIRSI;   )
SUHAYB SALAH HIRSI;   )
VAN QUANG HO;   )
HOANG KHANH QUANG;   )
EDUARDO IGNACIO and   )
ERLINDA IGNACIO, h/w;   )
WESLEY IGNACIO and   )
MADYLYN IGNACIO, h/w,   )
INDIVIDUALLY AND AS   )
PARENTS AND NATURAL   )
GUARDIANS OF MADISON   )
RYLEE IGNACIO;   )
NADIA JAFARI;   )
FATIMA JAFARI;   )
MARIA JAFARI;   )
JOSEPH JOHN, INDIVIDUALLY   )
AND AS PARENT AND NATURAL   )
GUARDIAN FOR MALACHI ZION   )
JOSEPH JOHN;   )
CORINNE JONES, INDIVIDUALLY   )
AND AS PARENT AND NATURAL   )
GUARDIAN OF AMIEL and   )
DANEL MILLER;   )
BEHAILU GOBENA KEBEDE;   )
FARSHID KAFICHERAGHI;   )
MILAD KAREEM;   )
BETTY KASOTE;   )
MESROB KASSEMDJIAN;   )
SHARON LACI, INDIVIDUALLY   )
AND AS PARENT AND   )
NATURAL GUARDIAN OF   )
CHLOE LACI;   )
MONICA LOKKO;   )
DAVID LEWIS;   )
OCTINIA LEWIS;   )
MIRAN LOVSIN and SUZANA   )
LOVSIN, h/w; BRANISLAV   )
LUKIC;   )
HANIFE MACIT and SENER   )
MACIT, h/w;   )

| | |
|---|---|
| MOHAMMED RASOUL and MUNIRA MAHMUD, h/w, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF MOHAMMED ALHASSAN RASOUL and ZAHRA RASOUL; <br> SEPIDEH MINAEI MOGHADDAM; <br> AMINA MOHAMED; <br> AMNA MOHAMED; <br> ALISON MOSES; <br> NAGAWA PROSSY NALUKWAGO; <br> RESHAD NAQSHBANDI; <br> FARHAD SHEKEB NEDA; <br> SHAKILA FLORA NEDA; <br> EMMA O'CONNOR; <br> KERRY O'HARA; <br> GITARA PAHLAVANI <br> MICHAEL PARAMASIVAN; <br> CHIRAAG PATEL ; <br> SHANTILAL PATEL and KIRAN PATEL, h/w; <br> ELISA RABAYA; <br> AZIZA RAIHANI; <br> RAMIRO URBANO RODRIGUEZ and ADRIANA RAMIREZ, h/w; <br> RHEA ROJO; <br> ANTONIO RONCOLATO; <br> REBECCA ROSS; <br> REBIN SABIR; <br> GENET SHAWO and PAULOS TEKLE, h/w; <br> ANTHONY SMITH; <br> ELIZABETH SOBIESZCZAK and MICHAEL SOBIESZCZAK, h/w; <br> FLORENTYNA SOBIESZCZAK; <br> ADAM SUPAREOGSANOND; <br> CHALALAI SUPAROEKSANOND; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

| | |
|---|---|
| WAEWTA SUPAREOGSANOND;<br>RITA TANKARIAN;<br>LUKE TOWNER;<br>MARIKO TOYOSHIMA-LEWIS,<br>INDIVIDUALLY AND AS PARENT<br>AND NATURAL GUARDIAN OF<br>TAIYOU TOYOSHIMA-LEWIS,<br>AOZORA TOYOSHIMA-LEWIS,<br>AND KOHANA TOYOSHIMA-<br>LEWIS;<br>CARMEN VIEIRO and JOSE<br>VIEIRO, h/w<br>YOHANNES TESFAY and MERON<br>MEKONNEN, h/w, INDIVIDUALLY<br>AND AS PARENTS AND NATURAL<br>GUARDIANS OF LIYA YOHANNES<br>and YOHANA YOHANNES and<br>EAMON ZADA<br><br>*Plaintiffs*<br><br>v.<br><br>ARCONIC, INC.;<br>ALCOA INC.;<br>ARCONIC ARCHITECTURAL<br>PRODUCTS, LLC;<br>WHIRLPOOL CORPORATION;<br>SAINT-GOBAIN CORPORATION<br>d/b/a SAINT-GOBAIN NORTH<br>AMERICAN and/or d/b/a CELOTEX;<br>JOHN DOES (1-99); ABC<br>CORPORATIONS (1-99); XYZ<br>CORPORATIONS (1-99)<br><br>*Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Defendants Arconic Inc. and Arconic Architectural Products LLC ("Arconic Defendants")[1] hereby remove this action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Removal is further proper on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446.

## Background

1. Plaintiffs filed this action on June 6, 2019, against the Arconic Defendants, as well as Whirlpool Corporation, Saint-Gobain Corporation, and other unnamed corporations and individuals. The complaint alleges Pennsylvania state-law claims on behalf of 247 UK residents relating to the 2017 fire at Grenfell Tower in the UK, including claims for products liability and wrongful death.

2. Plaintiffs filed the case under the caption *Behrens et. al. v. Arconic, Inc. et al.*, in the Court of Common Pleas of Philadelphia County, Case No. 190605311.

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date in this action are attached as Exhibit 1.

---

[1] The Plaintiffs also named as a defendant "Alcoa, Inc." Alcoa Inc. changed its name to Arconic Inc. in November 2016, and is not a separate entity from Arconic Inc. Therefore, all references in this pleading to "Arconic Inc." or the Arconic Defendants encompass the formerly-named Alcoa Inc.

1

4. The Complaint was served on the Arconic Defendants on June 7, 2019.

5. This notice of removal is timely under 28 U.S.C. § 1446(b).

## Removal is Proper Under CAFA

6. The Court has original subject matter jurisdiction over plaintiffs' claims under CAFA because this case is a "mass action" that satisfies CAFA's requirements.

7. CAFA's definition of "class action" includes a "mass action." 28 U.S.C. § 1332(d)(11). This case satisfies all requirements for removal of a "mass action."

8. First, a "mass action" involves "monetary relief claims of 100 or more persons." *Id.* The plaintiffs' complaint lists 247 plaintiffs. *See* Ex. 1 at 1, "Civil Cover Sheet."

9. Second, these monetary relief claims must be "proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact[.]" "Where, as here, more than 100 plaintiffs file a single complaint containing claims involving common questions of law and fact, a proposal for a joint trial will be presumed unless an explicit and unambiguous disclaimer is included." *Ramirez v. Vintage Pharm., LLC*, 852 F.3d 324, 327 (3d Cir. 2017). Because there is no such disclaimer, the complaint satisfies CAFA's requirement that the claims be proposed for a joint trial.

10. Third, "jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the [$75,000] jurisdictional amount requirements under subsection (a)." 28 U.S.C. § 1332(d)(11). The complaint does not allege the amount in controversy in any individual case. Under such circumstances, defendants "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Only if "plaintiff contests, or the court questions, the defendant's allegations" must defendants proffer evidence to show that the jurisdictional minimum is satisfied. *Id.*

11. The Arconic Defendants hereby allege that the claims of each of the 247 individual plaintiffs put in controversy amounts in excess of $75,000. Each of the plaintiffs seek compensatory damages of an undefined sum as well as punitive damages. Ex. 1 ¶¶ 561-1168. The plaintiffs claim damages for injuries including wrongful death, significant physical and emotional suffering, medical bills, loss of income, and more. *Ibid.* At a recent press conference, plaintiffs' counsel claimed that this case is "one of the largest products liability cases in history." Ex. 2, The Times, "Grenfell families launch US lawsuit against cladding and fridge makers" (6/11/19). Thus, the Arconic Defendants allege that plaintiffs intend to seek in excess of $75,000 for each individual plaintiff.

12. Under CAFA, the district courts "have original jurisdiction of any civil action" (1) "in which the matter in controversy exceeds the sum or value of $5,000,000," and (2) which "is a class action in which . . . any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a state." 28 U.S.C. § 1332(d)(2). Both of these requirements are met here.

13. The plaintiffs have not yet quantified the amount in controversy in the aggregate of the plaintiffs' claims. As set forth above, the Arconic Defendants allege each of the 247 individual plaintiff's claims put in controversy more than $75,000, meaning the total amount in controversy exceeds $5,000,000. Each of the plaintiffs seek compensatory damages of an undefined sum as well as punitive damages. Ex. 1 ¶¶ 561-1168.

14. This case "is a class action in which . . . any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a state." 28 U.S.C. § 1332(d)(2). As a "mass action," the case qualifies as a "class action" for purposes of § 1332(d)(2). *See supra*. Defendant Arconic Inc. is a citizen "of a state," as it is incorporated in Delaware and has its headquarters in Pittsburgh, Pennsylvania. Ex. 1 ¶ 150; 28 U.S.C. § 1332(c)(1). All 247 plaintiffs are citizens or subjects of the UK. Ex. 1 ¶¶ 29-142. This includes the 69 estates of deceased individuals purportedly represented by an administratrix. Ex. 1 ¶ 27.

Although the claims are brought by the administratrix, each estate is considered to have the decedent's citizenship—here, UK subjects and presumably UK citizens. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"); Ex. 1, "Exhibit A" (listing each of the decedents as residents of Grenfell Tower in the UK).

15. Because over two-thirds of the plaintiffs are citizens of the UK, the local controversy exceptions in 28 U.S.C. §§ 1332(d)(3)-(4) do not apply. Nor do any other exceptions to CAFA apply here.[2]

16. Because removal is sought under CAFA, removal is proper "without regard to whether any defendant is a citizen of the State in which the action is brought," and it is not necessary to obtain consent of the other defendants for removal. 28 U.S.C. § 1453(b). In any event, the remaining defendants have indicated that they consent to removal. *See* Ex. 3, Consent to Removal.

### Removal is Proper due to Diversity

17. Additionally, removal is proper due to the diversity of citizenship between the parties pursuant to 28 U.S.C. §§ 1332(a), 1441.

18. Under § 1332(a)(2), diversity jurisdiction encompasses lawsuits between "citizens of a State and citizens or subjects of a foreign state…." Plaintiffs allege that each of the defendants are citizens of a state by virtue of incorporation

---

[2] In any event, the plaintiffs would bear the burden of showing that any CAFA exception applied.

and/or location of principle place of business. Ex. 1 ¶¶ 150 (Arconic); 158 (AAP LLC); 174 (Saint-Gobain); 187 (Whirlpool); 28 U.S.C. § 1332(c)(1).[3] By contrast, all of the plaintiffs are citizens or subjects of a foreign state. Ex. 1 ¶¶ 29-142. This includes the 69 estates of deceased individuals purportedly represented by an administratrix. Ex. 1 ¶ 27. Although the claims are brought by the administratrix, each estate is considered to have the decedent's citizenship—here, UK subjects and presumably UK citizens. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"); Ex. 1, "Exhibit A" (listing each of the decedents as residents of Grenfell Tower in the UK).

19. Where the parties are diverse, federal courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). The complaint does not allege the amount in controversy in any individual case. Under such circumstances, defendants "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554. Only if "plaintiff contests, or the court questions, the defendant's allegations" must defendants proffer evidence to show that the jurisdictional minimum is satisfied. *Id.* As discussed above, the

---

[3] The Arconic Defendants clarify that they do not hereby admit the allegations contained in the cited paragraphs, except to the extent that the defendants are citizens of *a* State.

Arconic Defendants allege that the plaintiffs' claims, both individually and in the aggregate, put in controversy amounts in excess of $75,000.

20. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable <u>solely on the basis</u> of the jurisdiction under section 1332(a) of this title, may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." However, this provision does not apply because the action is not removable "solely on the basis" of diversity under section 1332(a). It is also removable under CAFA, §§ 1332(d)(2), 1453(b). *See supra*. Alternatively, the Arconic Defendants allege that any Defendants named herein who are Pennsylvania citizens are not properly joined.

21. All defendants to this action have indicated that they consent to removal. *See* Ex. 3, Consent to Removal.

## **Removal to This Jurisdiction is Proper**

22. Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, removal of this action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania is appropriate.

23. The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because the Court of Common Pleas of Philadelphia County is located within this federal judicial district.

24. Counsel for the Arconic Defendants hereby certify that they will file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Philadelphia County and provide notice of this filing to the plaintiffs, as required by 28 U.S.C. § 1446(d).

**DLA Piper LLP (US)**

Nancy Shane Rappaport
 *nancy.rappaport@dlapiper.com*
Joseph Kernen
 *joseph.kernen@dlapiper.com*
Ilana H. Eisenstein
 *ilana.eisenstein@dlapiper.com*
1650 Market Street, Suite 5000
Philadelphia, PA 19103-7300
Telephone: 215.656.3300
Facsimile: 215.656.3301

*Counsel for Arconic Inc. and Arconic Architectural Products LLC*

June 19, 2019

8