# EXHIBIT 1
# (Part 1)

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

JUNE 2019    005311

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Kristen Behrens, Esq., as Administratrix of the Estates, et al | Arconic, Inc., et al |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1500 Market Street, Suite 3500E<br>Philadelphia, PA 19102 | 201 Isabella Street<br>Pittsburgh, PA 15212 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| See Attached Sheet for List of Plaintiffs | See Attached Sheet for List of Defendants |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 247 | 5 | ☑ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☑ More than $50,000.00 | ☐ Arbitration<br>☑ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Minor Court Appeal<br>☐ Statutory Appeals<br>☐ Commerce (Completion of<br>Addendum Required) | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

2P Product Liability

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

None

| IS CASE SUBJECT TO<br>COORDINATION ORDER? | |
|---|---|
| Yes | No |
| ☐ | ☐ |
| ☐ | ☐ |
| ☐ | ☐ |

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Robert J. Mongeluzzi, Esquire/Jeffrey P. Goodman, Esquire/Samuel B. Dordick, Esquire | Saltz, Mongeluzzi, Barrett & Bendesky, P.C.<br>52nd Floor, 1650 Market Street<br>Philadelphia, PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| 215-496-8282 | 215-496-0999 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 36283/309433/322847 | rmongeluzzi@smbb.com; jgoodman@smbb.com; sdordick@smbb.com |

| SIGNATURE | DATE |
|---|---|
| *[signature]* | 06/05/2019 |

01-101 (Rev. 6/08)

## Instructions for Completing Civil Cover Sheet

Rules of Court require that a Civil Cover Sheet be attached to any document commencing an action (whether the action is commenced by Complaint, Writ of Summons, Notice of Appeal, or by Petition). The information requested is necessary to allow the Court to properly monitor, control and dispose cases filed. A copy of the Civil Cover Sheet must be attached to service copies of the document commencing an action. The attorney or non-represented party filing a case shall complete the form as follows:

A.   **Parties**

   i.   *Plaintiffs/Defendants*
      Enter names (last, first, middle initial) of plaintiff, petitioner or appellant ("plaintiff") and defendant. If the plaintiff or defendant is a government agency or corporation, use the full name of the agency or corporation. In the event there are more than three plaintiffs and/or three defendants, list the additional parties on the Supplemental Parties Form. Husband and wife are to be listed as separate parties.

   ii.   *Parties' Addresses*
      Enter the address of the parties at the time of filing of the action. If any party is a corporation, enter the address of the registered office of the corporation.

   iii.   *Number of Plaintiffs/Defendants:* Indicate the total number of plaintiffs and total number of defendants in the action.

B.   **Commencement Type:** Indicate type of document filed to commence the action.

C.   **Amount in Controversy:** Check the appropriate box.

D.   **Court Program:** Check the appropriate box.

E.   **Case Types:** Insert the code number and type of action by consulting the list set forth hereunder. To perfect a jury trial, the appropriate fees must be paid as provided by rules of court.

**Proceedings Commenced by Appeal**

**Minor Court**
5M   Money Judgment
5L   Landlord and Tenant
5D   Denial Open Default Judgment
5E   Code Enforcement
     Other:

**Local Agency**
5B   Motor Vehicle Suspension - Breathalizer
5V   Motor Vehicle Licenses, Inspections, Insurance
5C   Civil Service
5K   Philadelphia Parking Authority
5Q   Liquor Control Board
5R   Board of Revision of Taxes
5X   Tax Assessment Boards
5Z   Zoning Board
52   Board of View
51   Other:
Other:

**Proceedings Commenced by Petition**
8P   Appointment of Arbitrators
8C   Name Change - Adult
8L   Compel Medical Examination
8D   Eminent Domain
8E   Election Matters
8F   Forfeiture
8S   Leave to Issue Subpoena
8M   Mental Health Proceedings
8G   Civil Tax Case - Petition
     Other:

*Actions Commenced by Writ of Summons or Complaint*

**Contract**
1C   Contract
1T   Construction
1O   Other:

**Tort**
2B   Assault and Battery
2L   Libel and Slander
4F   Fraud
1J   Bad Faith
2E   Wrongful Use of Civil Process
     Other:

**Negligence**
1V   Motor Vehicle Accident
2H   Other Traffic Accident
1F   No Fault Benefits
4M   Motor Vehicle Property Damage
2F   Personal Injury - FELA
2O   Other Personal Injury
2S   Premises Liability - Slip & Fall
2P   Product Liability
2T   Toxic Tort
     *T1   Asbestos*
     *T2   DES*
     *T2   Implant*
3B   Toxic Waste
     Other:

**Professional Malpractice**
2D   Dental
4L   Legal
2M   Medical
4Y   Other:
1G Subrogation

**Equity**
E1   No Real Estate
E2   Real Estate
1D   Declaratory Judgment
M1   Mandamus

**Real Property**
3R   Rent, Lease, Ejectment
Q1   Quiet Title
3D   Mortgage Foreclosure - Residential Owner Occupied
3F   Mortgage Foreclosure - Not Residential Not Owner Occupied
1L   Mechanics Lien
P1   Partition
     Prevent Waste
1V   Replevin
1H Civil Tax Case - Complaint
     Other:

F.   **Commerce Program**
   Commencing January 3, 2000 the First Judicial District instituted a Commerce Program for cases involving corporations and corporate law issues, in general. If the action involves corporations as litigants or is deemed a Commerce Program case for other reasons, please check this block AND complete the information on the "Commerce Program Addendum". For further instructions, see Civil Trial Division Administrative Docket 01 of 2000.

G.   **Statutory Basis for Cause of Action**
   If the action is commenced pursuant to statutory authority ("Petition Action"), the specific statute must be identified.

H.   **Related Pending Cases**
   All previously filed related cases, regardless of whether consolidated by Order of Court or Stipulation, must be identified.

I.   **Plaintiff's Attorney**
   The name of plaintiff's attorney must be inserted herein together with other required information. In the event the filer is not represented by an attorney, the name of the filer, address, the phone number and signature is required.

**The current version of the Civil Cover Sheet may be downloaded from the FJD's website**
**http://courts.phila.gov**

## LIST OF PLAINTIFFS

**KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATES OF FATEMEH
AFRASEHABI; SAKINA AFRASEHABI; AMAL AHMEDIN; AMAYA AHMEDIN;
MOHAMMAD ALHAJALI; ALEXANDRA ATALA; HUSNA BEGUM; LEENA
BELKADI; MALAK BELKADI; OMAR BELKADI; RAYMOND BERNARD; VINCENT
CHIEJINA; BASSEM CHOUCAIR; FATIMA CHOUCAIR; MIERNA CHOUCAIR;
NADIA CHOUCAIR;  SIRRIA CHOUCAIR; ZEINAB CHOUCAIR; JOSEPH DANIELS;
JEREMIAH DEEN; ZAINAB DEEN; ANTHONY DISSON; ESLAH ELGWAHRY;
MARIEM ELGWAHRY; FATHIA AHMED ELSANOUSI; ABDUL AZIZ EL-WAHABI;
FAOUZIA EL-WAHABI; MEHDI EL-WAHABI; NUR HUDA EL-WAHABI; YASIN EL-
WAHABI; LOGAN GOMES; MARCO GOTTARDI; BERKTI HAFTOM; BIRUK
HAFTOM; FARAH HAMDAN; MOHAMMED HAMID; MOHAMMED HANIF;
YAHYA HASHIM; FIRDAWS HASHIM; HASHIM KEDIR; YAQUB HASHIM;
FETHIA HASSAN; HANIA HASSAN; ABUFARS IBRAHIM; ISRA IBRAHIM; RANIA
IBRAHIM; AMNA MAHMUD IDRIS; ALI YAWAR JAFARI; NURA JEMAL; HAMID
KANI; KHADIJA KHALLOUFI; VICTORIA KING; DEBORAH LAMPRELL; GARY
MAUNDERS; MARY MENDY; KAMRU MIAH; LIGAYA MOORE; DENIS MURPHY;
MOHAMED AMIED NEDA; ISAAC PAULOS; MARIA DEL PILAR BURTON;
STEVEN POWER; JESSICA URBANO RAMIREZ; KHADIJA SAYE; SHEILA SMITH;
MOHAMEDNUR TUCCU; GLORIA TREVISAN; ERNIE VITAL; and MARJORIE
VITAL**
1500 Market Street, Suite 3500E
Philadelphia, PA 19102


**AHMED ABDEL-RASOUL**
78 St Quentin's Avenue
London W10 6PA


*And*


**MUSTAFA ABDU**
Flat 14 Tor Court Tor Gardens
London W8 4HX


*And*


**SABAH ABDULLAH**
19 Camborne Mews
London W11 1QB


*And*


**ABDUL-WAHAB ABDULHAMID and MARYAM ADAM h/w**
Flat 9, Kendall House, 199 Warwick Road

London W14 8PU

*And*

**ABRAHAM ABEBE and TURUFAT YILMA GIRMA, h/w INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF ABEM ABRAHAM**
22 Gilbert Scott House
London W14 8FN

*And*

**KAREN ABOUD, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF ADEL ABOUD and ADAM ABOUD**
21 Gilbert Scott House
London W14 8FN

*And*

**ELSA AFEWORKI**
12 Gilbert Scott House, Warwick Lane
London W14 8PU

*And*

**MOHAMED AHMED and RANDA AL-ARASI, h/w, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF TALEEN AHMED and CYREEN AHMED**
12 Kendall House, Warwick Road
London W14 8PU

*And*

**FADUMO AHMED**
Flat 5, 4 Hortensia Road
London SW10 8TF

*And*

**KHALID AHMED**
14 Dombey House, St Ann's Road
London W11 4DW

*And*

**OMAR ALHAJ ALI**
11 Gilbert Scott House, 3 Warwick Lane
London W14 8FN

*And*

**MARIA DE FATIMA ALVES and MANUEL MIGUEL ALVES, h/w**
44 Verity Close
London W11 4HE

*And*

**INES TAVARES ALVES**
44 Verity Close
London W11 4HE

*And*

**TIAGO ALVES**
160D Westbourne Park Road
London W11 1BT

*And*

**MERON ARAYA**
5 Clydesdale House, 255 Westbourne Park Road
London W11 1ED

*And*

**ETHIOPIA ASSEFA**
22 Harvester Close, Isleworth
London TW7 7PP

*And*

**SIED BAYAN and NADIA YOUSEF, h/w**
18 Blenheim Crescent
London W11 2EP

*And*

**JOHN BEADLE**
Flat 57 Atrium Apartments, 12 West Road
London W10 5SJ

*And*

**SAFA HAMDAN, AS LEGAL GUARDIAN OF TASNIM BELKADI**
45 Barlby Road
London W10 6AW

*And*

**ELPIDIO BONIFACIO and ROSITA BONIFACIO, h/w**
40 Barlby Road
London W10 6AP

*And*

**NICHOLAS BURTON**
Flat 1a, St Quintin Gardens
London W10 6AS

*And*

**VIRGILIO CASTRO**
31 Gilbert Scott House
London W14 8FN

*And*

**ANN CHANCE**
163 Highlever Road
London W10 6PH

*And*

**LEE CHAPMAN and CHIA-YUAN NAOMI LI, h/w**
9 Deards Wood
Knebworth SG3 6PG

*And*

**SALAH EDDINE CHEBIOUNI**
3 Brewster Gardens
London W10 6AG

*And*

**ZAK CHEBIOUNI**
3 Brewster Gardens

London W10 6AG

*And*

**FUNG-HEE CHEUNG**
34 Gaskarth Road, Balham
London SW12 9NL

*And*

**CHIN-HSUAN LYDIA LIAO**
Apartment 301 Lessing Building, Heritage Lane
West Hampstead NW6

*And*

**JOSE  COSTA COTELO and DORINDA SUAREZ CHANS, h/w**
14 Gilbert Scott House
London W14 8FN

*And*

**KATARZYNA DABROWSKA and ROY SMITH, h/w, INDIVIDUALLY AND AS
PARENTS AND NATURAL GUARDIANS OF GEORGINA SMITH and KRISTINA
SMITH**
8 Nelsons Close
London NW6 5HW

*And*

**EDWARD DAFFARN**
53c Warwick Gardens
London W14 8PL

*And*


**SAM DANIELS**
Flat 5, 40 Elm Park Gardens
London SW10 9NZ

*And*

**HIWOT DAGNACHEW and WINTOM TEMESGEN, h/w, INDIVIDUALLY AND AS
PARENTS AND NATURAL GUARDIANS OF BIRUK HENOCK AND YABSIRRA
HENOCK**
13 Barlby Gardens

London W10 5LW

*And*

**ALEMISHET DEMISSIE**
 Flat 14, Kendall House, 199 Warwick Road
London W14 8PU

*And*

**PETRA DOULOVA and LEROY AUGUSTUS, h/w**
Flat 3, 43 Linden Garden
London W2 4HQ

*And*

**BELLAL EL-GUENUNI and RABIA YAHYA, h/w, INDIVIDUALLY AND AS PARENTS
AND NATURAL GUARDIANS OF NAILA EL-GUENUNI, MOHAMED AYMEN EL-
GUENUNI, AYEESHA EL-GUENUNI, and RANIYA EL-GUENUNI**
21 Bracewell Road
London W10 6AE

*And*

**HANAN WAHABI, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN
OF SARA CHEBIOUNI**
3 Brewster Gardens
London W10 6AG

*And*

**MOUNA EL-OGBANI and YOUSSEF KHALLOUD, h/w, INDIVIDUALLY AND AS
PARENTS AND NATURAL GUARDIANS OF HAFSA KHALLOUD, NUSAYBAH
KHALLOUD, and ZAID KHALLOUD**
16 Kendall House, 199 Warwick Road
London W14 8PU

*And*

**NATASHA ELCOCK, INDIVIDUALLY AND AS PARENT AND NATURAL
GUARDIAN OF SHAYLA SMITH-ELCOCK**
90 Dalgarno Gardens
London W10 6AA

*And*

**YEHUALASHET ENYEW**
Flat 20, 4 Hortensia Road
London SW10 0FU

*And*

**RICHARD FLETCHER and HIME GASHAW, h/w, INDIVIDUALLY AND AS
PARENTS AND NATURAL GUARDIANS OF SOPHIA LILLY NATY FLETCHER**
34 Gilbert Scott House
London W14 8FN

*And*

**HELEN GEBREMESKEL, INDIVIDUALLY AND AS PARENT AND NATURAL
GUARDIAN OF LULYA BENYAM**
6 Vinery Way
London W6 0LQ

*And*

**CLARITA GHAVIMI**
13 Kendall House, 199 Warwick Road
London W14 8PU

*And*

**MARCIO GOMES, INDIVIDUALLY AND AS PARENTS AND NATURAL
GUARDIANS OF LUANA GOMES and MEGAN GOMES**
70 Dalgarno Gardens
London W10 6AA

*And*

**ANDREIA PERESTRELO**
70 Dalgarno Gardens
London W10 6AA

*And*

**CHARMAINE GREENRIDGE**
104 Hanover Road
London NW10 3DP

*And*

**DANIEL GRIFFIN**

Flat 142, 2 Hermitage Street
London W2 1AR

*And*

**SHARON HALEY**
Flat 3, 3 Doveberry Place, 2-8 Malvern Road
London NW6 5PP

*And*

**LINA HAMIDE**
Flat C, 20 Gunter Grove
London SW10 0UJ

*And*

**WILLIAM THOMSON and MARY HANLEY, h/w**
87 Tavistock Crescent
London W11 1AD

*And*

**CATHERINE HANLEY**
87 Tavistock Crescent
London W11 1AD

*And*

**AVNI HAXHISEFA**
Flat D, 5 Kensington Square
London W8 5EP

*And*

**ADRIANA ZYMBERAJ, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF ALT HAXHISEFA**
Flat 25 Gilbert Scott House, 3 Warwick Lane
London, W14 8FN

*And*

**ALK HAXHISEFA**
Flat D, 5 Kensington Square

London W8 5EP

*And*

**MAKREM HARZI and RAWDA SAID, h/w, INDIVIDUALLY AND AS PARENTS AND
NATURAL GUARDIANS OF YUSUF HARZI**
32 Bovingdon Close, Bovingdon Estate
London N19 5SN

*And*

**ABDIRAHMAN SALAH HIRSI**
10 Hortensia Road
London SW10 0FU

*And*

**SUHAYB SALAH HIRSI**
10 Hortensia Road
London SW10 0FU

*And*

**VAN QUANG HO**
548 Edith Road, Hammersmith
London W14 9BB

*And*

**HOANG  KHANH QUANG**
15 Gilbert Scott House, 3 Warwick Lane
London, W14 8FN

*And*

**EDUARDO IGNACIO and ERLINDA IGNACIO, h/w**
27 Gilbert Scott House, 2 Warwick Lane
London W14 8FN

*And*

**WESLEY IGNACIO and MADYLYN IGNACIO, h/w, INDIVIDUALLY AND AS
PARENTS AND NATURAL GUARDIANS OF MADISON RYLEE IGNACIO**
Flat 6, Kendall House, 199 Warwick Road
London W14 8PU

*And*

**NADIA JAFARI**
102 Corringway, Ealing
London W5 3HA

*And*

**FATIMA JAFARI**
102 Corringway, Ealing
London W5 3HA

*And*

**MARIA JAFARI**
102 Corringwaym Ealing
London W5 3HA

*And*

**JOSEPH JOHN, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN
FOR MALACHI ZION JOSEPH JOHN**
Flat 3, 332 Latimer Road
London W10 6QN

*And*

**CORINNE JONES, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN
OF AMIEL and DANEL MILLER**
Flat 3, 332 Latimer Road
London W10 6QN

*And*

**BEHAILU GOBENA KEBEDE**
214A Hamlet Gardens
Hammersmith, London W6 0TS

*And*

**FARSHID KAFICHERAGHI**
Flat 38, Gilbert Scott House, 3 Warwick Lane
London W14 8FN

*And*

**MILAD KAREEM**
Flat 6, 45 Holland Road
London W14 8HL

*And*

**BETTY KASOTE**
2 Kendall House, 199 Warwick Road
London W14 8PU

*And*

**MESROB KASSEMDJIAN**
Flat 10, Gilbert Scott House, 3 Warwick Lane
London W14 8FN

*And*

**SHARON LACI, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF CHLOE LACI**
97 Tavistock Crescent
London W11 1AD

*And*

**MONICA LOKKO**
64 Princes House
London, W11

*And*

**DAVID LEWIS**
Flat 18, Clarence Court, 580-588 London Road
Slough SL3 8QF

*And*

**OCTINIA LEWIS**
1 Kendall House, 199 Warwick Road
London W14 8PU

*And*

**MIRAN LOVSIN and SUZANA LOVSIN, h/w**
Apartment 2, 2 Malvern Road
Doveberry NW6 5PP

*And*

**BRANISLAV LUKIC**
Flat 8, 2 Malvern Road
London NW6 5PP


*And*

**HANIFE MACIT and SENER MACIT, h/w**
Flat 17, 50 Kensington Gardens
London W2 4BA

*And*

**MOHAMMED RASOUL and MUNIRA MAHMUD, h/w, INDIVIDUALLY AND AS
PARENTS AND NATURAL GUARDIANS OF MOHAMMED ALHASSAN RASOUL and
ZAHRA RASOUL**
78 St Quentin's Avenue
London W10 6PA

*And*

**SEPIDEH MINAEI MOGHADDAM**
107 Rosecroft Gardens
Twickenham TW2 7PU

*And*

**AMINA MOHAMED**
14 Dombey House, St Ann's Road
London W11 4DW

*And*

**AMNA MOHAMED**
6 Jane Lidderdale House, 24-26 Covent Garden
London W11 1NH

*And*

**ALISON MOSES**
Flat 125, 2 Hermitage Street
London, W2 1AR

*And*

**NAGAWA PROSSY NALUKWAGO**
127 Fernhead Road
London W9 3ED

*And*

**RESHAD NAQSHBANDI**
8 Gilbert Scott House, 3 Warwick Lane
London W14 8FM

*And*

**FARHAD SHEKEB NEDA**
Flat 10, 4 Hortensia Road
London SW10 0FU

*And*

**SHAKILA FLORA NEDA**
Flat 8, 4 Hortensia Road
London SW10 0FU

*And*

**EMMA O'CONNOR**
Flat 5, Gilbert Scott House, 3 Warwick Lane
London W14 8FN

*And*

**KERRY O'HARA**
Flat 1, 163 Barlby Road
London, W10 5LN

*And*

**GITARA PAHLAVANI**
12 Marquis House, 45 Beadon Road
London W6 0BT

*And*

**MICHAEL PARAMASIVAN**
Flat 5, 45 Holland Road
London W14 8HL

*And*

**CHIRAAG PATEL**
Flat 12, 84 Southern Row
London W10 5JS

*And*

**SHANTILAL PATEL and KIRAN PATEL, h/w**
12 Wesley Square
London W11 1TP

*And*

**ELISA RABAYA**
31 Gilbert Scott House
London W14 8FN

*And*

**AZIZA RAIHANI**
Flat 33, Gilbert Scott House, 3 Warwick Lane
London W14 8FN

*And*

**RAMIRO URBANO RODRIGUEZ and ADRIANA RAMIREZ, h/w**
Flat 101, 91 Tavistock Crescent
London W11 1AD

*And*

**RHEA ROJO**
Flat 101, 91 Tavistock Crescent
London W11 1AD

*And*

**ANTONIO RONCOLATO**
31 Sheffield Terrace
London W8 7NB

*And*

**REBECCA ROSS**

Basement Flat, 45 Holland Road
London W14 8HL

*And*

**REBIN SABIR**

61 Walton Street, 102 Marlborough
London SW3 2JY

*And*

**GENET SHAWO and PAULOS TEKLE, h/w**
Flat 4, Kendall House, 199 Warwick Road
London W14 8PU

*And*

**ANTHONY SMITH**
90 Dalgarno Gardens
London, W10 6AA

*And*

**ELIZABETH SOBIESZCZAK and MICHAEL SOBIESZCZAK, h/w**
Flat 22, Kendall House, 199 Warwick Road
London W14 8PU

*And*

**FLORENTYNA SOBIESZCZAK**
Flat 23, 4 Hortensia Road
London SW10 0FU

*And*

**ADAM SUPAREOGSANOND**
Flat D, 54 Edith Road
London W14 9BB

*And*

**CHALALAI SUPAROEKSANOND**
163 Highlever Road
London W10 6PH

*And*

**WAEWTA SUPAREOGSANOND**
163 Highlever Road
London W10 6PH

*And*

**RITA TANKARIAN**
Flat 10, Gilbert Scott House, 3 Warwick Lane
London W14 8FN

*And*

**LUKE TOWNER**
Flat 5, Gilbert Scott House, 3 Warwick Lane
London W14 8FN

*And*

**MARIKO TOYOSHIMA-LEWIS, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF TAIYOU TOYOSHIMA-LEWIS, AOZORA TOYOSHIMA-LEWIS, AND KOHANA TOYOSHIMA-LEWIS**
24-28 Middle Row
London W19 5AT

*And*

**CARMEN VIEIRO and JOSE VIEIRO, h/w**
19 Gilbert Scott House
London W14 8FN

*And*

**YOHANNES TESFAY and MERON MEKONNEN, h/w, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF LIYA YOHANNES and YOHANA YOHANNES**
18 Hortensia Road
London SW10 0FU

*And*

**EAMON ZADA**
Flat 18, No 4 Hortensia Road
London SW10 0FU

## LIST OF DEFENDANTS

**ARCONIC, INC.**
201 Isabella St.
Pittsburgh, PA 15212

*And*

**ALCOA INC.**
201 Isabella St.
Pittsburgh, PA 15212

*And*

**ARCONIC ARCHITECTURAL PRODUCTS, LLC**
201 Isabella St.
Pittsburgh, PA 15212

*And*

**WHIRLPOOL CORPORATION**
2000 N. M-63
Benton Harbor, MI 49022

*And*

**SAINT-GOBAIN CORPORATION d/b/a SAINT-GOBAIN NORTH AMERICAN and/or d/b/a CELOTEX**
20 Moores Road
Malvern, PA 19355

*And*

**JOHN DOES (1-99)**

*And*

**ABC CORPORATIONS (1-99)**

*And*

**XYZ CORPORATIONS (1-99)**

**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
BY: ROBERT J. MONGELUZZI/JEFFREY P. GOODMAN/
SAMUEL B. DORDICK
IDENTIFICATION NO.:  36283/309433/322647
1650 MARKET STREET
52ND FLOOR
PHILADELPHIA, PA  19103
(215) 496-8282

**DiCELLO LEVITT GUTZLER**
BY: MARK A. DiCELLO
IDENTIFICATION NO.: 326629
7556 MENTOR AVENUE
WESTERN RESERVE
LAW BUILDING
MENTOR, OH 44060
(440) 953-8888

*Attorneys for Plaintiffs*

| | |
|---|---|
| **KRISTEN BEHRENS, ESQUIRE as** **Administratrix of the ESTATES OF:** **GLORIA TREVISAN;** **FATEMEH AFRASEHABI;** **SAKINA AFRASEHABI;** **AMAL AHMEDIN;** **AMAYA AHMEDIN;** **MOHAMMAD ALHAJALI;** **ALEXANDRA ATALA;** **HUSNA BEGUM;** **LEENA BELKADI;** **MALAK BELKADI;** **OMAR BELKADI;** **RAYMOND BERNARD;** **VINCENT CHIEJINA;** **BASSEM CHOUCAIR;** **FATIMA CHOUCAIR;** **MIERNA CHOUCAIR;** **NADIA CHOUCAIR;** **SIRRIA CHOUCAIR;** **ZEINAB CHOUCAIR;** **JOSEPH DANIELS;** **JEREMIAH DEEN;** **ZAINAB DEEN;** **ANTHONY DISSON;** **ESLAH ELGWAHRY;** | **PHILADELPHIA COUNTY** **COURT OF COMMON PLEAS** **LAW DIVISION** **JUNE TERM, 2019** **NO.**    005311 **JURY TRIAL DEMANDED** |

1

**MARIEM ELGWAHRY;**
**FATHIA AHMED ELSANOUSI;**
**ABDUL AZIZ EL-WAHABI;**
**FAOUZIA EL-WAHABI;**
**MEHDI EL-WAHABI;**
**NUR HUDA EL-WAHABI;**
**YASIN EL-WAHABI;**
**LOGAN GOMES;**
**MARCO GOTTARDI;**
**BERKTI HAFTOM;**
**BIRUK HAFTOM;**
**FARAH HAMDAN;**
**MOHAMMED HAMID;**
**MOHAMMED HANIF;**
**YAHYA HASHIM;**
**FIRDAWS HASHIM;**
**HASHIM KEDIR;**
**YAQUB HASHIM;**
**FETHIA HASSAN;**
**HANIA HASSAN;**
**ABUFARS IBRAHIM;**
**ISRA IBRAHIM;**
**RANIA IBRAHIM;**
**AMNA MAHMUD IDRIS;**
**ALI YAWAR JAFARI;**
**NURA JEMAL;**
**HAMID KANI;**
**KHADIJA KHALLOUFI;**
**VICTORIA KING;**
**DEBORAH LAMPRELL;**
**GARY MAUNDERS;**
**MARY MENDY;**
**KAMRU MIAH;**
**LIGAYA MOORE;**
**DENIS MURPHY;**
**MOHAMED AMIED NEDA;**
**ISAAC PAULOS;**
**MARIA DEL PILAR BURTON;**
**STEVEN POWER;**
**JESSICA URBANO RAMIREZ;**
**KHADIJA SAYE;**
**SHEILA SMITH;**
**MOHAMEDNUR TUCCU;**
**ERNIE VITAL; and**
**MARJORIE VITAL**
1500 Market Street, Suite 3500E

Philadelphia, PA 19102

*And*

**AHMED ABDEL-RASOUL**
78 St Quentin's Avenue
London W10 6PA

*And*

**MUSTAFA ABDU**
Flat 14 Tor Court Tor Gardens
London W8 4HX

*And*

**SABAH ABDULLAH**
19 Camborne Mews
London W11 1QB

*And*

**ABDUL-WAHAB ABDULHAMID and
MARYAM ADAM h/w**
Flat 9, Kendall House, 199 Warwick Road
London W14 8PU

*And*

**ABRAHAM ABEBE and TURUFAT
YILMA GIRMA, h/w INDIVIDUALLY
AND AS PARENTS AND NATURAL
GUARDIANS OF ABEM ABRAHAM**
22 Gilbert Scott House
London W14 8FN

*And*

**KAREN ABOUD, INDIVIDUALLY AND
AS PARENT AND NATURAL GUARDIAN
OF ADEL ABOUD and ADAM ABOUD**
21 Gilbert Scott House
London W14 8FN

*And*

3

**ELSA AFEWORKI**
12 Gilbert Scott House, Warwick Lane
London W14 8PU

*And*

**MOHAMED AHMED and RANDA AL-
ARASI, h/w, INDIVIDUALLY AND AS
PARENTS AND NATURAL GUARDIANS
OF TALEEN AHMED and CYREEN
AHMED**
12 Kendall House, Warwick Road
London W14 8PU

*And*

**FADUMO AHMED**
Flat 5, 4 Hortensia Road
London SW10 8TF

*And*

**KHALID AHMED**
14 Dombey House, St Ann's Road
London W11 4DW

*And*

**OMAR ALHAJ ALI**
11 Gilbert Scott House, 3 Warwick Lane
London W14 8FN

*And*

**MARIA DE FATIMA ALVES and
MANUEL MIGUEL ALVES, h/w**
44 Verity Close
London W11 4HE

*And*

**INES TAVARES ALVES**
44 Verity Close
London W11 4HE

*And*

4

**TIAGO ALVES**
160D Westbourne Park Road
London W11 1BT

*And*

**MERON ARAYA**
5 Clydesdale House, 255 Westbourne Park
Road
London W11 1ED

*And*

**ETHIOPIA ASSEFA**
22 Harvester Close, Isleworth
London TW7 7PP

*And*

**SIED BAYAN and NADIA YOUSEF, h/w**
18 Blenheim Crescent
London W11 2EP

*And*

**JOHN BEADLE**
Flat 57 Atrium Apartments, 12 West Road
London W10 5SJ

*And*

**SAFA HAMDAN, AS LEGAL GUARDIAN
OF TASNIM BELKADI**
45 Barlby Road
London W10 6AW

*And*

**ELPIDIO BONIFACIO and ROSITA
BONIFACIO, h/w**
40 Barlby Road
London W10 6AP

*And*

**NICHOLAS BURTON**
Flat 1a, St Quintin Gardens
London W10 6AS

*And*

**VIRGILIO CASTRO**
31 Gilbert Scott House
London W14 8FN

*And*

**ANN CHANCE**
163 Highlever Road
London W10 6PH

*And*

**LEE CHAPMAN and CHIA-YUAN
NAOMI LI, h/w**
9 Deards Wood
Knebworth SG3 6PG

*And*

**SALAH EDDINE CHEBIOUNI**
3 Brewster Gardens
London W10 6AG

*And*

**ZAK CHEBIOUNI**
3 Brewster Gardens
London W10 6AG

*And*

**FUNG-HEE CHEUNG**
34 Gaskarth Road, Balham
London SW12 9NL

*And*

**CHIN-HSUAN LYDIA LIAO**
Apartment 301 Lessing Building, Heritage
Lane

6

West Hampstead NW6

*And*

**JOSE COSTA COTELO and DORINDA SUAREZ CHANS, h/w**
14 Gilbert Scott House
London W14 8FN

*And*

**KATARZYNA DABROWSKA and ROY SMITH, h/w, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF GEORGINA SMITH and KRISTINA SMITH**
8 Nelsons Close
London NW6 5HW

*And*

**EDWARD DAFFARN**
53c Warwick Gardens
London W14 8PL

*And*

**SAM DANIELS**
Flat 5, 40 Elm Park Gardens
London SW10 9NZ

*And*

**HIWOT DAGNACHEW and WINTOM TEMESGEN, h/w, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF BIRUK HENOCK AND YABSIRRA HENOCK**
13 Barlby Gardens
London W10 5LW

*And*

**ALEMISHET DEMISSIE**
Flat 14, Kendall House, 199 Warwick Road
London W14 8PU

*And*

**PETRA DOULOVA and LEROY
AUGUSTUS, h/w,**
Flat 3, 43 Linden Garden
London W2 4HQ

*And*

**BELLAL EL-GUENUNI and RABIA
YAHYA, h/w, INDIVIDUALLY AND AS
PARENTS AND NATURAL GUARDIANS
OF NAILA EL-GUENUNI, MOHAMED
AYMEN EL-GUENUNI, AYEESHA EL-
GUENUNI, and RANIYA EL-GUENUNI**
21 Bracewell Road
London W10 6AE

*And*

**HANAN WAHABI, INDIVIDUALLY AND
AS PARENT AND NATURAL GUARDIAN
OF SARA CHEBIOUNI**
3 Brewster Gardens
London W10 6AG

*And*

**MOUNA EL-OGBANI and YOUSSEF
KHALLOUD, h/w, INDIVIDUALLY AND
AS PARENTS AND NATURAL
GUARDIANS OF HAFSA KHALLOUD,
NUSAYBAH KHALLOUD, and ZAID
KHALLOUD**
16 Kendall House, 199 Warwick Road
London W14 8PU

*And*

**NATASHA ELCOCK, INDIVIDUALLY
AND AS PARENT AND NATURAL
GUARDIAN OF SHAYLA SMITH-
ELCOCK**
90 Dalgarno Gardens
London W10 6AA

8

*And*

**YEHUALASHET ENYEW**
Flat 20, 4 Hortensia Road
London SW10 0FU

*And*

**RICHARD FLETCHER and HIME
GASHAW, h/w, INDIVIDUALLY AND AS
PARENTS AND NATURAL GUARDIANS
OF SOPHIA LILLY NATY FLETCHER**
34 Gilbert Scott House
London W14 8FN

*And*

**HELEN GEBREMESKEL,
INDIVIDUALLY AND AS PARENT AND
NATURAL GUARDIAN OF LULYA
BENYAM**
6 Vinery Way
London W6 0LQ

*And*

**CLARITA GHAVIMI**
13 Kendall House, 199 Warwick Road
London W14 8PU

*And*

**MARCIO GOMES, INDIVIDUALLY AND
AS PARENTS AND NATURAL
GUARDIANS OF LUANA GOMES and
MEGAN GOMES**
70 Dalgarno Gardens
London W10 6AA

*And*

**ANDREIA PERESTRELO**
70 Dalgarno Gardens
London W10 6AA

9

*And*

**CHARMAINE GREENRIDGE**
104 Hanover Road
London NW10 3DP

*And*

**DANIEL GRIFFIN**
Flat 142, 2 Hermitage Street
London W2 1AR

*And*

**SHARON HALEY**
Flat 3, 3 Doveberry Place, 2-8 Malvern Road
London NW6 5PP

*And*

**LINA HAMIDE**
Flat C, 20 Gunter Grove
London SW10 0UJ

*And*

**WILLIAM THOMSON and MARY HANLEY, h/w**
87 Tavistock Crescent
London W11 1AD

*And*

**CATHERINE HANLEY**
87 Tavistock Crescent
London W11 1AD

*And*

**AVNI HAXHISEFA**
Flat D, 5 Kensington Square
London W8 5EP

*And*

**ADRIANA ZYMBERAJ,  INDIVIDUALLY**

**AND AS PARENT AND NATURAL
GUARDIAN OF ALT HAXHISEFA**
Flat 25 Gilbert Scott House, 3 Warwick Lane
London, W14 8FN

*And*

**ALK HAXHISEFA**
Flat D, 5 Kensington Square
London W8 5EP

*And*

**MAKREM HARZI and RAWDA SAID,
h/w, INDIVIDUALLY AND AS PARENTS
AND NATURAL GUARDIANS OF YUSUF
HARZI**
32 Bovingdon Close, Bovingdon Estate
London N19 5SN

*And*

**ABDIRAHMAN SALAH HIRSI**
10 Hortensia Road
London SW10 0FU

*And*

**SUHAYB SALAH HIRSI**
10 Hortensia Road
London SW10 0FU

*And*

**VAN QUANG HO**
548 Edith Road, Hammersmith
London W14 9BB

*And*

**HOANG  KHANH QUANG**
15 Gilbert Scott House, 3 Warwick Lane
London, W14 8FN

*And*

**EDUARDO IGNACIO and ERLINDA
IGNACIO, h/w**
27 Gilbert Scott House, 2 Warwick Lane
London W14 8FN

*And*

**WESLEY IGNACIO and MADYLYN
IGNACIO, h/w, INDIVIDUALLY AND AS
PARENTS AND NATURAL GUARDIANS
OF MADISON RYLEE IGNACIO**
Flat 6, Kendall House, 199 Warwick Road
London W14 8PU

*And*

**NADIA JAFARI**
102 Corringway, Ealing
London W5 3HA

*And*

**FATIMA JAFARI**
102 Corringway, Ealing
London W5 3HA

*And*

**MARIA JAFARI**
102 Corringwaym Ealing
London W5 3HA

*And*

**JOSEPH JOHN, INDIVIDUALLY AND AS
PARENT AND NATURAL GUARDIAN
FOR MALACHI ZION JOSEPH JOHN**
Flat 3, 332 Latimer Road
London W10 6QN

*And*

**CORINNE JONES, INDIVIDUALLY AND
AS PARENT AND NATURAL GUARDIAN
OF AMIEL and DANEL MILLER**
Flat 3, 332 Latimer Road

12

London W10 6QN

*And*

**BEHAILU GOBENA KEBEDE**
214A Hamlet Gardens
Hammersmith, London W6 0TS

*And*

**FARSHID KAFICHERAGHI**
Flat 38, Gilbert Scott House, 3 Warwick Lane
London W14 8FN

*And*

**MILAD KAREEM**
Flat 6, 45 Holland Road
London W14 8HL

*And*

**BETTY KASOTE**
2 Kendall House, 199 Warwick Road
London W14 8PU

*And*

**MESROB KASSEMDJIAN**
Flat 10, Gilbert Scott House, 3 Warwick Lane
London W14 8FN

*And*

**SHARON LACI, INDIVIDUALLY AND AS
PARENT AND NATURAL GUARDIAN
OF CHLOE LACI**
97 Tavistock Crescent
London W11 1AD

*And*

**MONICA LOKKO**
64 Princes House
London, W11

13

*And*

**DAVID LEWIS**
Flat 18, Clarence Court, 580-588 London Road
Slough SL3 8QF

*And*

**OCTINIA LEWIS**
1 Kendall House, 199 Warwick Road
London W14 8PU

*And*

**MIRAN LOVSIN and SUZANA LOVSIN, h/w**
Apartment 2, 2 Malvern Road
Doveberry NW6 5PP

*And*

**BRANISLAV LUKIC**
Flat 8, 2 Malvern Road
London NW6 5PP

*And*

**HANIFE MACIT and SENER MACIT, h/w**
Flat 17, 50 Kensington Gardens
London W2 4BA

*And*

**MOHAMMED RASOUL and MUNIRA MAHMUD, h/w, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF MOHAMMED ALHASSAN RASOUL and ZAHRA RASOUL**
78 St Quentin's Avenue
London W10 6PA

*And*

**SEPIDEH MINAEI MOGHADDAM**
107 Rosecroft Gardens
Twickenham TW2 7PU

14

*And*

**AMINA MOHAMED**
14 Dombey House, St Ann's Road
London W11 4DW

*And*

**AMNA MOHAMED**
6 Jane Lidderdale House, 24-26 Covent
Garden
London W11 1NH

*And*

**ALISON MOSES**
Flat 125, 2 Hermitage Street
London, W2 1AR

*And*

**NAGAWA PROSSY NALUKWAGO**
127 Fernhead Road
London W9 3ED

*And*

**RESHAD NAQSHBANDI**
8 Gilbert Scott House, 3 Warwick Lane
London W14 8FM

*And*

**FARHAD SHEKEB NEDA**
Flat 10, 4 Hortensia Road
London SW10 0FU

*And*

**SHAKILA FLORA NEDA**
Flat 8, 4 Hortensia Road
London SW10 0FU

*And*

**EMMA O'CONNOR**
Flat 5, Gilbert Scott House, 3 Warwick Lane
London W14 8FN

*And*

**KERRY O'HARA**
Flat 1, 163 Barlby Road
London, W10 5LN

*And*

**GITARA PAHLAVANI**
12 Marquis House, 45 Beadon Road
London W6 0BT

*And*

**MICHAEL PARAMASIVAN**
Flat 5, 45 Holland Road
London W14 8HL

*And*

**CHIRAAG PATEL**
Flat 12, 84 Southern Row
London W10 5JS

*And*

**SHANTILAL PATEL and KIRAN PATEL, h/w**
12 Wesley Square
London W11 1TP

*And*

**ELISA RABAYA**
31 Gilbert Scott House
London W14 8FN

*And*

**AZIZA RAIHANI**
Flat 33, Gilbert Scott House, 3 Warwick Lane
London W14 8FN

*And*

**RAMIRO URBANO RODRIGUEZ and ADRIANA RAMIREZ, h/w**
Flat 101, 91 Tavistock Crescent
London W11 1AD

*And*

**RHEA ROJO**
Flat 101, 91 Tavistock Crescent
London W11 1AD

*And*

**ANTONIO RONCOLATO**
31 Sheffield Terrace
London W8 7NB

*And*

**REBECCA ROSS**
Basement Flat, 45 Holland Road
London W14 8HL

*And*

**REBIN SABIR**
61 Walton Street, 102 Marlborough
London SW3 2JY

*And*

**GENET SHAWO and PAULOS TEKLE, h/w**
Flat 4, Kendall House, 199 Warwick Road
London W14 8PU

*And*

**ANTHONY SMITH**
90 Dalgarno Gardens
London, W10 6AA

*And*

**ELIZABETH SOBIESZCZAK and**
**MICHAEL SOBIESZCZAK, h/w**
Flat 22, Kendall House, 199 Warwick Road
London W14 8PU

*And*

**FLORENTYNA SOBIESZCZAK**
Flat 23, 4 Hortensia Road
London SW10 0FU

*And*

**ADAM SUPAREOGSANOND**
Flat D, 54 Edith Road
London W14 9BB

*And*

**CHALALAI SUPAROEKSANOND**
163 Highlever Road
London W10 6PH

*And*

**WAEWTA SUPAREOGSANOND**
163 Highlever Road
London W10 6PH

*And*

**RITA TANKARIAN**
Flat 10, Gilbert Scott House, 3 Warwick Lane
London W14 8FN

*And*

**LUKE TOWNER**
Flat 5, Gilbert Scott House, 3 Warwick Lane
London W14 8FN

*And*

**MARIKO TOYOSHIMA-LEWIS,**
**INDIVIDUALLY AND AS PARENT AND**

18

**NATURAL GUARDIAN OF TAIYOU
TOYOSHIMA-LEWIS, AOZORA
TOYOSHIMA-LEWIS, AND KOHANA
TOYOSHIMA-LEWIS**
24-28 Middle Row
London W19 5AT

*And*

**CARMEN VIEIRO and JOSE VIEIRO, h/w**
19 Gilbert Scott House
London W14 8FN

*And*

**YOHANNES TESFAY and MERON
MEKONNEN, h/w, INDIVIDUALLY AND
AS PARENTS AND NATURAL
GUARDIANS OF LIYA YOHANNES and
YOHANA YOHANNES**
18 Hortensia Road
London SW10 0FU

*And*

**EAMON ZADA**
Flat 18, No 4 Hortensia Road
London SW10 0FU

*Plaintiffs*

**v.**

**ARCONIC, INC.**
201 Isabella St.
Pittsburgh, PA 15212

*And*

**ALCOA INC.**
201 Isabella St.
Pittsburgh, PA 15212

*And*

**ARCONIC ARCHITECTURAL**

19

**PRODUCTS, LLC**
201 Isabella St.
Pittsburgh, PA 15212

*And*

**WHIRLPOOL CORPORATION**
2000 N. M-63
Benton Harbor, MI 49022

*And*

**SAINT-GOBAIN CORPORATION d/b/a**
**SAINT-GOBAIN NORTH AMERICAN**
**and/or d/b/a CELOTEX**
20 Moores Road
Malvern, PA 19355

*And*

**JOHN DOES (1-99)**

*And*

**ABC CORPORATIONS (1-99)**

*And*

**XYZ CORPORATIONS (1-99)**

*Defendants*

---

**"NOTICE**
    "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS

**"AVISO**
    "Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta demanda y la notificatión para entablar personalmente o por un abogado una comparecencia escrita y tambien usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

    USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.

ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE

<table>
<tr><td>

AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701"

</td><td>

CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA
PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE
INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A
PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO
REDUCIDO O NINGUN HONORARIO.

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701"

</td></tr>
</table>

## COMPLAINT – CIVIL ACTION (PRODUCTS LIABILITY)

### INTRODUCTION

1.    On June 14, 2017, seventy-two (72) people were senselessly killed when a fire ripped through Grenfell Tower, a high rise apartment building in West London.

2.    The fire, which started in a refrigerator, migrated through Flat 16 in the Grenfell Tower and eventually reached the building's exterior cladding.

3.    Once the fire reached the building's exterior cladding, it relentlessly raced up the sides of the building engulfing it in flames.

4.    The highly flammable cladding turned Grenfell Tower into a flaming coffin, entrapping the residents and their guests and sentencing the victims to agonizing and painful deaths by burning and suffocation.

5.    In addition to the senseless deaths, scores of residents and guests at the Tower suffered life altering physical, emotional and psychological injuries.

6.    The devastating fire began when a Whirlpool fridge-freezer, model number FF175BP (hereinafter referred to as the "Whirlpool Fridge-Freezer"), malfunctioned causing its plastic backing to ignite.

7.    The fire was dramatically exacerbated by the tower's external cladding, the exposed core of which was polyethylene, a highly flammable and combustible material.

8.    The highly combustible cladding encasing the entirety of the Tower caused the fire to spread rapidly until the fire quickly became uncontrollable.

9.    The cladding was designed, manufactured, conceived and/or sold by Defendant Arconic, Inc. and/or its predecessor corporation Alcoa, Inc. and/or Arconic Architectural Products, LLC and/or their subsidiaries, sister corporations, predecessor entities, and/or successor entities (collectively referred to as the "Arconic" unless otherwise indicated) and sold under the trade name/label "Reynobond PE".

10.    Arconic is an iconic Pennsylvania Corporation which was founded in 1888 as the Pittsburgh Reduction Company.

11.    Arconic's nucleus of operations has remained in Pennsylvania since its founding over 100 years ago.

12.    Due to its highly flammable nature, Reynobond PE cannot be sold or fit for high rise buildings in the United States, and Arconic therefore determined to exploit the European market and export the danger abroad that they couldn't sell at home.

13.    Through its behavior, Arconic sent the message that foreign lives are worth less than American lives and that it is acceptable to expose people outside the United States to dangers to which people in the United States would not be exposed.

14.    Arconic's behavior has left a black eye on the proud face of the Pennsylvania products designing and manufacturing industry.

15.    The Arconic Defendants' corporate greed and desire to cut corners and save money culminated in the conscious, knowing and reckless decision to supply the cheaper and highly flammable Reynobond polyethylene cladding (hereinafter referred to as "Reynobond PE") instead of the more expensive Reynobond Fire Resistant cladding (hereinafter referred to as

22

"Reynobond FR") to Grenfell Tower, despite knowing that the Reynobond PE cladding was unfit for the Tower.

16.     The conflageration was further contributed to by the highly combustible Insulation used in Grenfell tower's external cladding.

17.     This cladding was designed and manufactured by another Pennsylvnaia entity, Celotex Corporation, which through various corporate renamings and mergers is today known as Saint-Gobain Corporation d/b/a Saint-Gobain North America and/or d/b/a Celotex (hereinafter "Celotex").

18.     Defendant Celotex knew that its insulation was highly combustible and was not fit or suitable for use in external cladding for buildings, but knowingly sold and supplied it to the Tower anyway.

19.     Worse, Celotex fraudulently manipulated test results to hide the flammable nature of their insulation from consumers.

20.     Celotex too, through their conduct has brough shame on the Commonwealth of Pennsylvania and its proud manufacturing and designing industries.

21.     Almost two years of investigation have revealed the unambigious truth that the tragedy which took the lives of 72 innocent victims and ruined hundreds more was inflicted upon the population of Grenfell by United States corporations and their defiance of safety.

22.     As a result of this tragedy, Plaintiffs bring this action seeking compensatory and punitive damages from the United States based corporations whose defective products caused this tragedy.

23.     Specifically, Plaintiffs file this action sounding in product liability action against corporations who designed, manufactured, and sold the defective products which caused this tragedy.

24.     Plaintiffs are not asserting any claims for negligence but instead are solely seeking recovery based on the applicable product liability laws and the applicable laws regarding punitive damages.

25.     Through this action, Plaintiffs asset all available damages under Pennsyvlania law for claims sounding in Products Liability and punitive damages aimed at deterring future corporations from behaving in such an irresponsible manner in the future.

## THE PLAINTIFFS

26.     Kristen Behrens, Esquire, is an adult citizen of the Commonwealth of Pennsylvnaia and licensed Pennsylvnaia attorney with a principal business address of 1500 Market Street, Suite 3500E, Philadelphia, PA 19102.

27.     As demonstrated by the documents attached hereto as "Exhibit A", Plaintiff, Kristen Behrens has been appointed by the Philadelphia Register of Wills to serve as the Administratrix of the Estates of:

   a.  Gloria Trevisan;

   b.  Fatemeh Afrasehabi;

   c.  Sakina Afrasehabi;

   d.  Amal Ahmedin;

   e.  Amaya Ahmedin;

   f.  Mohammad Alhajali;

   g.  Alexaandra Atala;

h.   Husna Begum;

i.   Leena Belkadi;

j.   Malak Belkadi;

k.   Omar Belkadi;

l.   Raymond Bernard;

m.  Vincent Chiejina;

n.   Bassem Choukair;

o.   Fatima Choucair;

p.   Mierna Choucair;

q.   Nadia Choucair;

r.   Sirria Choucair;

s.   Zeinab Choucair;

t.   Joseph Daniels;

u.   Jeremiah Deen;

v.   Zainab Deen;

w.  Anthony Disson;

x.   Eslah Elgwahry;

y.   Mariem Elgwahry;

z.   Fathia Ahmed Elsanousi;

aa. Abdulaziz El-Wahabi;

bb. Faouzia El-Wahabi;

cc. Mehdi El-Wahabi;

dd. Nurhuda El-Wahabi;

ee. Yasin El-Wahabi;

ff.  Logan Gomes;

gg. Marco Gottardi;

hh. Berkti Haftom;

ii.  Biruk Haftom;

jj.  Farrah Hamdan;

kk. Mohammed Hamid;

ll.  Mohammed Hanif;

mm.        Yahya Hashim;

nn. Firdaws Hashim;

oo. Kedir Hashim;

pp. Yaqub Hashim;

qq. Fethia Hassan;

rr.  Hania Hassan;

ss.  Abufars Ibrahim;

tt.  Isra Ibrahim;

uu. Rania Ibrahim;

vv. Amna Mahmud Idris;

ww.        Al Yawar Jafari;

xx. Nura Jemal;

yy. Hamid Kani;

zz. Khadija Khalloufi;

aaa.        Victoria King;

bbb.     Deborah Lamprell;

ccc.     Gary Maunders;

ddd.     Mary Mendy;

eee.     Kamru Miah;

fff. Ligaya Moore;

ggg.     Denis Murphy;

hhh.     Mohamed Amied Neda;

iii. Isaac Paulos;

jjj. Maria del Pilar Burton;

kkk.     Steven Power;

lll. Jessica Urbano Ramirez;

mmm.     Khadija Saye;

nnn.     Sheila Smith;

ooo.     Mohamednur Tuccu;

ppp.     Ernie Vital; and

qqq.     Marjorie Vital.

    See Letters of Administration, attached hereto as **Exhibit "A"**.

    28.    Claims are brought on behalf of each Estate listed above on behalf of the Estate and on behalf of and for the benefit of all beneficiaires.

    29.    Plaintiff, Ahmed Abdel-Rasoul, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

    30.    Plaintiff, Mustafa Abdu, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

31.     Plaintiff, Sabah Abdullah, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

32.     Plaintiffs, Abdul-Wahab Abdulhamid and Maryam Adam, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

33.     Plaintiffs, Abraham Abebe and Turufat Yilma Girma, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address, and are the Parents and Natural Guardians of Minor Plaintiff, Abem Abraham, who is an individual and citizen of the United Kingdom, and who also resides at the above-captioned address.

34.     Plaintiff, Elsa Afeworki, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

35.     Plaintiffs, Shahid Ahmed and Sayeda Ahmed, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

36.     Plaintiff, Karen Aboud, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address, and is the Parent and Natural Guardian of Minor Plaintiffs, Adel Aboud and Adam Aboud, who are individuals and citizens of the United Kingdom, who also reside at the above-captioned address.

37.     Plaintiffs, Mohammed Ahmed and Randa Al-Arasi, h/w, are adult individuals and citizens of the United Kingdom, residing at the above captioned address, and are the parents and natural guardians of minor Plaintiffs, Taleen Ahmed and Cyreen Ahmed, who are individuals and citizens of the United Kingdom and who also reside at the above-captioned address.

38.     Plaintiff, Fadumo Ahmed, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

**39.**   Plaintiff, Khalid Ahmed, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

**40.**   Plaintiff, Omar Alhaj Ali, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

**41.**   Plaintiffs, Maria de Fatima Alves and Manuel Miguel Alves, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

**42.**   Plaintiff, Ines Tavares Alves, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

**43.**   Plaintiff, Tiago Alves, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

**44.**   Plaintiff, Meron Araya, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

**45.**   Plaintiff, Ethiopia Assefa, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

**46.**   Plaintiffs, Sied Bayan and Nadia Yousef, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

**47.**   Plaintiff, John Beadle, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

**48.**   Plaintiff, Safa Hamdan, is an adult individual and citizen of the United Kingdom, and is the Legal Guardian of Minor Plaintiff, Tasnim Belkadi, who is an individual and citizen of the United Kingdom, residing at the above-captioned address.

**49.**   Plaintiffs, Elpidio Bonifacio and Rosita Bonifacio, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

50. Plaintiff, Nicholas Burton, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

51. Plaintiff, Virgilio Castro, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

52. Plaintiff, Ann Chance, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

53. Plaintiffs, Lee Chapman and Chia-Yuan Naomi Li, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

54. Plaintiff, Salah Eddine Chebiouni, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

55. Plaintiff, Zak Chebiouni, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

56. Plaintiff, Fung-Hee Cheung, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

57. Plaintiff, Chin-Hsuan Lydia Liao, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

58. Plaintiffs, Jose Costa Cotelo and Dorinda Suarez Chans, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

59. Plaintiffs, Katarzyna Dabrowska and Roy Smith, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address, and are the Parents and Natural Guardians of minor Plaintiffs, Georgina Smith and Kristina Smith, who are individuals and citizens of the United Kingdom and also reside at the above-captioned address.

**60.**     Plaintiff, Edward Daffarn, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

**61.**     Plaintiff, Sam Daniels, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

**62.**     Plaintiffs, Hiwot Dagnachew and Wintom Temesgen, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address, and are the Parents and Natural Guardians of Minor Plaintiffs, Biruk Henock and Yabsirra Henock, who are individuals and citizens of the United Kingdom, who also reside at the above-captioned address.

**63.**     Plaintiff, Alemishet Demissie, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

**64.**     Plaintiffs Petra Doulova and Leroy Augustus, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

**65.**     Plaintiffs, Bellal El-Guenuni and Rabia Yahya, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address, and are the Parents and Natural Guardians of minor Plaintiffs, Naila El-Guenuni, Mohamed Aymen El-Guenuni, Ayeesha El-Guenuni, and Raniya El-Guenuni, who are individuals and citizens of the United Kingdom and also reside at the above-captioned address.

**66.**     Plaintiff, Hanan Wahabi, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address, and is the Parent and Natural Guardian of Minor Plaintiff Sara Chebiouni, who is an individual and citizen of the United Kingdom, who also resides at the above-captioned address.

**67.**     Plaintiffs, Mouna El-Ogbani and Youssef Khalloud, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address, and are the Parents and

Natural Guardians of minor Plaintiffs, Hafsa Khalloud, Nusaybah Khalloud, and Zaid Khalloud, who are individuals and citizens of the United Kingdom and who also reside at the above-captioned address.

68.     Plaintiff, Natasha Elcock, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address and is the Parent and Natural Guardian of minor Plaintiff, Shayla Smith-Elcock, who is an individual and citizen of the United Kingdom, who also resides at the above-captioned address.

69.     Plaintiff, Yehualashet Enyew, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

70.     Plaintiffs, Richard Fletcher and Hime Gashaw, h/w, are individuals and citizesn of the United Kingdom, residing at the above-captioned address, and are the Parents and Natural Guardians of Minor Plaintiff, Sophia Lilly Naty Fletcher, who is an individual and citizen of the United Kingdom, and who also resides at the above-captioned address.

71.     Plaintiff, Helen Gebremeskel, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address, and is the Parent and Natural Guardian of Lulya Benyam, who is an individual and citizen of the United Kingdom, who also resides at the above-captioned address.

72.     Plaintiff, Clarita Ghavimi, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

73.     Plaintiff, Marcio Gomes, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address, and is the Parent and Natural Guardian of Luana Gomes, and Megan Gomes.

74. Plaintiff, Andreia Perestrelo, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

75. Plaintiff, Charmaine Greenridge, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

76. Plaintiff, Daniel Griffin, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

77. Plaintiff, Sharon Haley, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

78. Plaintiff, Lina Hamide, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

79. Plaintiffs, William Thomson and Mary Hanley, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

80. Plaintiff, Catherine Hanley, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

81. Plaintiff, Avni Haxhisefa, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

82. Plaintiff, Adriana Zymberaj, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address, and is the Parent and Natural Guardian of Minor Plaintiff, Alt Haxhisefa, who is an individual and citizen of the United Kingdom, who also resides at the above-captioned address.

83. Plaintiff, Alk Haxhisefa, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

84.     Plaintiffs, Makrem Harzi and Rawda Said, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address, and are Parents and Natural Guardians of Minor Plaintiff, Yusuf Harzi, who is an individual and citizen of the United Kingdom, who also resides at the above-captioned address.

85.     Plaintiff, Abdirahman Salah Hirsi, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

86.     Plaintiff, Suhayb Salah Hirsi, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

87.     Plaintiff, Van Quang Ho, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

88.     Plaintiff, Hoang Khanh Quang, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

89.     Plaintiffs, Eduardo Ignacio and Erlinda Ignacio, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

90.     Plaintiffs, Wesley Ignacio and Madylyn Ignacio, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address, and are the Parents and Natural Guardians of minor Plaintiff, Madison Rylee Ignacio who is an individual and citizen of the United Kingdom, who also resides at the above-captioned address.

91.     Plaintiff, Nadia Jafari, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

92.     Plaintiff, Fatima Jafari, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

93.     Plaintiff, Maria Jafari, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

94.     Plaintiff, Joseph John, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address, and is the Parent and Natural Guardian of Minor Plaintiff, Malachi Zion Joseph John, who is an individual and citizen of the United Kingdom, who also resides at the above-captioned address.

95.     Plaintiff, Corrine Jones, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address, and is the Parent and Natural Guardian of minor Plaintiffs, Amiel Miller and Danel Miller, who are individuals and citizens of the United Kingdom, who also resides at the above-captioned address.

96.     Plaintiff, Behailu Gobena Kebede, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

97.     Plaintiff, Farshid Kaficheraghi, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

98.     Plaintiff, Milad Kareem, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

99.     Plaintiff, Betty Kasote, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

100.    Plaintiff, Mesrob Kassemdjian, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

101.    Plaintiff, Sharon Laci, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address, and is the Parent and Natural Guardian of Minor

Plaintiff, Chloe Laci, who is an individual and citizen of the United Kingdom, who also resides at the above-captioned address.

102.    Plaintiff, Monica Lokko, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

103.    Plaintiff, David Lewis, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

104.    Plaintiff, Octinia Lewis, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

105.    Plaintiffs, Miran Lovsin and Suzana Lovsin, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

106.    Plaintiff, Branislav Lukic, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

107.    Plaintiffs, Hanife Macit and Sener Macit, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

108.    Plaintiffs, Mohammed Rasoul and Munira Mahmud, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address, and are the Parents and Natural Guardians of minor Plaintiffs, Mohammed Alhassan Rasoul and Zahra Rasoul, who are individuals and citizens of the United Kingdom, who also reside at the above-captioned address.

109.    Plaintiff, Sepideh Minaei Moghaddam, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

110.    Plaintiff, Amina Mohamed, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

111.    Plaintiff, Amna Mohamed, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

112.    Plaintiff, Alison Moses, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

113.    Plaintiff, Nagawa Prossy Nalukwago, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

114.    Plaintiff, Reshad Naqshbandi, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

115.    Plaintiff, Farhad Shekeb Neda, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

116.    Plaintiff, Shakila Flora Neda, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

117.    Plaintiff, Emma O'Connor, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

118.    Plaintiff, Kerry O'Hara, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

119.    Plaintiff, Gitara Pahlavani, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

120.    Plaintiff, Michael Paramasivan, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

121.    Plaintiff, Chiraag Patel, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

122.    Plaintiffs, Shantilal Patel and Kiran Patel, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

123.    Plaintiff, Elisa Rabaya, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

124.    Plaintiff, Aziza Raihani, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

125.    Plaintiffs, Ramiro Urbano Rodriguez and Adriana Ramirez, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

126.    Plaintiff, Rhea Rojo, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

127.    Plaintiff, Antonio Roncolato, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

128.    Plaintiff, Rebecca Ross, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

129.    Plaintiff, Rebin Sabir, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

130.    Plaintiffs, Genet Shawo and Paulos Tekle, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

131.    Plaintiff, Anthony Smith, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

132.    Plaintiffs, Elizabeth Sobieszczak and Michael Sobieszczak, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

133. Plaintiff, Florentyna Sobieszczak, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

134. Plaintiff, Adam Supareogsanond, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

135. Plaintiff, Chalalai Supareoksanond, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

136. Plaintiff, Waewta Supareogsanond, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

137. Plaintiff, Rita Tankarian, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

138. Plaintiff, Luke Towner, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

139. Plaintiff, Mariko Toyoshima-Lewis, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address and is the Parent and Natural Guardian of Minor Plaintiffs, Taiyou Toyoshima-Lewis, Aozora Toyoshima-Lewis, and Kohana Toyoshiima-Lewis, who are individuals and citizens of the United Kingdom, who also reside at the above-captioned address.

140. Plaintiffs, Carmen Vieiro and Jose Vieiro, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address.

141. Plaintiffs, Tesfaye Yohannes and Meron Mekonnen, h/w, are adult individuals and citizens of the United Kingdom, residing at the above-captioned address, and are the Parents and Natural Guardians of minor Plaintiffs, Liya Yohannes and Yohana Yohannes, who are individuals and citizens of the United Kingdom, who also reside at the above-captioned address.

142.   Plaintiff, Eamon Zada, is an adult individual and citizen of the United Kingdom, residing at the above-captioned address.

## THE DEFENDANTS

143.   The Arconic Defendants have been deeply entrenched in Pennsylvania history for over 130 years, dating back to the incorporation of the Arconic Defendants' original predecessor, the Pittsburgh Reduction Company, in 1888.

144.   The Pittsburgh Reduction Company first opened its doors in Pittsburgh, Pennsylvania, and through each successor corporation has headquartered its global operations from Pittsburgh, Pennsylvania.

145.   The Arconic Defendants' original predecessor, the Pittsburgh Reduction Company renamed itself as the Aluminum Company of America in 1907, and continued to orchestrate the entirety of its operations from Pittsburgh, Pennsylvania.

146.   In 1999, the Arconic Defendants' predecessor, the Aluminum Company of America, again renamed itself as Alcoa.

147.   Alcoa continued to maintain its headquarters and its center of global operations in Pittsburgh, Pennsylvania.

148.   The Arconic Defendants launched their first line of Reynobond products from their headquarters in Pittsburgh, Pennsylvania in 2011.

149.   In 2016, the Arconic Defendants' immediate predecessor, Alcoa, launched Arconic as a standalone company, continuing to design, engineer, fabricate, market, sell, distribute, and/or supply Reynobond products from their headquarters in Pittsburgh, Pennsylvania.

150. The Arconic Defendants' century-plus of corporate operations, continuously headquartered in Pittsburgh, Pennsylvania, culminated in the intentional, knowing, and reckless decision to supply the subject Reynobond cladding to the Grenfell Tower, despite knowing that it was unfit, defective, and dangerous for such use. At all times relevant hereto and specifically on the date of the fire, Arconic, Inc. (hereinafter referred to as "Arconic") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business and headquarters and corporate epicenter located at 201 Isabella St., Pittsburgh, PA 15212.

151. At all times relevant hereto and specifically on the date of the fire, Defendant Arconic, was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Defendant Arconic.

152. Defendant Arconic purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

153. At all relevant times hereto and specifically on the date of the fire, Arconic was engaged in the business of designing, manufacturing, assembling, marketing, distributing and selling the Reynobond PE cladding and other cladding that is the subject of this litigation.

154. At all times relevant hereto and specifically on the date of the fire, Defendant Alcoa Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business and headquarters and corporate epicenter located at 201 Isabella St., Pittsburgh, PA 15212.

155. At all times relevant hereto and specifically on the date of the fire, Defendant Alcoa Inc. was acting by and through agents, servants, and/or employees, who were acting

41

within the course and scope of their agency, service and/or employment with Defendant Alcoa Inc.

156.    Defendant Alcoa Inc. purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

157.    At all times relevant hereto and specifically on the date of the fire, Defendant Alcoa Inc. was engaged in the business of designing, manufacturing, assembling, marketing, distributing and selling the Reynobond PE and Reynobond FR cladding that is the subject of this litigation throughout Europe, the United States and including Philadelphia County.

158.    At all times relevant hereto and specifically on the date of the fire, Defendant Arconic Architectural Products, LLC ("Arconic Architectural Products") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business and headquarters and corporate epicenter located at 201 Isabella St., Pittsburgh, PA 15212 and additional design and production facilities located at 50 Industrial Boulevard, Eastman GA 31023.

159.    At all times relevant hereto and specifically on the date of the fire, Defendant Arconic Architectural Products was acting by and through agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Defendant Arconic Architectural Products.

160.    Defendant Arconic Architectural Products purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

161.    At all times relevant hereto, Defendant Arconic Architectural Products was engaged in the business of designing, manufacturing, assembling, marketing, distributing and selling the Reynobond PE and Reynobond FR cladding that is the subject of this litigation throughout Europe, the United States, Pennsylvania and including Philadelphia County.

162.    Defendants Arconic Inc., Alcoa Inc., Arconic Architectural Products, LLC and their agents, employees, officers, subsidiaries, parent corpoations, sister coprorations, predecessor corporations and successor corporations will hereinafter be collectively referred to as the "Arconic Defendants."

163.    Reynobond PE is a registered trademard of the Arconic Defendants.

164.    Any actions relevant to this case which may have been carried out by sister companies, subsidiaries, predecessor companies, successcor companies, and/or entities otherwise related to the Arconic Defendants were taken by said sister companies, subsidiaries, and/or otherwise related entities as alter-egos of the American-based Arconic Defendants.

165.    Any actions relevant to this case which may have been carried out by sister companies, subsidiaries, parent companies and/or entities otherwise related to the Arconic Defendants, whether foreign or domestic, were carried out at the direction and command of, and under the supervision of, the American-based Arconic Defendants.

166.    The blending of corporate personnel and responsibilities, as well as, financial and other resources enables the "piercing of the corporate veil" to hold the Arconic Defendants fully liable for the actions of any such sister companies, subsidiaries or otherwise related entities.

167.    Defendant Celotex began its operations as the Celotex Corporation of America in 1921, establishing itself as a market leader in insulation, roofing and building materials.

168.   Defendant Celotex reincorporated in 1964 and continued to operate in the insulation, roofing and building materials industries.

169.   In the 1990s, Defendant Celotex was ravaged by asbestos litigation and, as a result, filed for bankruptcy in 1990 and reorganized in 1996-1997.

170.   Following its bankruptcy and reorganization, Defendant Celotex continued to operate in the insulation, roofing, and building materials industries, selling its products worldwide.

171.   In early 2012, Saint-Gobain, a multi-national corporation which brands itself as the world leader in the habitat and construction markets purchased Celotex.

172.   Saint-Gobain continued to operate Celotex, and continued to design, engineer, manufacture, produce, market, distribute, and sell insulation, including the RS5000 PIR Insulation under the Celotex name.

173.   Saint-Gobain continues to operate under the Celotex brand name and oversee and/or orchestrate the design, engineering, marketing, distribution, and sale of Celotex products, including its Insulation products, from its headquarters in Malvern, Pennsylvania.

174.   At all times relevant hereto and specifically on the date of the fire, Defendant, Saint-Gobain Corporation d/b/a Saint-Gobain North America and/or d/b/a Celotex (hereinafter referred to as "Celotex") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business, headquarters and corporate epicenter located at 20 Moores Road, Malvern, PA 19355.

175.   At all times relevant hereto and specifically on the date of the fire, Defendant Celotex was acting by and through agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Defendant Celotex.

176.     Defendant Celotex purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

177.     Any actions relevant to this case which may have been carried out by sister companies, subsidiaries, parent companies, predecessor companies, successor companies and/or entities otherwise related to Defendant Celotex, whether foreign or domestic, were taken by said sister companies, subsidiaries, and/or otherwise related entities as alter-egos of Defendant Celotex.

178.     Any actions relevant to this case which may have been carried out by sister companies, subsidiaries, and/or entities otherwise related to Defendant Celotex were carried out at the direction and command of, and under the supervision of, Defendant Celotex.

179.     The blending of corporate personnel and responsibilities, as well as, financial and other resources enables the "piercing of the corporate veil" to hold Defendant Celotex fully liable for the actions of any such sister companies, subsidiaries or otherwise related entities.

180.     At all times relevant hereto and specifically on the date of the fire, Defendant Celotex was engaged in the business of designing, manufacturing, assembling, marketing, distributing and selling the RS5000 insulation (hereinafter referred to as the "Insulation") contained in external cladding system that is the subject of this litigation throughout Europe and the United States, including Philadelphia County.

181.     In 2014, Defendant Whirlpool acquired Indesit Company, which owned and sold products under the brand name Hotpoint

45

182.    In the 2014 acquisition, upon information and belief, Defendant Whirlpool acquired and took over Indesit Company's, and therefore Hotpoint's, assets and liabilities, including product liabilities.

183.    Through proper due diligence, Defendant Whirlpool did or should have become aware of the numerous prior incidents with Hotpoint products, including the Model FF175BP fridge-freezer at issue in this case.

184.    Through proper due diligence, Defendant Whirlpool did or should have become aware that there were prior incidents with Model FF175BP fridge-freezers manufactured in October, 2008, such as the subject Fridge-Freezer involved in this case.

185.    Through proper due diligence, Defendant Whirlpool did or should have become aware of the numerous defective and highly dangerous products on the market and in the stream of commerce.

186.    Through proper due diligence, Defendant Whirlpool did or should have become aware that over 64,000 defective FF175BP fridge-freezers had been distributed.

187.    Defendant, Whirlpool Corporation (hereinafter referred to as "Whirlpool"), is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 2000 N. M-63, Benton Harbor, MI 49022.

188.    At all times relevant hereto, Defendant Whirlpool was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Defendant Whirlpool.

189.    Defendant Whirlpool purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

190.   Any actions relevant to this case which may have been carried out by sister companies, subsidiaries and/or entities otherwise related to Defendant Whirlpool were taken by said sister companies, subsidiaries, and/or otherwise related entities as alter-egos of Defendant Whirlpool.

191.   Any actions relevant to this case which may have been carried out by sister companies, subsidiaries, parent companies, predecessor companies, successor companies and/or entities otherwise related Defendant Whirlpool, whether foreign or domestic, were carried out at the direction and command of, and under the supervision of, Defendant Whirlpool.

192.   The blending of corporate personnel and responsibilities, as well as, financial and other resources enables the "piercing of the corporate veil" to hold Defendant Whirlpool fully liable for the actions of any such sister companies, subsidiaries or otherwise related entities.

193.   At all times relevant hereto, Defendant Whirlpool was engaged in the business of designing, manufacturing, assembling, marketing, distributing and selling the Fridge-Freezer, model number FF175BP, that is the subject of this litigation throughout Europe and the United States, including Philadelphia County.

194.   Defendants John Does (1-99) are the current and former officers, directors, agents, employees of defendants, their subsidiaries, parent companies, sister companies, successor companies, predecessor companies and/or otherwise related entities who made decisions related to the conduct described in this Complaint which led to the fire at the Grenfell Tower.

195.   Defendants ABC Corporations (1-99) are designers, manufacturers, distributors, sellers, suppliers, marketers and/or were in the designing, manufacturing, distributing, selling,

supplying, and/or marketing hierarchy of control for the subject products which are described in this Complaint which led to the fire at the Grenfell Tower.

196.   Defendants XYZ Corprations (1-99) are the subsidiaries, parent companies, sister companies, successor companies, predecessor companies and/or otherwise related entities to the parties to this action who were involved in the design, manufacturing, or creation of the products described in this Complaint which led to the fire at the Grenfell Tower.

197.   Pursuant to Pa.R.Civ.P. 2005, Defendants John Does (1-99), ABC Corporations (1-99), and XYZ Corporations (1-99) are Doe designated defendants added to this action where their actual name/identity is unknown despite a reasonable and diligent search.

198.   Plaintiffs reserve the right to amend this Complaint and name said unknown individuals and/or entities, as aforementioned, as additional defendant pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

199.   All defendants are registered corporations in Pennsylvania who have consented to the general jurisdiction of Pennsylvania courts and/or have otherwise exercised sufficient contacts with Pennsylvania and specifically with Philadelphia County for jurisdiction and venue to be proper.

### JURISDICTION, FORUM, AND VENUE

200.   Plaintiff, Kristen Behrens, is a citizen of the Commonwealth of Pennsylvania.

201.   The Arconic Defendants' are citizens of the Commonwealth of Pennsylvania, with a principal place of business and corporate nucleus of operations located in Pittsburgh, Pennsylvania.

202.   Defendant Celotex is a citizen of the Commonwealth of Pennsylvania.

203.    Accordingly, because Plaintiff, Kristen Behrens, and the Arconic Defendants and Defendant Celotex are all citizens of the Commonwealth of Pennsylvania, there is no diversity of citizenship and this litigation is proper in state court.

204.    Each Defendant has litigated scores of cases in the Philadelphia Court of Common Pleas.

205.    As averred throughout this Complaint, each Defendant does substantial business in Philadelphia County.

206.    Arconic has acknowledged through shareholder litigation (*Howard v. Arconic Inc., et al.*, Docket No. 2:17-cv-01057 (W.D.Pa.)) that Pennsylvania Courts are a proper venue and forum for litigating disputes arising from the Grenfell Tower tragedy.

207.    Plaintiffs' claims, as fully stated herein, all center on the outrageous, willful, wanton, and reckless conduct of Defendants, all of which occurred in the United States and, with regards to the Arconic Defendants and Defendant Celotex, specifically in the Commonwealth of Pennsylvania.

208.    The Arconic Defendants designed, engineered, marketed, sold, and/or tested the product at issue, the Reynobond 55 PE cladding, within the Commonwealth of Pennsylvania.

209.    All control, supervision, and ultimate decision-making that resulted in the Arconic Defendants knowingly and outrageously supplying the unfit, defective, and dangerous Reynobond cladding to the Grenfell Tower, was exerted by the Arconic Defendants from their nucleus of operations in Pittsburgh, Pennsylvania.

210.    The Arconic Defendants' conduct on which Plaintiffs' claims are founded was all orchestrated by the Arconic Defendants' from their nucleus of operations in Pittsburgh, Pennsylvania.

211. Defendant Celotex designed, engineered, marketed, sold, and/or tested the Celotex RS5000 PIR Insulation within the Commonwealth of Pennsylvania, specifically from its headquarters in Malvern, Pennsylvania.

212. All control, supervision, and ultimate decision-making that resulted in Defendant Celotex knowingly and outrageously supplying the defective, dangerous, and completely unfit Insulation to the Grenfell Tower was exerted by Defendant Celotex from its headquarters in Malvern, Pennsylvania.

213. Defendant Celotex's conduct on which Plaintiffs' claims are founded was orchestrated by Defendant Celotex from its headquarters in Malvern, Pennsylvania.

214. The Commonwealth of Pennsylvania has a substantial interest in regulating and controlling the conduct of corporations which operate within the Commonwealth of Pennsylvania.

215. The Commonwealth of Pennsylvania has a substantial interest in preventing corporations within its borders from acting in a reckless, willful, wanton, and punitive manner, as the Arconic Defendants and Defendant Celotex acted in this case.

216. Defendant Whirlpool is and at all relevant times was, registered to conduct business in the Commonwealth of Pennsylvania and has thus consented to this Honorable Court's exercise of personal jurisdiction over Defendant Whirlpool.

217. Defendant Whirlpool intentionally and specifically targets the Commonwealth of Pennsylvania for the sale of its products and for the provision of its services, all of which inured substantial profits and economic benefit to Defendant Whirlpool.

### THE TRAGIC EVENTS OF JUNE 14, 2017

50

surrounding the subject Fridge-Freezer before the flames eventually exited Flat 16 through the kitchen window, igniting the Tower's exterior cladding.

249.    The fire was caused to escape the confines of the subject Whirlpool Fridge-Freezer so aggressively and rapidly as a direct result of the highly flammable plastic casing on the subject Fridge-Freezer.

250.    The fire, which began in Flat 16 was completely controllable and readily escapable as evidenced by the occupants of Flat 16 escaping.

251.    The true harm and cause of the devestation took place when the fire reached the defective and dangerous exterior components of the building.

## II.     THE REFURBISHMENT OF GRENFELL TOWER

252.    The Grenfell Tower Refurbishment Project sought to both re-design the interior layout of the Tower's flats, increasing the total number of flats from 120 to 127, and increasing the total number of bedrooms in the Tower from 200 to 227.

253.    The Grenfell Tower Refurbishment Project also sought to upgrade the exterior of the building to a more modern look that would also replace the substandard heating system, replace the windows, and increase the thermal efficiency of the tower.

254.    At the outset of the refurbishment, the estimated costs for the project were 8.7 million Pounds.

255.    To accomplish the exterior aspect of the refurbishment, the Tower was supplied with the Arconic Defendants rainscreen aluminum composite panel cladding—the subject Reynobond PE—that was installed over the existing concrete construction of the Tower, with Defendant Celotex's RS5000 PIR Insulation installed between the Reynobond PE cladding and the concrete exterior walls.

301.    By the time the fire was fully extinguished, seventy-one (71) people had perished, one (1) would tragically die months later as a result of the horrific injuries sustained in the fire, and scores of residents who were able to escape had suffered catastrophic physical, psychological, and emotional injuries.

## THE DEFENDANTS' OUTRAGEOUSLY RECKLESS ACTS

302.    All of the Defendants in this case chose to expose the residents of the Grenfell Tower, including Plaintiffs and Plaintiffs' decedents, to the extreme and unreasonable risk of severe injury or death caused by fire, all in the name of corporate profits.

303.    Each Defendant chose to supply the United Kingdom and/or specifically the Grenfell Tower with the cheaper, highly flammable versions of their respective products in order to achieve higher profits.

304.    Each Defendant knowingly chose profits over the lives of the Grenfell Tower residents.

305.    The Arconic Defendants' conscious choice of increased profits over the lives of the Grenfell Tower residents was, upon information and belief, orchestrated by and through the Arconic Defendants' international nucleus of operations, located in Pittsburgh, Pennsylvania.

306.    The Whirlpool Defendant's choice to expose residents of the United Kingdom to the foreseeable and extreme risk of fire by selling fridge-freezers with plastic casing instead of the metal casing required in the United States, was made through the Whirlpool Defendant's headquarters located in Benton Harbor, Michigan.

307.    Defendant Celotex's decision to supply insulation known to be extremely flammable for use in a tower Defendant Celotex knew to be over 200 feet tall was made by and

through Defendant Celotex's North American headquarters and nucleus of operations, located in Malvern, Pennsylvania.

### I.   THE ARCONIC DEFENDANTS

**308.**   The Arconic Defendants knowingly placed lives at risk when it supplied its highly flammable Reynobond PE cladding to Grenfell Tower despite *knowing* that the Reynobond PE cladding was unfit for the Tower and posed a dangerous fire hazard.

**309.**   When deciding what cladding is to be supplied to buildings, the paramount concern and consideration must be the safety of the men, women and children living in the building.

**310.**   Reynobond PE cladding should never be used in buildings over 40 feet high because should a fire break out and ignite the highly flammable polyethylene core and insulation, as it did at the Grenfell Tower, the maximum reach of a firefighter's fully extended ladder is approximately 40 feet.

**311.**   Prior to this tragedy, the Arconic Defendants acknowledged and specifically warned consumers that its cladding presented a substantial fire risk and that, "[a]nother important rule when it comes to the height of buildings concerns the accessibility of the fire brigade to the fire in the building: **as soon as the building is higher than the firefighters' ladders, it has to be conceived with an incombustible material.**"

E9107S DG 5000 Washcoat—the Reynobond PE cladding utilized on all floors from 4 upwards—being delivered to the Grenfell Tower was 6,586 m$^2$.

317.   Based on the total area of Reynobond PE the Arconic Defendants knowingly supplied to the Grenfell Tower, there is absolutely no question the Arconic Defendants knew that the Grenfell Tower was greater than 40 feet tall and thus wholly unfit to be encased in Reynobond PE cladding.

318.   All strategic business plans, both foreign and domestic, for the Arconic Defendants originates from Arconic's Pennsylvania-based corporate hub.

319.   A purchase of material of the necessary quantity for the Grenfell Tower, as discussed above, would necessarily receive the attention of the Arconic Defendants' employees and agents in the United States.

320.   Knowledge of the specific order of the material for the Grenfell Tower was received by Grenfell's agents and employees in the United States.

321.   Knowledge of the specific order of the material for the Grenfell Tower was received by Arconic's agents and employees in Pennsylvania.

322.   The Arconic Defendants' fabrication facililties in Europe take all instruction on design and fabrication from the United States based operations.

323.   The Arconic Defendants knew that providing Reynobond PE cladding to the Tower presented an extreme and grave risk of harm to people living in the Tower.

324.   The Arconic Defendants knew of the dangers of Reynobond PE and its dangerous propensity to rapidly propagate any fire prior to the date of the fire by virtue of testing which occurred in the United States.

325. Upon information and belief, the fire resistance testing of the Reynobond PE took place in Pennsylvania and Georgia demonstrated the propensities of Reynobond PE to rapidly propagate any fire.

326. Testing done for the Arconic Defendants by ICC-ES confirmed that Reynobond PE was flammable and should not be installed in any building above 40 feet pursuant to the limitations of the IBC and the National Fire Protection Association ("NFPA").

327. Upon information and belief, testing of the Reynobond PE done for Arconic Defendants was performed by Architectural Testing, Inc. and/or Intertek, in Pennsylvania.

328. Through the aforementioned testing, the Arconic Defendants unquestionably knew that its Reynobond PE cladding did not comply with NFPA 285 and that the Reynobond PE cladding must never be used in buildings greater than 40 feet high because it created a substantial risk of harm.

329. Despite this knowledge, The Arconic Defendants, through their personnel located in the Arconic Defendants' international nucleus of operations in Pittsburgh, Pennsylvania, decided to recklessly ignore the safety of the hundreds of people that lived in the Tower by cutting corners to save money and increase profits, and provided the defective Reynobond PE cladding to the Tower.

330. Upon information and belief, the Arconic Defendants' Reynobond PE is cheaper for the Arconic Defendants to manufacture and produce and sales of the Reynobond PE inure greater profits to the Arconic Defendants.

331. The Arconic Defendants knew that the United States market for Reynobond PE was significantly limited given that the United States would not allow the Reynobond PE to be installed on any building greater than 40 feet in height.

332.   As a result, the Arconic Defendants sought to peddle their highly flammable and dangerously defective Reynobond PE in Europe, specifically in the United Kingdom.

333.   At all times relevant hereto, the decisions made by the Arconic Defendants to knowingly supply the flammable Reynobond PE cladding to the Tower were orchestrated, made and carried out through the Arconic Defendants' headquarters in Pittsburgh, Pennsylvania and was in defiance of the safety information learned by the US testing of its product.

334.   The Arconic Defendants had an unquestionable and nondelegable duty to provide a product free from dangerous defects.

335.   The Arconic Defendants egregiously failed to abide by their duty.

336.   The Arconic Defendants chose to place profits over people and knowingly exposed the Tower's residents to risks with catastrophic consequences.

337.   The Arconic Defendants' corporate-greed-driven actions, orchestrated and carried out from its headquarters in Pittsburgh, Pennsylvania, resulted in seventy-two (72) deaths and the unimaginable physical, psychological, and emotional suffering of those who escaped the fire.

338.   The Arconic Defendants failed to warn their constomers and/or the public or construction industry concerning the dangerous associated with their product with they knew or should have known about.

339.   The Arconic Defendants' conduct, as described above, demonstrated a willful and wanton disregard for the safety and health of the Grenfell Tower residents, Plaintiffs and their decedents.

## II.   DEFENDANT CELOTEX

340.   Defendant Celotex, knew that its RS5000 PIR Insulation was highly combustible, dangerously flammable, noncompliant with applicable regulations, and completely unfit for use in the Grenfell Tower.

341.   Defendant Celotex knew that its RS5000 PIR Insulation would emit toxic fumes if burned.

342.   Defendant Celotex knew that use of its RS5000 PIR Insulation in exterior building cladding installed on buildings greater than forty feet (40 ft.) tall posed a significant and substantial risk of harm to the people living in any such building due to the highly combustible and dangerously flammable propensity of its Insulation, as well as the exceedingly dangerous propensity to release toxic fumes if ignited.

343.   Outrageously, Defendant Celotex knowingly falsified and doctored testing performed on its RS5000 PIR Insulation in order to falsely claim that the Insulation was more fire resistant than it actually was.

344.   Upon information and belief, the Celotex Defendant added a fire-retardant element and/or component to the RS5000 Insulation sample that was used for safety certification, safety testing and/or fire testing solely for the purpose of deceiving and/or falsifying the aforementioned testing and/or certification.

345.   Defendant Celotex unquestionably knew that adding a fire-retardant element and/or component to the RS5000 Insulation sample that was used for safety certification, safety testing and/or fire testing solely for the purpose of deceiving and/or falsifying the aforementioned testing and/or certification presented an unreasonable and outrageous risk of

severe injury and/or death to the public and residents of buildings encased with the RS5000 Insulation, including Plaintiff's decedent.

346.    Upon information and belief, Defendant Celotex's heinous decision to add a fire-retardant element and/or component to the RS5000 Insulation sample that was used for safety certification, safety testing and/or fire testing solely for the purpose of deceiving and/or falsifying the aforementioned testing and/or certification was orchestrated, controlled, demanded, and/or overseen by Defendant Celotex's headquarters in Malvern, Pennsylvania, United States.

347.    The decision to add a fire-retardant element and/or component to the RS5000 Insulation solely to deceive and/or falsify the safety certification, safety testing and/or fire testing but sell its RS5000 without said fire retardant element and/or component is obscenely outrageous, willful and wanton conduct that knowingly placed the health and safety of the members of the public and residents of the Grenfell Tower in jeopardy.

348.    The RS5000 PIR Insulation was noncompliant with ADB 2013 and the functional requirement of B4(1) of the Building Regulations 2010 at the time of its installation in that it was incapable of adequately resisting the spread of fire.

349.    Upon information and belief, Defendant Celotex knew that the RS5000 Insulation was unfit for the Tower.

350.    Despite this knowledge, Defendant Celotex supplied the Insulation to the Grenfell Tower.

351.    Upon information and belief, the decision to supply the Grenfell Tower with RS5000 PIR Insulation despite knowledge that the Insulation was dangerously unfit for the Tower was orchestrated, controlled, demanded, and/or overseen by Defendant Celotex's headquarters in Malvern, Pennsylvania, United States.

352.    Defendant Celotex made fraudulent misrepresentations of material fact regarding the safety certification, safety testing and/or fire testing of its RS5000, which Defendant Celotex intended the public and specifically the residents of the Grenfell Tower, including Plaintiffs, to rely upon.

353.    Defendant Celotex made fraudulent misrepresentations of material fact regarding the safety and fitness of its RS5000 for use on the Grenfell Tower, which Defendant Celotex intended the public and specifically the residents of the Grenfell Tower, including Plaintiffs, to rely upon.

354.    The residents of the Grenfell Tower relied upon the aforementioned fraudulent misrepresentations of material fact made by Defendant Celotex.

355.    Defendant Celotex also knew that its RS5000 Insulation, if burned, would release dangerous and toxic cyanide fumes.

356.    Despite this knowledge, Defendant Celotex knowingly supplied its dangerously defective RS5000 Insulation for use on the Grenfell Tower.

357.    Defendant Celotex supplied dangerously defective and highly flammable RS5000 Insulation despite knowing that hundreds of people within the Grenfell Tower would be relying on Celotex to provide a product that was free from dangerous defects.

358.    Defendant Celotex, in an act of corporate greed, placed its profits over the health and safety of the men, women and children living in the Grenfell Tower who relied on Celotex to provide a safe product.

359.    The Celotex Defendants failed to warn their constomers and/or the public or construction industry concerning the dangerous associated with their product with they knew or should have known about.

360.    Defendant Celotex's conduct, as described above, demonstrated a willful and wanton disregard for the safety and health of the Grenfell Tower residents, including Plaintiffs and their decedents.

## III.    DEFENDANT WHIRLPOOL

361.    The defective Whirlpool Fridge-Freezer that started the deadly fire was made even more dangerous by virtue of its flammable plastic casing.

362.    Using the plastic casing instead of the metal casing on the fridge-freezer results in no functional or practical benefit and the use of plastic casing is intended only to reduce Defendant Whirlpool's manufacturing costs.

363.    Upon information and belief, Defendant Whirlpool knew that its plastic casing fridge-freezers, including the subject Fridge-Freezer, were flammable and would act to propagate a fire.

364.    Upon information and belief, Defendant Whirlpool knew that use of metal casings on fridge-freezers, such as those that must be sold in the United States, has specific fire safety properties that act to contain any fire within the confines of the fridge-freezer.

365.    There are regulations in the United States which prohibit Defendant Whirlpool from selling the plastic casing fridge-freezers, such as the Model FF175BP.

366.    Specifically, the UL 250 standard for Household Refrigerators and Freezers requires Enclosures on all refrigeration appliances, such as the Model FF175BP, to be made of a material which "prevents propagation of flame due to electrical disturbances occurring within."

367.    The UL 250 also requires that the parts used in refrigeration appliances, such as the Model FF175BP, "not support combustion for more than 60 seconds after the fifth application of the test flame, nor shall it be destroyed to such an extent as to: a) reduce electrical

84

spacings below those specified in Clauses 6.1 and 6.2; and b) expose uninsulated live parts in line-voltage circuits as determined by the requirements for assembly, Clause 4.5."

368. Despite this aforementioned knowledge, Defendant Whirlpool continued to sell its plastic casing fridge-freezers, including the subject Fridge-Freezer, in the United Kingdom.

369. Prior to the date of the fire, Defendant Whirlpool had direct knowledge that the FF175BP fridge-freezer was susceptible to causing fires.

370. Prior to the date of the fire, Defendant Whirlpool was explicitly notified of five (5) reported fires in the FF175BP fridge-freezer, which occurred on September 26, 2011, March 28, 2013, September 5, 2013, October 31, 2014, and June 25, 2015.

371. This knowledge was or should have been supplied to the United States based Whirlpool headquarters.

372. Whirlpool did nothing to notify purchasers, users, or the public at large of the dangers associated with their product which they came to be aware of and failed to recall the product.

373. Thus, prior to the fire at the Grenfell Tower which killed 72 people and devastatingly injured scores of people, Defendant Whirlpool had direct knowledge that FF175BP fridge-freezers that were alleged to be manufactured in October, 2008, just as the subject Fridge-Freezer was, were defective and susceptible to bursting into flames.

374. Defendant Whirlpool's aforementioned actions knowingly placed the lives of Grenfell Tower residents in grave danger, and there were catastrophic consequences.

375. Defendant Whirlpool's actions were a willful and wanton display of reckless disregard to the health and safety of Plaintiffs and Plaintiffs' decedents.

376.    The Whirlpool Defendants failed to warn their constomers and/or the public or construction industry concerning the dangerous associated with their product with they knew or should have known about.

377.    The Courts of the United States have an interest in regulating the conduct of United States based companies including Whirlpool, Arconic and Celotex.

378.    The Courts of Pennsylvania specifically have an interest in regulating the conduct of corporations who avail themselves of Pennsylvania laws, choose to headquarter in Pennsylvania, and operate their principal place of business out of Pennsylvania.

## INJURIES AND DAMAGES – DECEDENTS, ESTATES AND BENEFICIARIES

379.    As a direct and proximate result of the Defendants strict products liability, outrageously willful and wanton conduct, and punitive conduct, all decedents named herein suffered serious, severe, disabling injuries including, but not limited to, their excruciating deaths and conscious pain and suffer, resulting from being burned alive and inhalation of smoke, super-heated air, and toxic fumes.

380.    As a direct and proximate result of the Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, which resulted in the death of all decedents named herein, all decedents' beneficiaries and Estates have in the past and will in the future continue to suffer great loss, including, but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

381.    As a direct and proximate result of the foregoing, all named decedents' wrongful death beneficiaries and Estates incurred or have been caused to incur puciniary loss including but

not limited to loss of future earning capacity and various expenses for various funeral, burial, and estate and administration expenses for which Plaintiff is entitled to compensation.

382.   As a direct and proximate result of the Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff claims damages suffered by the above-captioned Estates by reason of the death of decedents, including, without limiting the generality thereof, the following: severe injuries to each respective decedent which resulted in their deaths; the anxiety, horror, fear of impending death, mental disturbance, pain, suffering, emotional distress from witnessing deaths and injuries to loved ones and other intangible losses which each decedent suffered prior to their death; the loss of future earning capacity suffered by each decedent from the date of their death until the time in the future that the particular decedent would have lived had the decedent not died as a result of the injuries they sustained; and the loss and total limitation and deprivation of each decedent's normal activities, pursuits and pleasures from the date of their death until such time in the future as the particular decedent would have lived had they not died as a result of the injuries sustained by reason of the strict products liability, outrageously willful and wanton conduct, and punitive conduct of Defendants.

383.   The purpose of these wrongful death and survival claims is to fully assert all claims for damages recoverable in Pennsylvania on behalf of Estates, decedents, and beneficiares, which are available for actions sounding in products liability and punitive damages and to the extent specific claims are inadvertently omitted on behalf of any plaintiff, the right of amendment is hereby preserved.

**384.** To the extent any beneficiaries are unknown or unidentified or any issues exist with the opening of any estates, all claims on behalf of all estates, decedents and beneficiares remain preserved.

### INJURIES AND DAMAGES - SURVIVORS

**385.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ahmed Abdel-Rasoul was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Ahmed Abdel-Rasoul has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Ahmed Abdel-Rasoul has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Ahmed Abdel-Rasoul, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Ahmed Abdel-Rasoul has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ahmed Abdel-Rasoul, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ahmed Abdel-Rasoul, has in the past and continue to suffer pain, disfigurement, scarring,

loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Ahmed Abdel-Rasoul, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

386. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mustafa Abdu, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Mustafa Abdu, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Mustafa Abdu, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Mustafa Abdu, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Mustafa Abdu, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mustafa Abdu, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mustafa Abdu, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mustafa Abdu, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

387. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sabah Abdullah, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Sabah Abdullah, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Sabah Abdullah, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Sabah Abdullah, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Sabah Abdullah, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sabah Abdullah, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations,

treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sabah Abdullah, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sabah Abdullah, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

388.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Abdul-Wahab Abdulhamid, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Abdul-Wahab Abdulhamid has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Abdul-Wahab Abdulhamid has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Abdul-Wahab Abdulhamid has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Abdul-Wahab Abdulhamid has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Abdul-Wahab Abdulhamid has in the past required, continue to require, and may in the

future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Abdul-Wahab Abdulhamid has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Abdul-Wahab Abdulhamid, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**389.**    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Maryam Adam, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Maryam Adam, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Maryam Adam, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Maryam Adam, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Maryam Adam, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Maryam Adam, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Maryam Adam, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Maryam Adam, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

390. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Abraham Abebe, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Abraham Abebe, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Abraham Abebe, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Abraham Abebe, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Abraham Abebe, has in the past and may in the future continue to be disabled

from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

      a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Abraham Abebe, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

      b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Abraham Abebe, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

      c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Abraham Abebe, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

    **391.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Turufat Yilma Girma, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Turufat Yilma Girma, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Turufat Yilma Girma, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Turufat Yilma Girma, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and

emotional anguish.  Plaintiff, Turufat Yilma Girma, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Turufat Yilma Girma, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

   b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Turufat Yilma Girma, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

   c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Turufat Yilma Girma, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

   392.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Abem Abraham, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.  Minor Plaintiff, Abem Abraham, has in the past and may in the future require medicines, medical care and treatment.  Minor Plaintiff, Abem Abraham, has in the past and may in the future continue to be compelled to expend monies and

incur further obligations for such medical care and treatment. Minor Plaintiff, Abem Abraham, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Abem Abraham, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Abem Abraham, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Abem Abraham, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Abem Abraham, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**393.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Karen Aboud, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Karen Aboud, has in the past and may in the

future require medicines, medical care and treatment. Plaintiff, Karen Aboud, has in the past and

may in the future continue to be compelled to expend monies and incur further obligations for

such medical care and treatment. Plaintiff, Karen Aboud, has in the past and may in the future

continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff,

Karen Aboud, has in the past and may in the future continue to be disabled from performing their

usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a. As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Karen
      Aboud, has in the past required, continue to require, and may in the future require
      medical treatment and care, and have in the past, continue presently, and may in
      the future incur the cost of medicines, medical care, hospitalizations, treatment,
      future operations, testing, and rehabilitation in an attempt to alleviate and/or cure
      their respective conditions.
   b. As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Karen
      Aboud, has in the past and continue to suffer pain, disfigurement, scarring, loss of
      independence, mental anguish, humiliation, embarrassment, fear, loss of well-
      being, inability to enjoy the normal pleasures of life, and restrictions on their
      ability to engage in normal activities and pleasures of life, and other intangible
      losses.
   c. As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Karen
      Aboud, has been prevented and will be prevented in the future from performing
      their respective usual duties, activities, occupations, and avocations and have
      suffered a loss of earnings and a loss of earning capacity.

   **394.** As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Adel Aboud,

was forced to suffer serious, disabling, and permanent injuries, including but not limited to

burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Minor Plaintiff, Adel Aboud, has in the past and may

in the future require medicines, medical care and treatment. Minor Plaintiff, Adel Aboud, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Adel Aboud, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Adel Aboud, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Adel Aboud, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Adel Aboud, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Adel Aboud, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

    **395.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Adam Aboud, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Minor Plaintiff, Adam Aboud, has in the past and may

in the future require medicines, medical care and treatment. Minor Plaintiff, Adam Aboud, has

in the past and may in the future continue to be compelled to expend monies and incur further

obligations for such medical care and treatment. Minor Plaintiff, Adam Aboud, has in the past

and may in the future continue to suffer agonizing aches, pains, and psychological and emotional

anguish. Minor Plaintiff, Adam Aboud, has in the past and may in the future continue to be

disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great

loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Adam Aboud, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Adam Aboud, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Adam Aboud, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

    **396.** As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elsa Afeworki, was

forced to suffer serious, disabling, and permanent injuries, including but not limited to burns,

smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Plaintiff, Elsa Afeworki, has in the past and may in the

future require medicines, medical care and treatment. Plaintiff, Elsa Afeworki, has in the past

and may in the future continue to be compelled to expend monies and incur further obligations

for such medical care and treatment. Plaintiff, Elsa Afeworki, has in the past and may in the

future continue to suffer agonizing aches, pains, and psychological and emotional anguish.

Plaintiff, Elsa Afeworki, has in the past and may in the future continue to be disabled from

performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and

detriment.

   a. As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elsa
      Afeworki, has in the past required, continue to require, and may in the future
      require medical treatment and care, and have in the past, continue presently, and
      may in the future incur the cost of medicines, medical care, hospitalizations,
      treatment, future operations, testing, and rehabilitation in an attempt to alleviate
      and/or cure their respective conditions.

   b. As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elsa
      Afeworki, has in the past and continue to suffer pain, disfigurement, scarring, loss
      of independence, mental anguish, humiliation, embarrassment, fear, loss of well-
      being, inability to enjoy the normal pleasures of life, and restrictions on their
      ability to engage in normal activities and pleasures of life, and other intangible
      losses.

   c. As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elsa
      Afeworki, has been prevented and will be prevented in the future from performing
      their respective usual duties, activities, occupations, and avocations and have
      suffered a loss of earnings and a loss of earning capacity.

   **397.** As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mohamed Ahmed, was

forced to suffer serious, disabling, and permanent injuries, including but not limited to burns,

smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Mohamed Ahmed, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Mohamed Ahmed, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Mohamed Ahmed, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Mohamed Ahmed, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mohamed Ahmed, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mohamed Ahmed, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mohamed Ahmed, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

398. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Randa Al-Arasi, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Randa Al-Arasi, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Randa Al-Arasi, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Randa Al-Arasi, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Randa Al-Arasi, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Randa Al-Arasi, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

   b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Randa Al-Arasi, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

   c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Randa Al-Arasi, has been prevented and will be prevented in the future from performing

their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

399.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Taleen Ahmed, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.   Minor Plaintiff, Taleen Ahmed, has in the past and may in the future require medicines, medical care and treatment.   Minor Plaintiff, Taleen Ahmed, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.   Minor Plaintiff, Taleen Ahmed, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish.   Minor Plaintiff, Taleen Ahmed, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, minor Plaintiff, Taleen Ahmed, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, minor Plaintiff, Taleen Ahmed, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, minor Plaintiff, Taleen Ahmed, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**400.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Cyreen Ahmed, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Cyreen Ahmed, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Cyreen Ahmed, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Cyreen Ahmed, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Cyreen Ahmed, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, minor Plaintiff, Cyreen Ahmed, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, minor Plaintiff, Cyreen Ahmed, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions

on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, minor Plaintiff, Cyreen Ahmed, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

401.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Fadumo Ahmed, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Fadumo Ahmed, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Fadumo Ahmed, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Fadumo Ahmed, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Fadumo Ahmed, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Fadumo Ahmed, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Fadumo

Ahmed, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Fadumo Ahmed, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

402.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Khalid Ahmed, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Khalid Ahmed, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Khalid Ahmed, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Khalid Ahmed, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Khalid Ahmed, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Khalid Ahmed, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment,

future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Khalid Ahmed, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Khalid Ahmed, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

403.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Omar Alhaj Ali, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Omar Alhaj Ali, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Omar Alhaj Ali, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Omar Alhaj Ali, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Omar Alhaj Ali, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

107

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Omar Alhaj Ali, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Omar Alhaj Ali, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Omar Alhaj Ali, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

404. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Maria de Fatima Alves, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Maria de Fatima Alves, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Maria de Fatima Alves, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Maria de Fatima Alves, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Maria de Fatima Alves, has in the past and may in the future

continue to be disabled from performing their usual duties, occupations, and avocations, all to

Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Maria de Fatima Alves, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Maria de Fatima Alves, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Maria de Fatima Alves, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

    **405.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Manuel Miguel Alves, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Manuel Miguel Alves, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Manuel Miguel Alves, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Manuel Miguel Alves, has in

the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Manuel Miguel Alves, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Manuel Miguel Alves, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Manuel Miguel Alves, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Manuel Miguel Alves, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**406.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ines Tavares Alves, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Ines Tavares Alves, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Ines Tavares Alves, has in

the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Ines Tavares Alves, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Ines Tavares Alves, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

     a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ines Tavares Alves, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

     b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ines Tavares Alves, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

     c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ines Tavares Alves, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

    **407.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Tiago Alves, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Plaintiff, Tiago Alves, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Tiago Alves, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Tiago Alves, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Tiago Alves, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Tiago Alves, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Tiago Alves, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Tiago Alves, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**408.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Meron Araya, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Meron Araya, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Meron Araya, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Meron Araya, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Meron Araya, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Meron Araya, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Meron Araya, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Meron Araya, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

409. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ethiopia Assefa, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Ethiopia Assefa, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Ethiopia Assefa, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Ethiopia Assefa, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Ethiopia Assefa, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

 a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ethiopia Assefa, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

 b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ethiopia Assefa, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

 c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ethiopia Assefa, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

 **410.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sied Bayan, was forced

to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Sied Bayan, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Sied Bayan, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Sied Bayan, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Sied Bayan, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sied Bayan, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sied Bayan, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sied Bayan, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

411.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nadia Yousef, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Nadia Yousef, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Nadia Yousef, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Nadia Yousef, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Nadia Yousef, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nadia Yousef, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nadia Yousef, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nadia Yousef, has been prevented and will be prevented in the future from performing

116

their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

412. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, John Beadle, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, John Beadle, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, John Beadle, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, John Beadle, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, John Beadle, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, John Beadle, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, John Beadle, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, John Beadle, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

413.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Tasnim Belkadi, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Tasnim Belkadi, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Tasnim Belkadi, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Tasnim Belkadi, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Tasnim Belkadi, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Tasnim Belkadi, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Tasnim Belkadi, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear,

loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Tasnim Belkadi, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

414. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elpidio Bonifacio, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Elpidio Bonifacio, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Elpidio Bonifacio, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Elpidio Bonifacio, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Elpidio Bonifacio, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elpidio Bonifacio, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

119

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elpidio Bonifacio, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elpidio Bonifacio, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

415. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nicholas Burton, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Nicholas Burton, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Nicholas Burton, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Nicholas Burton, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Nicholas Burton, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nicholas Burton, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue

presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nicholas Burton, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nicholas Burton, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

416. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Virgilio Castro, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Virgilio Castro, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Virgilio Castro, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Virgilio Castro, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Virgilio Castro, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Virgilio Castro, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Virgilio Castro, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Virgilio Castro, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

417. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ann Chance, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Ann Chance, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Ann Chance, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Ann Chance, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Ann Chance, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

122

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ann Chance, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ann Chance, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ann Chance, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

418.     As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chia-Yuan Naomi Li, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.  Plaintiff, Chia-Yuan Naomi Li, has in the past and may in the future require medicines, medical care and treatment.  Plaintiff, Chia-Yuan Naomi Li, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.  Plaintiff, Chia-Yuan Naomi Li, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish.  Plaintiff, Chia-Yuan Naomi Li, has in the past and may in the future

continue to be disabled from performing their usual duties, occupations, and avocations, all to

Plaintiff's great loss and detriment.

    a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chia-Yuan Naomi Li, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chia-Yuan Naomi Li, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chia-Yuan Naomi Li, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**419.**  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Sara Chebiouni, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Sara Chebiouni, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Sara Chebiouni, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Sara Chebiouni,

has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Sara Chebiouni, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Sara Chebiouni, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Sara Chebiouni, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Sara Chebiouni, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

    **420.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Salah Eddine Chebiouni, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Salah Eddine Chebiouni, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Salah

Eddine Chebiouni, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Salah Eddine Chebiouni, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Salah Eddine Chebiouni, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Salah Eddine Chebiouni, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Salah Eddine Chebiouni, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Salah Eddine Chebiouni, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

421.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Zak Chebiouni, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined.  Plaintiff, Zak Chebiouni, has in the past and may in the future require medicines, medical care and treatment.  Plaintiff, Zak Chebiouni, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.  Plaintiff, Zak Chebiouni, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish.  Plaintiff, Zak Chebiouni, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Zak Chebiouni, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

   b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Zak Chebiouni, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

   c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Zak Chebiouni, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**422.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Fung-Hee Cheung, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Fung-Hee Cheung, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Fung-Hee Cheung, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Fung-Hee Cheung, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Fung-Hee Cheung, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Fung-Hee Cheung, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Fung-Hee Cheung, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Fung-Hee Cheung, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

423. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chin-Hsuan Lydia

Liao, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Chin-Hsuan Lydia Liao, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Chin-Hsuan Lydia Liao, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Chin-Hsuan Lydia Liao, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Chin-Hsuan Lydia Liao, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chin-Hsuan Lydia Liao, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chin-Hsuan Lydia Liao, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chin-Hsuan Lydia Liao, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

129

424.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Jose Costa Cotelo, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Jose Costa Cotelo, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Jose Costa Cotelo, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Jose Costa Cotelo, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Jose Costa Cotelo, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Jose Costa Cotelo, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Jose Costa Cotelo, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Jose Costa Cotelo, has been prevented and will be prevented in the future from

performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

425.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Dorinda Suarez Chan, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Dorinda Suarez Chan, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Dorinda Suarez Chan, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Dorinda Suarez Chan, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Dorinda Suarez Chan, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Dorinda Suarez Chan, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Dorinda Suarez Chan, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Dorinda Suarez Chan, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

426.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Katarzyna Dabrowska, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.  Plaintiff, Katarzyna Dabrowska, has in the past and may in the future require medicines, medical care and treatment.  Plaintiff, Katarzyna Dabrowska, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.  Plaintiff, Katarzyna Dabrowska, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish.  Plaintiff, Katarzyna Dabrowska, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Katarzyna Dabrowska, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Katarzyna Dabrowska, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear,

132

loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Katarzyna Dabrowska, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

427.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Roy Smith, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Roy Smith, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Roy Smith, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Roy Smith, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Roy Smith, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Roy Smith, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Roy

Smith, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Roy Smith, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

428.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, minor Plaintiff, Georgina Smith, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.  Minor Plaintiff, Georgina Smith, has in the past and may in the future require medicines, medical care and treatment.  Minor Plaintiff, Georgina Smith, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.  Minor Plaintiff, Georgina Smith, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish.  Minor Plaintiff, Georgina Smith, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, minor Plaintiff, Georgina Smith, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care,

hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, minor Plaintiff, Georgina Smith, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, minor Plaintiff, Georgina Smith, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

429.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, minor Plaintiff, Kristina Smith, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Kristina Smith, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Kristina Smith, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Kristina Smith, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Kristina Smith, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, minor Plaintiff, Kristina Smith, has in the past required, continue to require, and may in the future

135

require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, minor Plaintiff, Kristina Smith, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, minor Plaintiff, Kristina Smith, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

430.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Edward Daffarn, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Edward Daffarn, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Edward Daffarn, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Edward Daffarn, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Edward Daffarn, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Edward Daffarn, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Edward Daffarn, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Edward Daffarn, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

431. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sam Daniels, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Sam Daniels, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Sam Daniels, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Sam Daniels, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Sam Daniels, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

137

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sam Daniels, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sam Daniels, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sam Daniels, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

432.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hiwot Dagnachew, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Hiwot Dagnachew, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Hiwot Dagnachew, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Hiwot Dagnachew, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Hiwot Dagnachew, has in the past and may in the future continue to be

disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great

loss and detriment.

   a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hiwot Dagnachew, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
   b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hiwot Dagnachew, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.
   c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hiwot Dagnachew, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

   **433.**  As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Wintom Temesgen,

was forced to suffer serious, disabling, and permanent injuries, including but not limited to

burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined.  Plaintiff, Wintom Temesgen, has in the past and may

in the future require medicines, medical care and treatment.  Plaintiff, Wintom Temesgen, has in

the past and may in the future continue to be compelled to expend monies and incur further

obligations for such medical care and treatment.  Plaintiff, Wintom Temesgen, has in the past

and may in the future continue to suffer agonizing aches, pains, and psychological and emotional

anguish. Plaintiff, Wintom Temesgen, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

      a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Wintom Temesgen, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue present, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

      b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Wintom Temesgen, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

      c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Wintom Temesgen, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

434. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Yabsirra Henock, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Yabsirra Henock, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Yabsirra Henock, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Yabsirra Henock,

has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Yabsirra Henock, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Yabsirra Henock, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Yabsirra Henock, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Yabsirra Henock, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**435.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Biruk Henock, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Biruk Henock, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Biruk Henock, has in the past and may in the future continue to be compelled to expend monies and incur

further obligations for such medical care and treatment. Minor Plaintiff, Biruk Henock, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Biruk Henock, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Biruk Henock, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Biruk Henock, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Biruk Henock, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**436.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Alemishet Demissie, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Alemishet Demissie, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Alemishet Demissie, has in

the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Alemishet Demissie, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Alemishet Demissie, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Alemishet Demissie, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Alemishet Demissie, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Alemishet Demissie, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

437. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Petra Doulova, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Petra Doulova, has in the past and may in the

future require medicines, medical care and treatment. Plaintiff, Petra Doulova, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Petra Doulova, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Petra Doulova, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

  a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Petra Doulova, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

  b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Petra Doulova, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

  c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Petra Doulova, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**438.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Leroy Augustus, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined.  Plaintiff, Leroy Augustus, has in the past and may in

the future require medicines, medical care and treatment.  Plaintiff, Leroy Augustus, has in the

past and may in the future continue to be compelled to expend monies and incur further

obligations for such medical care and treatment.  Plaintiff, Leroy Augustus, has in the past and

may in the future continue to suffer agonizing aches, pains, and psychological and emotional

anguish.  Plaintiff, Leroy Augustus, has in the past and may in the future continue to be disabled

from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and

detriment.

 a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Leroy Augustus, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

 b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Leroy Augustus, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

 c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Leroy Augustus, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

 **439.** As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rabia Yahya, was

forced to suffer serious, disabling, and permanent injuries, including but not limited to burns,

smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Plaintiff, Rabia Yahya, has in the past and may in the

future require medicines, medical care and treatment. Plaintiff, Rabia Yahya, has in the past and

may in the future continue to be compelled to expend monies and incur further obligations for

such medical care and treatment. Plaintiff, Rabia Yahya, has in the past and may in the future

continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff,

Rabia Yahya, has in the past and may in the future continue to be disabled from performing their

usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a. As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rabia
      Yahya, has in the past required, continue to require, and may in the future require
      medical treatment and care, and have in the past, continue presently, and may in
      the future incur the cost of medicines, medical care, hospitalizations, treatment,
      future operations, testing, and rehabilitation in an attempt to alleviate and/or cure
      their respective conditions.
   b. As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rabia
      Yahya, has in the past and continue to suffer pain, disfigurement, scarring, loss of
      independence, mental anguish, humiliation, embarrassment, fear, loss of well-
      being, inability to enjoy the normal pleasures of life, and restrictions on their
      ability to engage in normal activities and pleasures of life, and other intangible
      losses.
   c. As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rabia
      Yahya, has been prevented and will be prevented in the future from performing
      their respective usual duties, activities, occupations, and avocations and have
      suffered a loss of earnings and a loss of earning capacity.

   **440.** As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Naila El-

Guenuni, was forced to suffer serious, disabling, and permanent injuries, including but not

limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes,

exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations,

sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Naila El-Guenuni, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Naila El-Guenuni, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Naila El-Guenuni, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Naila El-Guenuni, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Naila El-Guenuni, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
   b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Naila El-Guenuni, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.
   c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Naila El-Guenuni, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

   **441.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Mohamed Aymen El-Guenuni, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes,

exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Mohamed Aymen El-Guenuni, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Mohamed Aymen El-Guenuni, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Mohamed Aymen El-Guenuni, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Mohamed Aymen El-Guenuni, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Mohamed Aymen El-Guenuni, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Mohamed Aymen El-Guenuni, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Mohamed Aymen El-Guenuni, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

442. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Ayeesha El-

Guenuni, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Ayeesha El-Guenuni, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Ayeesha El-Guenuni, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Ayeesha El-Guenuni, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Ayeesha El-Guenuni, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Ayeesha El-Guenuni, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Ayeesha El-Guenuni, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Ayeesha El-Guenuni, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

443.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Raniya El-Guenuni, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Raniya El-Guenuni, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Raniya El-Guenuni, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Raniya El-Guenuni, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Raniya El-Guenuni, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Raniya El-Guenuni, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
   b.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Raniya El-Guenuni, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.
   c.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Raniya El-Guenuni, has been prevented and will be prevented in the future from

performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

444.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hanan Wahabi, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.  Plaintiff, Hanan Wahabi, has in the past and may in the future require medicines, medical care and treatment.  Plaintiff, Hanan Wahabi, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.  Plaintiff, Hanan Wahabi, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish.  Plaintiff, Hanan Wahabi, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hanan Wahabi, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
   b.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hanan Wahabi, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hanan Wahabi, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**445.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Sara Chebiouni, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Sara Chebiouni, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Sara Chebiouni, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Sara Chebiouni, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Sara Chebiouni, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Sara Chebiouni, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Sara Chebiouni, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions

on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Sara Chebiouni, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

446.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mouna El-Ogbani, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.  Plaintiff, Mouna El-Ogbani, has in the past and may in the future require medicines, medical care and treatment.  Plaintiff, Mouna El-Ogbani, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.  Plaintiff, Mouna El-Ogbani, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish.  Plaintiff, Mouna El-Ogbani, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mouna El-Ogbani, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mouna El-Ogbani, has in the past and continue to suffer pain, disfigurement, scarring,

loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mouna El-Ogbani, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

447.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Youssef Khalloud, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Youssef Khalloud, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Youssef Khalloud, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Youssef Khalloud, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Youssef Khalloud, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Youssef Khalloud, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Youssef Khalloud, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Youssef Khalloud, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

448.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Hafsa Khalloud, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Hafsa Khalloud, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Hafsa Khalloud, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Hafsa Khalloud, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Hafsa Khalloud, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Hafsa Khalloud, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care,

hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Hafsa Khalloud, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Hafsa Khalloud, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

449.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Nusaybah Khalloud, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Nusaybah Khalloud, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Nusaybah Khalloud, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Nusaybah Khalloud, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Nusaybah Khalloud, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Nusaybah Khalloud, has in the past required, continue to require, and may in the

future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Nusaybah Khalloud, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Nusaybah Khalloud, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

450.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Zaid Khalloud, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Zaid Khalloud, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Zaid Khalloud, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Zaid Khalloud, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Zaid Khalloud, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Zaid Khalloud, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Zaid Khalloud, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Zaid Khalloud, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

451. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Natasha Elcock, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Natasha Elcock, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Natasha Elcock, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Natasha Elcock, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Natasha Elcock, has in the past and may in the future continue to be disabled

from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and

detriment.

   a. As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Natasha
      Elcock, has in the past required, continue to require, and may in the future require
      medical treatment and care, and have in the past, continue presently, and may in
      the future incur the cost of medicines, medical care, hospitalizations, treatment,
      future operations, testing, and rehabilitation in an attempt to alleviate and/or cure
      their respective conditions.
   b. As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Natasha
      Elcock, has in the past and continue to suffer pain, disfigurement, scarring, loss of
      independence, mental anguish, humiliation, embarrassment, fear, loss of well-
      being, inability to enjoy the normal pleasures of life, and restrictions on their
      ability to engage in normal activities and pleasures of life, and other intangible
      losses.
   c. As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Natasha
      Elcock, has been prevented and will be prevented in the future from performing
      their respective usual duties, activities, occupations, and avocations and have
      suffered a loss of earnings and a loss of earning capacity.

   **452.**   As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Shayla Smith-

Elcock, was forced to suffer serious, disabling, and permanent injuries, including but not limited

to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined.  Minor Plaintiff, Shayla Smith-Elcock, has in the past

and may in the future require medicines, medical care and treatment.  Minor Plaintiff, Shayla

Smith-Elcock, has in the past and may in the future continue to be compelled to expend monies

and incur further obligations for such medical care and treatment.  Minor Plaintiff, Shayla Smith-

Elcock, has in the past and may in the future continue to suffer agonizing aches, pains, and

159

psychological and emotional anguish. Minor Plaintiff, Shayla Smith-Elcock, has in the past and

may in the future continue to be disabled from performing their usual duties, occupations, and

avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Shayla Smith-Elcock, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Shayla Smith-Elcock, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Shayla Smith-Elcock, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**453.** As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Yehualashet Enyew,

was forced to suffer serious, disabling, and permanent injuries, including but not limited to

burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Plaintiff, Yehualashet Enyew, has in the past and may

in the future require medicines, medical care and treatment. Plaintiff, Yehualashet Enyew, has in

the past and may in the future continue to be compelled to expend monies and incur further

obligations for such medical care and treatment. Plaintiff, Yehualashet Enyew, has in the past

and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Yehualashet Enyew, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Yehualashet Enyew, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Yehualashet Enyew, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Yehualashet Enyew, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**454.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Richard Fletcher, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Richard Fletcher, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Richard Fletcher, has in the past and may in the future continue to be compelled to expend monies and incur further

obligations for such medical care and treatment.  Plaintiff, Richard Fletcher, has in the past and

may in the future continue to suffer agonizing aches, pains, and psychological and emotional

anguish.  Plaintiff, Richard Fletcher, has in the past and may in the future continue to be disabled

from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and

detriment.

  a.  As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Richard
      Fletcher, has in the past required, continue to require, and may in the future
      require medical treatment and care, and have in the past, continue presently, and
      may in the future incur the cost of medicines, medical care, hospitalizations,
      treatment, future operations, testing, and rehabilitation in an attempt to alleviate
      and/or cure their respective conditions.
  b.  As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Richard
      Fletcher, has in the past and continue to suffer pain, disfigurement, scarring, loss
      of independence, mental anguish, humiliation, embarrassment, fear, loss of well-
      being, inability to enjoy the normal pleasures of life, and restrictions on their
      ability to engage in normal activities and pleasures of life, and other intangible
      losses.
  c.  As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Richard
      Fletcher, has been prevented and will be prevented in the future from performing
      their respective usual duties, activities, occupations, and avocations and have
      suffered a loss of earnings and a loss of earning capacity.

  **455.**  As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Sophia Lilly

Naty Fletcher, was forced to suffer serious, disabling, and permanent injuries, including but not

limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes,

exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations,

sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional

distress, the full extent of which has yet to be determined.  Minor Plaintiff, Sophia Lilly Naty

Fletcher, has in the past and may in the future require medicines, medical care and treatment.

Minor Plaintiff, Sophia Lilly Naty Fletcher, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Sophia Lilly Naty Fletcher, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Sophia Lilly Naty Fletcher, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

     a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Sophia Lilly Naty Fletcher, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

     b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Sophia Lilly Naty Fletcher, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

     c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Sophia Lilly Naty Fletcher, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

456. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hime Gashaw, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Plaintiff, Hime Gashaw, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Hime Gashaw, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Hime Gashaw, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Hime Gashaw, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hime Gashaw, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hime Gashaw, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hime Gashaw, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**457.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Helen Gebremeskel, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

164

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Helen Gebremeskel, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Helen Gebremeskel, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Helen Gebremeskel, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Helen Gebremeskel, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Helen Gebremeskel, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
   b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Helen Gebremeskel, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.
   c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Helen Gebremeskel, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

   **458.**   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Lulya Benyam, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Lulya Benyam, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Lulya Benyam, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Lulya Benyam, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Lulya Benyam, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Lulya Benyam, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Lulya Benyam, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Lulya Benyam, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

459. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Clarita Ghavimi, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns,

smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Clarita Ghavimi, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Clarita Ghavimi, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Clarita Ghavimi, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Clarita Ghavimi, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Clarita Ghavimi, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Clarita Ghavimi, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Clarita Ghavimi, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**460.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Marcio Gomes, was

forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Marcio Gomes, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Marcio Gomes, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Marcio Gomes, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Marcio Gomes, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Marcio Gomes, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Marcio Gomes, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Marcio Gomes, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

461. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Andreia Perestrelo, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, injuries resulting in a coma, loss of her child who was 7 months in utero, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Andreia Perestrelo, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Andreia Perestrelo, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Andreia Perestrelo, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Andreia Perestrelo, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Andreia Perestrelo, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Andreia Perestrelo, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Andreia Perestrelo, has been prevented and will be prevented in the future from

performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

462.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Luana Gomes, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Luana Gomes, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Luana Gomes, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Luana Gomes, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Luana Gomes, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Luana Gomes, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
   b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Luana Gomes, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Luana Gomes, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

463.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Megan Gomes, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Megan Gomes, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Megan Gomes, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Megan Gomes, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Megan Gomes, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Megan Gomes, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Megan Gomes, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions

171

on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Megan Gomes, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

464.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Charmaine Greenridge, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Charmaine Greenridge, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Charmaine Greenridge, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Charmaine Greenridge, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Charmaine Greenridge, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Charmaine Greenridge, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Charmaine Greenridge, has in the past and continue to suffer pain, disfigurement,

scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Charmaine Greenridge, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

465.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Daniel Griffin, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Daniel Griffin, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Daniel Griffin, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Daniel Griffin, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Daniel Griffin, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Daniel Griffin, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Daniel Griffin, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Daniel Griffin, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

466.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sharon Haley, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Sharon Haley, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Sharon Haley, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Sharon Haley, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Sharon Haley, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sharon Haley, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

174

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sharon Haley, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sharon Haley, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

467.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Lina Hamide, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Lina Hamide, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Lina Hamide, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Lina Hamide, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Lina Hamide, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Lina Hamide, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

175

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Lina Hamide, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Lina Hamide, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

468.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, William Thomson, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, William Thomson, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, William Thomson, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, William Thomson, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, William Thomson, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, William Thomson, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations,

treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, William Thomson, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, William Thomson, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

469.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mary Hanley, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Mary Hanley, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Mary Hanley, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Mary Hanley, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Mary Hanley, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mary Hanley, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment,

future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mary Hanley, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mary Hanley, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

470.     As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Catherine Hanley, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Catherine Hanley, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Catherine Hanley, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Catherine Hanley, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Catherine Hanley, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Catherine Hanley, has in the past required, continue to require, and may in the

future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Catherine Hanley, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Catherine Hanley, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

471.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Avni Haxhisefa, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Avni Haxhisefa, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Avni Haxhisefa, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Avni Haxhisefa, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Avni Haxhisefa, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Avni Haxhisefa, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Avni Haxhisefa, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Avni Haxhisefa, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

472.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Alk Haxhisefa, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Alk Haxhisefa, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Alk Haxhisefa, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Alk Haxhisefa, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Alk Haxhisefa, has in the past and may in the future continue to be disabled from

performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Alk Haxhisefa, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Alk Haxhisefa, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Alk Haxhisefa, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

    **473.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Alt Haxhisefa, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Alt Haxhisefa, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Alt Haxhisefa, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Alt Haxhisefa, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional

anguish.  Minor Plaintiff, Alt Haxhisefa, has in the past and may in the future continue to be

disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great

loss and detriment.

     a.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Alt Haxhisefa, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

     b.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Alt Haxhisefa, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

     c.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Alt Haxhisefa, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**474.** As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Adriana Zymberaj, was

forced to suffer serious, disabling, and permanent injuries, including but not limited to burns,

smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined.  Plaintiff, Adriana Zymberaj, has in the past and may

in the future require medicines, medical care and treatment.  Plaintiff, Adriana Zymberaj, has in

the past and may in the future continue to be compelled to expend monies and incur further

obligations for such medical care and treatment.  Plaintiff, Adriana Zymberaj, has in the past and

may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Adriana Zymberaj, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Adriana Zymberaj, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Adriana Zymberaj, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Adriana Zymberaj, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**475.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Yusuf Harzi, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Yusuf Harzi, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Yusuf Harzi, has in the past and may in the future continue to be compelled to expend monies and incur further

obligations for such medical care and treatment. Minor Plaintiff, Yusuf Harzi, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Yusuf Harzi, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Yusuf Harzi, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Yusuf Harzi, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Yusuf Harzi, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**476.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Makrem Harzi, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Makrem Harzi, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Makrem Harzi, has in the past

and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Makrem Harzi, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Makrem Harzi, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Makrem Harzi, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Makrem Harzi, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Makrem Harzi, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

477.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rawda Said, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Rawda Said, has in the past and may in the

future require medicines, medical care and treatment. Plaintiff, Rawda Said, has in the past and

may in the future continue to be compelled to expend monies and incur further obligations for

such medical care and treatment. Plaintiff, Rawda Said, has in the past and may in the future

continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff,

Rawda Said, has in the past and may in the future continue to be disabled from performing their

usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a.  As a direct and proximate result of Defendants' strict products liability,
    outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rawda
    Said, has in the past required, continue to require, and may in the future require
    medical treatment and care, and have in the past, continue presently, and may in
    the future incur the cost of medicines, medical care, hospitalizations, treatment,
    future operations, testing, and rehabilitation in an attempt to alleviate and/or cure
    their respective conditions.
b.  As a direct and proximate result of Defendants' strict products liability,
    outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rawda
    Said, has in the past and continue to suffer pain, disfigurement, scarring, loss of
    independence, mental anguish, humiliation, embarrassment, fear, loss of well-
    being, inability to enjoy the normal pleasures of life, and restrictions on their
    ability to engage in normal activities and pleasures of life, and other intangible
    losses.
c.  As a direct and proximate result of Defendants' strict products liability,
    outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rawda
    Said, has been prevented and will be prevented in the future from performing their
    respective usual duties, activities, occupations, and avocations and have suffered a
    loss of earnings and a loss of earning capacity.

**478.**  As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Abdirahman Salah

Hirsi, was forced to suffer serious, disabling, and permanent injuries, including but not limited to

burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Plaintiff, Abdirahman Salah Hirsi, has in the past and

may in the future require medicines, medical care and treatment. Plaintiff, Abdirahman Salah Hirsi, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Abdirahman Salah Hirsi, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Abdirahman Salah Hirsi, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

     a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Abdirahman Salah Hirsi, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

     b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Abdirahman Salah Hirsi, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

     c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Abdirahman Salah Hirsi, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

    **479.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Suhayb Salah Hirsi, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Plaintiff, Suhayb Salah Hirsi, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Suhayb Salah Hirsi, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Suhayb Salah Hirsi, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Suhayb Salah Hirsi, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Suhayb Salah Hirsi, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Suhayb Salah Hirsi, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Suhayb Salah Hirsi, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**480.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Van Quang Ho, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Van Quang Ho, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Van Quang Ho, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Van Quang Ho, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Van Quang Ho, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Van Quang Ho, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Van Quang Ho, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Van Quang Ho, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

    **481.**  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hoang Khanh Quang, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Hoang Khanh Quang, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Hoang Khanh Quang, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Hoang Khanh Quang, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Hoang Khanh Quang, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hoang Khanh Quang, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hoang Khanh Quang, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hoang Khanh Quang, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**482.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Eduardo Ignacio, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns,

smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Eduardo Ignacio, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Eduardo Ignacio, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Eduardo Ignacio, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Eduardo Ignacio, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Eduardo Ignacio, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Eduardo Ignacio, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Eduardo Ignacio, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**483.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Erlinda Ignacio, was

forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Erlinda Ignacio, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Erlinda Ignacio, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Erlinda Ignacio, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Erlinda Ignacio, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Erlinda Ignacio, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Erlinda Ignacio, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Erlinda Ignacio, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**484.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Wesley Ignacio, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Wesley Ignacio, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Wesley Ignacio, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Wesley Ignacio, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Wesley Ignacio, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Wesley Ignacio, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
   b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Wesley Ignacio, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.
   c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Wesley Ignacio, has been prevented and will be prevented in the future from performing

their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

485.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Madylyn Ignacio, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Madylyn Ignacio, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Madylyn Ignacio, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Madylyn Ignacio, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Madylyn Ignacio, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Madylyn Ignacio, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Madylyn Ignacio, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Madylyn Ignacio, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

486.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Madison Rylee Ignacio, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.  Minor Plaintiff, Madison Rylee Ignacio, has in the past and may in the future require medicines, medical care and treatment.  Minor Plaintiff, Madison Rylee Ignacio, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.  Minor Plaintiff, Madison Rylee Ignacio, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish.  Minor Plaintiff, Madison Rylee Ignacio, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Madison Rylee Ignacio, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Madison Rylee Ignacio, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions

on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Madison Rylee Ignacio, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

487. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nadia Jafari, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Nadia Jafari, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Nadia Jafari, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Nadia Jafari, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Nadia Jafari, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nadia Jafari, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nadia Jafari, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their

ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nadia Jafari, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

488.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Fatima Jafari, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.  Plaintiff, Fatima Jafari, has in the past and may in the future require medicines, medical care and treatment.  Plaintiff, Fatima Jafari, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.  Plaintiff, Fatima Jafari, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish.  Plaintiff, Fatima Jafari, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Fatima Jafari, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Fatima Jafari, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their

ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Fatima Jafari, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

489.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Maria Jafari, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Maria Jafari, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Maria Jafari, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Maria Jafari, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Maria Jafari, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Maria Jafari, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Maria Jafari, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their

198

ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Maria Jafari, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

490. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Joseph John, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Joseph John, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Joseph John, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Joseph John, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Joseph John, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Joseph John, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Joseph John, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their

ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Joseph John, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

491.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Malachi Zion Joseph John, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Malachi Zion Joseph John, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Malachi Zion Joseph John, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Malachi Zion Joseph John, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Malachi Zion Joseph John, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Malachi Zion Joseph John, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

200

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Malachi Zion Joseph John, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Malachi Zion Joseph John, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

492.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Corrine Jones, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Corrine Jones, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Corrine Jones, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Corrine Jones, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Corrine Jones, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Corrine Jones, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment,

future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Corrine Jones, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Corrine Jones, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

493.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Amiel Miller, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Amiel Miller, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Amiel Miller, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Amiel Miller, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Amiel Miller, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Amiel Miller, has in the past required, continue to require, and may in the future

require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Amiel Miller, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Amiel Miller, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

494.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Danel Miller, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Danel Miller, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Danel Miller, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Danel Miller, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Danel Miller, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Danel Miller, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Danel Miller, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Danel Miller, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

495.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Behailue Gobena Kebede, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Behailue Gobena Kebede, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Behailue Gobena Kebede, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Behailue Gobena Kebede, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Behailue Gobena Kebede, has in the past and

may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Behailue Gobena Kebede, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Behailue Gobena Kebede, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Behailue Gobena Kebede, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

    **496.**  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Farshid Kaficheraghi, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Farshid Kaficheraghi, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Farshid Kaficheraghi, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Farshid Kaficheraghi, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and

emotional anguish.  Plaintiff, Farshid Kaficheraghi, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Farshid Kaficheraghi, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Farshid Kaficheraghi, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Farshid Kaficheraghi, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

497.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Milad Kareem, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.  Plaintiff, Milad Kareem, has in the past and may in the future require medicines, medical care and treatment.  Plaintiff, Milad Kareem, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.  Plaintiff, Milad Kareem, has in the past and may in the

future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Milad Kareem, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Milad Kareem, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Milad Kareem, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Milad Kareem, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

498.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Betty Kasote, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Betty Kasote, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Betty Kasote, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for

such medical care and treatment. Plaintiff, Betty Kasote, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Betty Kasote, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Betty Kasote, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Betty Kasote, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Betty Kasote, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**499.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mesrob Kassemdjian, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Mesrob Kassemdjian, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Mesrob Kassemdjian, has in the past and may in the future continue to be compelled to expend monies and incur

further obligations for such medical care and treatment. Plaintiff, Mesrob Kassemdjian, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Mesrob Kassemdjian, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mesrob Kassemdjian, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mesrob Kassemdjian, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mesrob Kassemdjian, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**500.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Chloe Laci, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Chloe Laci, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Chloe Laci, has in the

past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Chloe Laci, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Chloe Laci, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Chloe Laci, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Chloe Laci, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Chloe Laci, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**501.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sharon Laci, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Sharon Laci, has in the past and may in the

future require medicines, medical care and treatment. Plaintiff, Sharon Laci, has in the past and

may in the future continue to be compelled to expend monies and incur further obligations for

such medical care and treatment. Plaintiff, Sharon Laci, has in the past and may in the future

continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff,

Sharon Laci, has in the past and may in the future continue to be disabled from performing their

usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sharon Laci, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sharon Laci, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sharon Laci, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**502.** As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Monica Lokko, was

forced to suffer serious, disabling, and permanent injuries, including but not limited to burns,

smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Plaintiff, Monica Lokko, has in the past and may in

the future require medicines, medical care and treatment. Plaintiff, Monica Lokko, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Monica Lokko, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Monica Lokko, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Monica Lokko, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Monica Lokko, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Monica Lokko, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

503. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, David Lewis, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Plaintiff, David Lewis, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, David Lewis, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, David Lewis, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, David Lewis, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, David Lewis, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, David Lewis, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, David Lewis, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

504.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Octinia Lewis, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Plaintiff, Octinia Lewis, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Octinia Lewis, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Octinia Lewis, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Octinia Lewis, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Octinia Lewis, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Octinia Lewis, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Octinia Lewis, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

505.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Miran Lovsin, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

214

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Plaintiff, Miran Lovsin, has in the past and may in the

future require medicines, medical care and treatment. Plaintiff, Miran Lovsin, has in the past and

may in the future continue to be compelled to expend monies and incur further obligations for

such medical care and treatment. Plaintiff, Miran Lovsin, has in the past and may in the future

continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff,

Miran Lovsin, has in the past and may in the future continue to be disabled from performing their

usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Miran Lovsin, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Miran Lovsin, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Miran Lovsin, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

506.    As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Suzana Lovsin, was

forced to suffer serious, disabling, and permanent injuries, including but not limited to burns,

smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined.  Plaintiff, Suzana Lovsin, has in the past and may in

the future require medicines, medical care and treatment.  Plaintiff, Suzana Lovsin, has in the

past and may in the future continue to be compelled to expend monies and incur further

obligations for such medical care and treatment.  Plaintiff, Suzana Lovsin, has in the past and

may in the future continue to suffer agonizing aches, pains, and psychological and emotional

anguish.  Plaintiff, Suzana Lovsin, has in the past and may in the future continue to be disabled

from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and

detriment.

    a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Suzana Lovsin, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Suzana Lovsin, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Suzana Lovsin, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

    **507.**  As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Branislav Lukic, was

forced to suffer serious, disabling, and permanent injuries, including but not limited to burns,

smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Branislav Lukic, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Branislav Lukic, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Branislav Lukic, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Branislav Lukic, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Branislav Lukic, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Branislav Lukic, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Branislav Lukic, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**508.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hanife Macit, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns,

smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Hanife Macit, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Hanife Macit, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Hanife Macit, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Hanife Macit, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

  a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hanife Macit, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
  b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hanife Macit, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.
  c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Hanife Macit, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**509.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sener Macit, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns,

smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Sener Macit, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Sener Macit, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Sener Macit, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Sener Macit, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sener Macit, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sener Macit, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sener Macit, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**510.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mohammed Rasoul, was forced to suffer serious, disabling, and permanent injuries, including but not limited to

burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Mohammed Rasoul, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Mohammed Rasoul, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Mohammed Rasoul, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Mohammed Rasoul, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mohammed Rasoul, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mohammed Rasoul, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mohammed Rasoul, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**511.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Munira Mahmud, was

forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Munira Mahmud, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Munira Mahmud, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Munira Mahmud, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Munira Mahmud, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Munira Mahmud, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Munira Mahmud, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Munira Mahmud, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

512.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Mohammed Alhassan Rasoul, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Mohammed Alhassan Rasoul, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Mohammed Alhassan Rasoul, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Mohammed Alhassan Rasoul, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Mohammed Alhassan Rasoul, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

 a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Mohammed Alhassan Rasoul, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

 b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Mohammed Alhassan Rasoul, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

 c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff,

Mohammed Alhassan Rasoul, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

513.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Zahra Rasoul, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Zahra Rasoul, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Zahra Rasoul, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Zahra Rasoul, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Zahra Rasoul, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Zahra Rasoul, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
   b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Zahra Rasoul, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Zahra Rasoul, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

514.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sepideh Minaei Moghaddam, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.   Plaintiff, Sepideh Minaei Moghaddam, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Sepideh Minaei Moghaddam, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Sepideh Minaei Moghaddam, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish.   Plaintiff, Sepideh Minaei Moghaddam, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sepideh Minaei Moghaddam, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sepideh Minaei Moghaddam, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions

on their ability to engage in normal activities and pleasures of life, and other
intangible losses.

c. As a direct and proximate result of Defendants' strict products liability,
outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Sepideh
Minaei Moghaddam, has been prevented and will be prevented in the future from
performing their respective usual duties, activities, occupations, and avocations
and have suffered a loss of earnings and a loss of earning capacity.

515.   As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Amina Mohamed, was

forced to suffer serious, disabling, and permanent injuries, including but not limited to burns,

smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Plaintiff, Amina Mohamed, has in the past and may in

the future require medicines, medical care and treatment. Plaintiff, Amina Mohamed, has in the

past and may in the future continue to be compelled to expend monies and incur further

obligations for such medical care and treatment. Plaintiff, Amina Mohamed, has in the past and

may in the future continue to suffer agonizing aches, pains, and psychological and emotional

anguish. Plaintiff, Amina Mohamed, has in the past and may in the future continue to be

disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great

loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability,
outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Amina
Mohamed, has in the past required, continue to require, and may in the future
require medical treatment and care, and have in the past, continue presently, and
may in the future incur the cost of medicines, medical care, hospitalizations,
treatment, future operations, testing, and rehabilitation in an attempt to alleviate
and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability,
outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Amina
Mohamed, has in the past and continue to suffer pain, disfigurement, scarring,

loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Amina Mohamed, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

516.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Amna Mohamed, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Amna Mohamed, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Amna Mohamed, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Amna Mohamed, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Amna Mohamed, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Amna Mohamed, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Amna Mohamed, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Amna Mohamed, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

517.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Alison Moses, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.  Plaintiff, Alison Moses, has in the past and may in the future require medicines, medical care and treatment.  Plaintiff, Alison Moses, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.  Plaintiff, Alison Moses, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish.  Plaintiff, Alison Moses, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Alison Moses, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment,

future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Alison Moses, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Alison Moses, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

518.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nagawa Prossy Nalukwago, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Nagawa Prossy Nalukwago, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Nagawa Prossy Nalukwago, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Nagawa Prossy Nalukwago, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Nagawa Prossy Nalukwago, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nagawa Prossy Nalukwago, has in the past required, continue to require, and may in the

future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nagawa Prossy Nalukwago, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Nagawa Prossy Nalukwago, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

519.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Reshad Naqshbandi, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Reshad Naqshbandi, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Reshad Naqshbandi, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Reshad Naqshbandi, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Reshad Naqshbandi, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Reshad Naqshbandi, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Reshad Naqshbandi, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Reshad Naqshbandi, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

520.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Farhad Shekeb Neda, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Farhad Shekeb Neda, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Farhad Shekeb Neda, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Farhad Shekeb Neda, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Farhad Shekeb Neda, has in the past and may in the future continue to be

disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great

loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Farhad Shekeb Neda, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Farhad Shekeb Neda, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Farhad Shekeb Neda, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

521. As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Shakila Flora Neda,

was forced to suffer serious, disabling, and permanent injuries, including but not limited to

burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Plaintiff, Shakila Flora Neda, has in the past and may

in the future require medicines, medical care and treatment. Plaintiff, Shakila Flora Neda, has in

the past and may in the future continue to be compelled to expend monies and incur further

obligations for such medical care and treatment. Plaintiff, Shakila Flora Neda, has in the past

and may in the future continue to suffer agonizing aches, pains, and psychological and emotional

anguish.  Plaintiff, Shakila Flora Neda, has in the past and may in the future continue to be

disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great

loss and detriment.

a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Shakila Flora Neda, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Shakila Flora Neda, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Shakila Flora Neda, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

522.  As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Emma O'Connor, was

forced to suffer serious, disabling, and permanent injuries, including but not limited to burns,

smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined.  Plaintiff, Emma O'Connor, has in the past and may in

the future require medicines, medical care and treatment.  Plaintiff, Emma O'Connor, has in the

past and may in the future continue to be compelled to expend monies and incur further

obligations for such medical care and treatment.  Plaintiff, Emma O'Connor, has in the past and

232

may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Emma O'Connor, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

     a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Emma O'Connor, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

     b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Emma O'Connor, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

     c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Emma O'Connor, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

523.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Luke Towner, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Luke Towner, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Luke Towner, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for

such medical care and treatment. Plaintiff, Luke Towner, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Luke Towner, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Luke Towner, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Luke Towner, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Luke Towner, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

    **524.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Kerry O'Hara, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Kerry O'Hara, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Kerry O'Hara, has in the past and may in the future continue to be compelled to expend monies and incur further obligations

for such medical care and treatment.  Plaintiff, Kerry O'Hara, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Kerry O'Hara, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

      a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Kerry O'Hara, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

      b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Kerry O'Hara, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

      c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Kerry O'Hara, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**525.**   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Gitara Pahlavani, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.  Plaintiff, Gitara Pahlavani, has in the past and may in

the future require medicines, medical care and treatment. Plaintiff, Gitara Pahlavani, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Gitara Pahlavani, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Gitara Pahlavani, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Gitara Pahlavani, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Gitara Pahlavani, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Gitara Pahlavani, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

526.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Michael Paramasivan, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

236

extent of which has yet to be determined. Plaintiff, Michael Paramasivan, has in the past and

may in the future require medicines, medical care and treatment. Plaintiff, Michael Paramasivan,

has in the past and may in the future continue to be compelled to expend monies and incur

further obligations for such medical care and treatment. Plaintiff, Michael Paramasivan, has in

the past and may in the future continue to suffer agonizing aches, pains, and psychological and

emotional anguish. Plaintiff, Michael Paramasivan, has in the past and may in the future

continue to be disabled from performing their usual duties, occupations, and avocations, all to

Plaintiff's great loss and detriment.

   a. As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Michael
      Paramasivan, has in the past required, continue to require, and may in the future
      require medical treatment and care, and have in the past, continue presently, and
      may in the future incur the cost of medicines, medical care, hospitalizations,
      treatment, future operations, testing, and rehabilitation in an attempt to alleviate
      and/or cure their respective conditions.
   b. As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Michael
      Paramasivan, has in the past and continue to suffer pain, disfigurement, scarring,
      loss of independence, mental anguish, humiliation, embarrassment, fear, loss of
      well-being, inability to enjoy the normal pleasures of life, and restrictions on their
      ability to engage in normal activities and pleasures of life, and other intangible
      losses.
   c. As a direct and proximate result of Defendants' strict products liability,
      outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Michael
      Paramasivan, has been prevented and will be prevented in the future from
      performing their respective usual duties, activities, occupations, and avocations
      and have suffered a loss of earnings and a loss of earning capacity.

   527.   As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chiraag Patel, was

forced to suffer serious, disabling, and permanent injuries, including but not limited to burns,

smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,