EXHIBIT 1
(Part 2)

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Chiraag Patel, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Chiraag Patel, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Chiraag Patel, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Chiraag Patel, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chiraag Patel, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chiraag Patel, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chiraag Patel, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**528.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Shantilal Patel, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Shantilal Patel, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Shantilal Patel, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Shantilal Patel, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Shantilal Patel, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

     a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Shantilal Patel, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

     b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Shantilal Patel, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

     c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Shantilal Patel, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**529.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Kiran Patel, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically

increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Kiran Patel, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Kiran Patel, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Kiran Patel, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Kiran Patel, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Kiran Patel, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
   b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Kiran Patel, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.
   c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Kiran Patel, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

   **530.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elisa Rabaya, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Elisa Rabaya, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Elisa Rabaya, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Elisa Rabaya, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Elisa Rabaya, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elisa Rabaya, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elisa Rabaya, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elisa Rabaya, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**531.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Aziza Raihani, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.  Plaintiff, Aziza Raihani, has in the past and may in the future require medicines, medical care and treatment.  Plaintiff, Aziza Raihani, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.  Plaintiff, Aziza Raihani, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Aziza Raihani, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

 a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Aziza Raihani, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

 b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Aziza Raihani, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

 c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Aziza Raihani, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**532.**   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ramiro Urbano Rodriguez, was forced to suffer serious, disabling, and permanent injuries, including but not

limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Ramiro Urbano Rodriguez, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Ramiro Urbano Rodriguez, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Ramiro Urbano Rodriguez, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Ramiro Urbano Rodriguez, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ramiro Urbano Rodriguez, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ramiro Urbano Rodriguez, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Ramiro Urbano Rodriguez, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

533. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rhea Rojo, was forced

to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Rhea Rojo, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Rhea Rojo, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Rhea Rojo, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Rhea Rojo, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rhea Rojo, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rhea Rojo, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rhea Rojo, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**534.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Antonio Roncolato,

244

was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Antonio Roncolato, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Antonio Roncolato, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Antonio Roncolato, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Antonio Roncolato, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Antonio Roncolato, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Antonio Roncolato, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Antonio Roncolato, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

535.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rebecca Ross, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Rebecca Ross, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Rebecca Ross, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Rebecca Ross, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Rebecca Ross, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rebecca Ross, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
   b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rebecca Ross, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.
   c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rebecca Ross, has been prevented and will be prevented in the future from performing

their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

536.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rebin Sabir, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Rebin Sabir, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Rebin Sabir, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Rebin Sabir, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Rebin Sabir, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rebin Sabir, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rebin Sabir, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rebin Sabir, has been prevented and will be prevented in the future from performing

their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

537.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Genet Shawo, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Genet Shawo, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Genet Shawo, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Genet Shawo, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Genet Shawo, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Genet Shawo, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
   b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Genet Shawo, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.
   c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Genet Shawo, has been prevented and will be prevented in the future from performing

248

their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

538.    As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Paulos Tekle, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Paulos Tekle, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Paulos Tekle, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Paulos Tekle, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Paulos Tekle, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Paulos Tekle, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Paulos Tekle, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Paulos Tekle, has been prevented and will be prevented in the future from performing

their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

539.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Anthony Smith, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.  Plaintiff, Anthony Smith, has in the past and may in the future require medicines, medical care and treatment.  Plaintiff, Anthony Smith, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.  Plaintiff, Anthony Smith, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish.  Plaintiff, Anthony Smith, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Anthony Smith, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
   b.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Anthony Smith, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Anthony Smith, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

540. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elizabeth Sobieszczak, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Elizabeth Sobieszczak, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Elizabeth Sobieszczak, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Elizabeth Sobieszczak, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Elizabeth Sobieszczak, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elizabeth Sobieszczak, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elizabeth Sobieszczak, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions

on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Elizabeth Sobieszczak, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

541.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Michael Sobieszczak, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.  Plaintiff, Michael Sobieszczak, has in the past and may in the future require medicines, medical care and treatment.  Plaintiff, Michael Sobieszczak, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.  Plaintiff, Michael Sobieszczak, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish.  Plaintiff, Michael Sobieszczak, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Michael Sobieszczak, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Michael Sobieszczak, has in the past and continue to suffer pain, disfigurement, scarring,

loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Michael Sobieszczak, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

542. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Florentyna Sobieszczak, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Florentyna Sobieszczak, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Florentyna Sobieszczak, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Florentyna Sobieszczak, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Florentyna Sobieszczak, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Florentyna Sobieszczak, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Florentyna Sobieszczak, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Florentyna Sobieszczak, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

543.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Adam Supareogsanond, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Adam Supareogsanond, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Adam Supareogsanond, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Adam Supareogsanond, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Adam Supareogsanond, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Adam Supareogsanond, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care,

      hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Adam Supareogsanond, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Adam Supareogsanond, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

544.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chalalai Supareoksanond, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Chalalai Supareoksanond, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Chalalai Supareoksanond, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Chalalai Supareoksanond, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Chalalai Supareoksanond, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chalalai Supareoksanond, has in the past required, continue to require, and may in the

future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chalalai Supareoksanond, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Chalalai Supareoksanond, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

545.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Waewta Supareogsanond, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined.  Plaintiff, Waewta Supareogsanond, has in the past and may in the future require medicines, medical care and treatment.  Plaintiff, Waewta Supareogsanond, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.  Plaintiff, Waewta Supareogsanond, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish.  Plaintiff, Waewta Supareogsanond, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Waewta Supareogsanond, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Waewta Supareogsanond, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Waewta Supareogsanond, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

546.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rita Tankarian, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Rita Tankarian, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Rita Tankarian, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Rita Tankarian, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Rita Tankarian, has in the past and may in the future continue to be disabled

from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rita Tankarian, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rita Tankarian, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Rita Tankarian, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

    **547.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mariko Toyoshima-Lewis, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Mariko Toyoshima-Lewis, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Mariko Toyoshima-Lewis, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Mariko Toyoshima-Lewis, has in the past and may in the future continue to suffer agonizing aches,

pains, and psychological and emotional anguish. Plaintiff, Mariko Toyoshima-Lewis, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mariko Toyoshima-Lewis, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mariko Toyoshima-Lewis, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Mariko Toyoshima-Lewis, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

548. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Taiyou Toyoshima-Lewis, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Taiyou Toyoshima-Lewis, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Taiyou Toyoshima-Lewis, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.

Minor Plaintiff, Taiyou Toyoshima-Lewis, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Taiyou Toyoshima-Lewis, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Taiyou Toyoshima-Lewis, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Taiyou Toyoshima-Lewis, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Taiyou Toyoshima-Lewis, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

549. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Aozora Toyoshima-Lewis, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Aozora Toyoshima-Lewis, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Aozora Toyoshima-Lewis, has in the past and may in the future continue to be

compelled to expend monies and incur further obligations for such medical care and treatment.

Minor Plaintiff, Aozora Toyoshima-Lewis, has in the past and may in the future continue to

suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Aozora

Toyoshima-Lewis, has in the past and may in the future continue to be disabled from performing

their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Aozora Toyoshima-Lewis, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Aozora Toyoshima-Lewis, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Aozora Toyoshima-Lewis, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

550.  As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Kohana

Toyoshima-Lewis, was forced to suffer serious, disabling, and permanent injuries, including but

not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes,

exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations,

sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional

distress, the full extent of which has yet to be determined. Minor Plaintiff, Kohana Toyoshima-

Lewis, has in the past and may in the future require medicines, medical care and treatment.

261

Minor Plaintiff, Kohana Toyoshima-Lewis, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Kohana Toyoshima-Lewis, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish.   Minor Plaintiff, Kohana Toyoshima-Lewis, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Kohana Toyoshima-Lewis, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Kohana Toyoshima-Lewis, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Kohana Toyoshima-Lewis, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**551.**   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Carmen Vieiro, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined.  Plaintiff, Carmen Viero, has in the past and may in the future require medicines, medical care and treatment.  Plaintiff, Carmen Vieiro, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment.  Plaintiff, Carmen Vieiro, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Carmen Vieiro, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

a.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Carmen Vieiro, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

b.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Carmen Vieiro, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

c.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conductPlaintiff, Carmen Vieiro, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

552.  As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Jose Vieiro, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic

injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Jose Vieiro, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Jose Vieiro, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Jose Vieiro, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Jose Vieiro, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

   a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Jose Vieiro, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
   b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Jose Vieiro, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.
   c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Jose Vieiro, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

   **553.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Meron Mekonnen, was forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains,

orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full

extent of which has yet to be determined. Plaintiff, Meron Mekonnen, has in the past and may in

the future require medicines, medical care and treatment. Plaintiff, Meron Mekonnen, has in the

past and may in the future continue to be compelled to expend monies and incur further

obligations for such medical care and treatment. Plaintiff, Meron Mekonnen, has in the past and

may in the future continue to suffer agonizing aches, pains, and psychological and emotional

anguish. Plaintiff, Meron Mekonnen, has in the past and may in the future continue to be

disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great

loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Meron Mekonnen, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Meron Mekonnen, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Meron Mekonnen, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

    **554.** As a direct and proximate result of Defendants' strict products liability,

outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Liya Yohannes,

was forced to suffer serious, disabling, and permanent injuries, including but not limited to

burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a

dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Liya Yohannes, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Liya Yohannes, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Liya Yohannes, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Liya Yohannes, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Liya Yohannes, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Liya Yohannes, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c.   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Liya Yohannes, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**555.**   As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Yohana Yohannes, was forced to suffer serious, disabling, and permanent injuries, including but not

limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Minor Plaintiff, Yohana Yohannes, has in the past and may in the future require medicines, medical care and treatment. Minor Plaintiff, Yohana Yohannes, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Minor Plaintiff, Yohana Yohannes, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Minor Plaintiff, Yohana Yohannes, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

  a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Yohana Yohannes, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.
  b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Yohana Yohannes, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.
  c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Minor Plaintiff, Yohana Yohannes, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

  **556.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Eamon Zada, was

forced to suffer serious, disabling, and permanent injuries, including but not limited to burns, smoke inhalation, super-heated air inhalation, inhalation of toxic fumes, exposure to a dramatically increased risk of life-threatening conditions, abrasions, lacerations, sprains, strains, orthopedic injuries, neurological injuries, psychological injuries, and emotional distress, the full extent of which has yet to be determined. Plaintiff, Eamon Zada, has in the past and may in the future require medicines, medical care and treatment. Plaintiff, Eamon Zada, has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. Plaintiff, Eamon Zada, has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. Plaintiff, Eamon Zada, has in the past and may in the future continue to be disabled from performing their usual duties, occupations, and avocations, all to Plaintiff's great loss and detriment.

    a. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Eamon Zada, has in the past required, continue to require, and may in the future require medical treatment and care, and have in the past, continue presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure their respective conditions.

    b. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Eamon Zada, has in the past and continue to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on their ability to engage in normal activities and pleasures of life, and other intangible losses.

    c. As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, Plaintiff, Eamon Zada, has been prevented and will be prevented in the future from performing their respective usual duties, activities, occupations, and avocations and have suffered a loss of earnings and a loss of earning capacity.

**557.** As a direct and proximate result of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, the following Plaintiffs make

claims for the loss of consortium and deprivation of their respective spouse's love, companionship, comfort, attention, society, moral guidance, intellectual strength, and physical assistance, as well as the loss of the assistance and earnings of their respective spouses: Abdul-Wahab Abdulhamid and Maryam Adam, h/w; Abraham Abebe and Turufat Yilma Girma, h/w; Mohamed Ahmed and Randa Al-Arasi, h/w; Maria de Fatima Alves and Manuel Miguel Alves, h/w; Sied Bayan and Nadia Yousef, h/w; Rosita Bonifacio; Lee Chapman; Jose Costa Cotelo and Dorinda Suarez Chans, h/w; Katarzyna Dabrowska and Roy Smith, h/w; Petra Doulova and Leroy Augustus, h/w; Bellal El-Guenuni; Mouna El-Ogbani and Youssef Khalloud, h/w; William Thomson and Mary Hanley, h/w; Eduardo Ignacio and Erlinda Ignacio, h/w; Wesley Ignacio and Madylyn Ignacio, h/w; Miran Lovsin and Duzana Lovsin, h/w; Hanife Macit and Sener Macit, h/w; Mohammed Rasoul and Munira Mahmud, h/w; Makrem Harzi and Rawda Said, h/w; Shantilal Patel and Kiran Patel, h/w; Adriana Ramirez; Paulos Tekle and Genet Shawo, h/w; Elizabeth Sobieszczak and Michael Sobieszczak, h/w; Tesfaye Yohannes; Carmen Vieiro and Jose Vieiro, h/w; Hiwot Dagnachew and Wintom Temesgen, h/w; Hime Gashaw and Richard Fletcher, h/w.

558.     The Plaintiffs identified in the preceding paragraph shall hereinafter be referred to collectively as the "Consortium Plaintiffs." It is the intention that for any plaintiff who was in the tower at the time of the fire, a loss of consortium claim is filed on behalf of their spouse.

559.     To the extent any claim is inadvertently omitted or mischaracterized a right of amendment is reserved.

560.     Defendants are jointly and severally liable for the injuries and damages alleged herein.

## COUNT I – PRODUCTS LIABILITY

269

## PLAINTIFFS v. ARCONIC, INC., ALCOA INC., ARCONIC ARCHITECTURAL PRODUCTS, LLC, JOHN DOES (1-99), ABC CORPORATIONS (1-99) and XYZ CORPORATIONS (1-99)

561. Plaintiffs hereby incorporate by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

562. The Arconic Defendants, by and through their agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, subsidiaries, sister corporations, parent companies, successor corporations, predecessor corporations, suppliers and/or distributors, are strictly liable under § 402(A) of the Restatement (Second) of Torts and the Restatement (Third) of Torts: Product Liability because:

  a. Defendants are engaged in the business of designing, manufacturing, assembling, distributing, selling and/or supplying Reynobond PE cladding;

  b. The Reynobond PE cladding which caused Plaintiffs' deaths and injuries was created, designed, marketed and placed in the general stream of commerce by Defendants;

  c. The Reynobond PE cladding was expected to and did reach users without substantial change in the condition in which it was designed, manufactured, assembled, distributed and/or sold;

  d. The Reynobond PE cladding was designed, manufactured, assembled, distributed and/or sold in the defective condition for the reasons set forth below.

563. The Arconic Defendants, by and through their agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers and/or distributors, are strictly liable under § 402(A) of the Restatement (Second) of Torts, by:

  a. Designing, assembling, manufacturing, selling, supplying and/or distributing a product in a defective condition;

  b. Designing, assembling, manufacturing, selling, supplying and/or distributing a product that failed to comply with NFPA 285;

c. Designing, assembling, manufacturing, selling, supplying and/or distributing a product that failed to comply with IBC 1407;

d. Designing, assembling, manufacturing, selling, supplying and/or distributing a product that failed to comply with ADB 2013;

e. Designing, assembling, manufacturing, selling, supplying and/or distributing a product that failed to comply with the functional requirements of Section B4(1) of Building Regulations 2010;

f. Designing, assembling, manufacturing, selling, supplying and/or distributing the subject Reynobond PE cladding without a flame-retardant core;

g. Designing, assembling, manufacturing, selling, supplying and/or distributing the subject Reynobond PE cladding with the flammable polyethylene core exposed and susceptible to infiltration of fire and ignition;

h. Designing, assembling, manufacturing, selling, supplying and/or distributing the a product that was known to be unfit for the purpose for which Defendants supplied the product;

i. Designing, assembling, manufacturing, selling, supplying and/or distributing a product that was unreasonably dangerous to its intended and foreseeable users;

j. Designing, assembling, manufacturing, selling, supplying and/or distributing a product that was not safe for all of its intended and represented purposes;

k. Designing, assembling, manufacturing, selling, supplying and/or distributing a product which lacked all the necessary safety features to protect users of the Reynobond PE cladding, including the residents of Grenfell Tower;

l. Despite having actual knowledge of prior fires, property damage and serious injuries caused by Reynobond PE cladding, failing to make all the necessary corrections to eliminate the risk of fire and prevent future fires and injuries;

m. Despite having actual knowledge of prior fires, property damage and/or serious injuries caused by Reynobond PE cladding, failing to adequately warn users that the Reynobond PE cladding was susceptible to igniting, catching fire and/or accelerating the spread of fire;

271

n.   Despite having actual knowledge of prior fires, property damage and/or serious injuries caused by Reynobond PE cladding, failing to incorporate a flame retardant core;

o.   Despite having actual knowledge of prior fires, property damage and/or serious injuries caused by Reynobond PE cladding, failing to incorporate flame retardant features to prevent ignition, catching fire and/or accelerating the spread of fire;

p.   Designing, assembling, manufacturing, selling, supplying and/or distributing the Reynobond PE cladding with combustible and/or flammable components;

q.   Despite having actual knowledge of prior fires, property damage and/or serious injuries caused by Reynobond PE cladding, failing to design the subject cladding to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger when the product is used in the intended manner or as foreseeably used;

r.   Despite having actual knowledge of prior fires, property damage and/or serious injuries caused by Reynobond PE cladding, failing to utilize alternative, feasible designs to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger when the product is used in the intended manner or as foreseeably used;

s.   Designing, assembling, manufacturing, selling, supplying and/or distributing a product which lacked all the necessary safety warnings and/or instructions regarding the possible risks of using the product that may be required;

t.   Failing to recall the defective and dangerous product after hazards and/or other dangerous incidents were discovered;

u.   Designing, assembling, manufacturing, selling, supplying and/or distributing a product the risks and hazards of which far outweigh any utility or benefit of the product (i.e. in violation of the risk utility test); and

v.   Designing, assembling, manufacturing, selling, supplying and/or distributing a product the risks or which were unknown or unknowable to the consumer (i.e. in violation of the consumer expectations test).

**564.**   By conducting themselves as set forth above, the Arconic Defendants' acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of the fire that caused Plaintiffs' injuries and deaths.

565.   The Reynobond PE cladding was not equipped at the time it left Defendants' possession and control with every element necessary to make it safe for its reasonably foreseeable uses and reasonably foreseeable misuses.

566.   By reason of the breach of duties—pursuant to § 402(A) of the Restatement of the Law of Torts (Second)—by the Arconic Defendants, by and through their agents, servants, workmen, contractors, suppliers, distributors and/or employees as aforesaid, Plaintiffs and their decedents were caused to sustain serious and permanent disabling personal injuries resulting in her tragic death as set forth above.

567.   The safety of the public and the residents that would be exposed to the Arconic Defendants' cladding must come first and be the paramount concern and consideration.

568.   However, the Arconic Defendants knowingly exposed the public and the innocent residents of Grenfell Tower to the imminent and unreasonable risk of injury and death.

569.   The Arconic Defendants acted upon their corporate greed and knowingly supplied Reynobond PE cladding to Grenfell Tower, which it unquestionably knew to be much greater than 40 feet and therefore completely unsuited for Reynobond PE cladding.

570.   The Arconic Defendants knew that Reynobond PE cladding was unfit for the Tower.

571.   The Arconic Defendants knowingly designed and supplied Reynobond PE cladding when Defendants knew that it was unfit and improper.

572.   The Arconic Defendants' outrageous and reckless decision to supply Reynobond PE cladding was orchestrated, overseen, and/ore controlled from the Arconic Defendants' headquarters in Pittsburgh, Pennsylvania, United States.

573. The Arconic Defendants exhibited a willful and wanton disregard for the safety and health of the residents of Grenfell Tower and the public in general.

574. The Arconic Defendants made fraudulent misrepresentations of material fact regarding the safety and fitness of its product, the Reynobond PE, for use on the Grenfell Tower, which the Arconic Defendants intended the residents of the Grenfell Tower to rely upon.

575. The Arconic Defendants made fraudulent misrepresentations of material fact regarding the fire safety of its product, the Reynobond PE, which the Arconic Defendants intended the residents of the Grenfell Tower to rely upon.

576. The residents of the Grenfell Tower relied upon the aforementioned fraudulent misrepresentations of material fact made by the Arconic Defendants.

577. The Grenfell Tower residents' reliance on the aforementioned fraudulent misrepresentations made by the Arconic Defendants was a factual cause of the harm suffered by Plaintiff's decedent.

578. By reason of the Arconic Defendants willful and wanton disregard for the safety and health of the residents of Grenfell Tower and the general public, Plaintiffs and their decedents were caused to sustain serious and permanent disabling injuries and deaths, as set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants Arconic, Inc., Alcoa Inc., Arconic Architectural Products, John Does (1-99), ABC Corporations (1-99) and XYZ Corporations (1-99) an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT II – PRODUCTS LIABILITY

## PLAINTIFFS v. WHIRLPOOL CORPORATION, JOHN DOES (1-99), ABC CORPORATIONS (1-99) and XYZ CORPORATIONS (1-99)

579.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

580.   Defendant Whirlpool, by and through their agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, subsidiaries, sister corporations, parent companies, successor corporations, predecessor corporations, suppliers and/or distributors, are strictly liable under § 402(A) of the Restatement (Second) of Torts and the Restatement (Third) of Torts: Product Liability because:

 a.   Defendants are engaged in the business of designing, manufacturing, assembling, distributing, selling and/or supplying Hotpoint Fridge-Freezers;

 b.   The Whirlpool/Hotpoint Fridge-Freezer which caused the Grenfell Tower fire and Plaintiffs' deaths and injuries was created, designed, marketed and placed in the general stream of commerce by Defendant Whirlpool;

 c.   The Whirlpool/Hotpoint Fridge-Freezer was expected to and did reach users without substantial change in the condition in which it was designed, manufactured, assembled, distributed and/or sold;

 d.   The Whirlpool/Hotpoint Fridge-Freezer was designed, manufactured, assembled, distributed and/or sold in the defective condition for the reasons set forth below.

581.   Defendant Whirlpool, by and through their agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers and/or distributors, are strictly liable under § 402(A) of the Restatement of the Law of Torts (Second), by:

 a.   Designing, assembling, manufacturing, selling, supplying and/or distributing a product in a defective condition;

 b.   Designing, assembling, manufacturing, selling, supplying and/or distributing the subject Fridge-Freezer with a highly flammable plastic casing;

c.   Designing, assembling, manufacturing, selling, supplying and/or distributing the subject Fridge-Freezer with a highly flammable plastic casing despite knowing that the metal casing it was required to use while selling in the United States would provide much safer means of fire safety and fire protection;

d.   Designing, assembling, manufacturing, selling, supplying and/or distributing the subject Fridge-Freezer with a defective and inadequate crimping connection;

e.   Designing, assembling, manufacturing, selling, supplying and/or distributing the subject Fridge-Freezer with a crimping connection which did not prevent the overheating of the crimping connection;

f.   Designing, assembling, manufacturing, selling, supplying and/or distributing a product that was unreasonably dangerous to its intended and foreseeable users;

g.   Designing, assembling, manufacturing, selling, supplying and/or distributing a product that was not safe for all of its intended and represented purposes;

h.   Designing, assembling, manufacturing, selling, supplying and/or distributing a product which lacked all the necessary safety features to protect users of the Fridge-Freezer Model FF175BP;

i.   Despite having actual knowledge of prior fires, property damage and serious injuries caused by Model FF175BP Fridge-Freezers, failing to make all the necessary corrections to eliminate the risk of fire and prevent future fires and injuries;

j.   Despite having actual knowledge that Model FF175BP Fridge-Freezers manufactured in October, 2008, including the subject Fridge-Freezer, were susceptible to short circuiting and causing fires, failing to make all the necessary corrections, recalls, and/or safety notices to eliminate the risk of fire and prevent future fires, injuries, and deaths;

k.   Despite having actual knowledge of prior fires, property damage and/or serious injuries caused by Model FF175BP Fridge-Freezers, failing to adequately warn users that the Model FF175BP Fridge-Freezer was susceptible to causing fires;

l.   Despite having actual knowledge of prior fires, property damage and/or serious injuries caused by Model FF175BP Fridge-Freezers, failing to incorporate automatic shut-off devices or other safety devices in the Fridge-Freezers to ensure that fires would not result from electrical shorts, overheating or other causes;

m.  Designing, assembling, manufacturing, selling, supplying and/or distributing the subject Fridge-Freezer with combustible and/or flammable components;

n.  Despite having actual knowledge of prior fires, property damage and/or serious injuries caused by Model FF175BP Fridge-Freezers, failing to design the subject fridge-freezer to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger when the product is used in the intended manner or as foreseeably used;

o.  Despite having actual knowledge of prior fires, property damage and/or serious injuries caused by Model FF175BP Fridge-Freezers, failing to utilize alternative, feasible designs to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger when the product is used in the intended manner or as foreseeably used;

p.  Designing, assembling, manufacturing, selling, supplying and/or distributing a product which lacked all the necessary safety warnings and/or instructions regarding the possible risks of using the product that may be required;

q.  Failing to recall the defective and dangerous product after hazards and/or other dangerous incidents were discovered;

r.  Designing, assembling, manufacturing, selling, supplying and/or distributing a product the risks and hazards of which far outweigh any utility or benefit of the product (i.e. in violation of the risk utility test); and

s.  Designing, assembling, manufacturing, selling, supplying and/or distributing a product the risks or which were unknown or unknowable to the consumer (i.e. in violation of the consumer expectations test).

582.  By conducting itself as set forth above, Defendant Whirlpool's acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of the fire that caused Plaintiffs' deaths and injuries.

583.  The Whirlpool Fridge-Freezer was not equipped at the time it left Defendant's possession and control with every element necessary to make it safe for its reasonably foreseeable uses and reasonably foreseeable misuses.

584.  Whirlpool knew that the plastic casing to the refrigerator made it unreasonably dangerous and flammable and therefore used metal casing on products sold in the United States.

585.   By reason of the breach of duties—pursuant to § 402(A) of the Restatement of the Law of Torts (Second)—by Defendant Whirlpool, by and through their agents, servants, workmen, contractors, suppliers, distributors and/or employees as aforesaid, Plaintiffs and their decedents were caused to sustain serious and permanent disabling personal injuries resulting in her tragic death as set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants Whirlpool, John Does (1-99), ABC Corporations (1-99) and XYZ Corporations (1-99) an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT III – PRODUCTS LIABILITY
## PLAINTIFF v. SAINT-GOBAIN CORPORATION d/b/a SAINT-GOBAIN NORTH AMERICA and/or d/b/a CELOTEX, JOHN DOES (1-99), ABC CORPORATIONS (1-99) and XYZ CORPORATIONS (1-99)

586.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

587.   Defendant Celotex, by and through their agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, subsidiaries, sister corporations, parent companies, successor corporations, predecessor corporations, suppliers and/or distributors, are strictly liable under § 402(A) of the Restatement (Second) of Torts and the Restatement (Third) of Torts: Product Liability because:

   a.   Defendant is engaged in the business of designing, manufacturing, assembling, distributing, selling and/or supplying RS5000 Insulation;

   b.   The RS5000 Insulation which caused the Grenfell Tower fire Plaintiffs' deaths and injuries was created, designed, marketed and placed in the general stream of commerce by Defendant Celotex;

   c.   The RS5000 Insulation was expected to and did reach users without substantial change in the condition in which it was designed, manufactured, assembled, distributed and/or sold;

278

d.   The RS5000 Insulation was designed, manufactured, assembled, distributed and/or sold in the defective condition for the reasons set forth below.

588.   Defendant Celotex, by and through their agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers and/or distributors, are strictly liable under § 402(A) of the Restatement of the Law of Torts (Second), by:

a.   Designing, assembling, manufacturing, selling, supplying and/or distributing a product in a defective condition;

b.   Designing, assembling, manufacturing, selling, supplying and/or distributing a product that was unreasonably dangerous to its intended and foreseeable users;

c.   Designing, assembling, manufacturing, selling, supplying and/or distributing a product that was not safe for all of its intended and represented purposes;

d.   Designing, assembling, manufacturing, selling, supplying and/or distributing a product which lacked all the necessary safety features to protect users of the RS5000 PIR Insulation;

e.   Despite having actual knowledge of prior fires, property damage and/or serious injuries caused by the highly flammable and combustible nature of the RS5000 PIR Insulation, failing to make all the necessary corrections to eliminate the risk of fire and/or combustion and prevent future fires and injuries;

f.   Despite having actual knowledge of prior fires, property damage and/or serious injuries caused by the highly flammable and combustible nature of the RS5000 PIR Insulation, failing to adequately warn users that the RS5000 PIR Insulation was highly flammable and combustible and susceptible to causing, accelerating and/or exacerbating fires;

g.   Despite having actual knowledge of prior fires, property damage and/or serious injuries caused by the highly flammable and combustible nature of the RS5000 PIR Insulation, failing to incorporate a flame retardant in the RS5000 PIR Insulation;

h.   Designing, assembling, manufacturing, selling, supplying and/or distributing the RS5000 PIR Insulation with highly flammable and/or combustible components;

i.   Designing, assembling, manufacturing, selling, supplying and/or distributing the RS5000 PIR Insulation under the intentionally false

misrepresentation of the certificate of safety/fire resistance testing that Defendant Celotex purposely falsified;

j.    Despite having actual knowledge of prior fires, property damage and/or serious injuries caused by the highly flammable and combustible nature of the RS5000 PIR Insulation, failing to design the subject Insulation to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger when the product is used in the intended manner or as foreseeably used;

k.    Despite having actual knowledge of prior fires, property damage and/or serious injuries caused by the highly flammable and combustible nature of the RS5000 PIR Insulation, failing to utilize alternative, feasible designs to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger when the product is used in the intended manner or as foreseeably used;

l.    Despite knowing that its RS5000 PIR Insulation was dangerously defective and highly flammable and was therefore not suitable for use on the Grenfell Tower, Celotex knowingly supplied this dangerously defective product;

m.    Designing, assembling, manufacturing, selling, supplying and/or distributing the RS5000 PIR Insulation with absolutely no fire-retardant materials or components, despite knowing that a failure to include fire retardant materials or components rendered the product unreasonably dangerous;

n.    Designing, assembling, manufacturing, selling, supplying and/or distributing a product which lacked all the necessary safety warnings and/or instructions regarding the possible risks of using the product that may be required;

o.    Designing, assembling, manufacturing, selling, supplying and/or distributing a product which did not comply with all applicable NFPA requirements, including but not limited to NFPA 285;

p.    Designing, assembling, manufacturing, selling, supplying and/or distributing a product which did not comply with all applicable IBC requirements and/or codes, including but not limited to IBC 1407 and 1408;

q.    Designing, assembling, manufacturing, selling, supplying and/or distributing a product which did not comply with all applicable ADB 2013 regulations;

280

r.    Designing, assembling, manufacturing, selling, supplying and/or distributing a product which did not comply with all applicable Section B4(1) functional requirements;

s.    Designing, assembling, manufacturing, selling, supplying and/or distributing a product, the RS5000 PIR Insulation, which was known to release dangerous and toxic cyanide fumes if ignited;

t.    Designing, assembling, manufacturing, selling, supplying and/or distributing a product, the RS5000 PIR Insulation, which was known to release dangerous and toxic fumes if ignited, despite knowing that designing, assembling, manufacturing, selling, supplying and/or distributing such a product posed a significant and substantial risk of harm to the health and safety of the public and the residents of the Grenfell Tower;

u.    Failing to recall the defective and dangerous product after hazards and/or other dangerous incidents were discovered;

v.    Designing, assembling, manufacturing, selling, supplying and/or distributing a product the risks and hazards of which far outweigh any utility or benefit of the product (i.e. in violation of the risk utility test); and

w.    Designing, assembling, manufacturing, selling, supplying and/or distributing a product the risks or which were unknown or unknowable to the consumer (i.e. in violation of the consumer expectations test).

589.    By conducting itself as set forth above, Celotex's acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of the fire that caused Plaintiffs' deaths and injuries.

590.    The RS5000 PIR Insulation was not equipped at the time it left Defendants' possession and control with every element necessary to make it safe for its reasonably foreseeable uses and reasonably foreseeable misuses.

591.    By reason of the breach of duties—pursuant to § 402(A) of the Restatement of the Law of Torts (Second)—by Defendant Celotex, by and through its agents, servants, workmen, contractors, suppliers, distributors and/or employees as aforesaid, Plaintiffs and their decedents

were caused to sustain serious and permanent disabling personal injuries resulting in her tragic death as set forth above.

592.    The safety of the public and the residents that would be exposed to the Celotex Defendant's RS5000 PIR Insulation must come first and be the paramount concern and consideration.

593.    However, the Celotex Defendant knowingly exposed the public and the innocent residents of the Grenfell Tower to the imminent and unreasonable risk of injury and death.

594.    Defendant Celotex unquestionably knew that its RS5000 PIR Insulation would be utilized on buildings above 40 feet tall and therefore had to include a fire-retardant material or component.

595.    Failing to utilize a fire-retardant material or component in the RS5000 PIR Insulation presented an unreasonable risk of serious injury and/or death to the public and residents of buildings encased with the RS5000 insulation, including Plaintiff's decedent.

596.    Defendant Celotex also knew that its RS5000 PIR Insulation would emit dangerous and toxic fumes when ignited.

597.    Despite this aforementioned knowledge, the Celotex Defendant acted upon its corporate greed and knowingly failed to utilize a flame retardant material or component in its RS5000 PIR Insulation.

598.    Defendant Celotex's outrageous and reckless decision to supply RS5000 PIR Insulation despite knowing that it was unfit, improper and unreasonably dangerous was orchestrated and controlled from Defendant Celotex's headquarters in Malvern, Pennsylvania, United States.

599.   Upon information and belief, Celotex knowingly falsified and/or doctored the safety certification and safety testing for the RS5000 Insulation by adding a fire-retardant element and/or component to the RS5000 PIR Insulation sample that was used for safety certification, safety testing and/or fire testing solely for the purpose of deceiving and/or falsifying the aforementioned testing and/or certification, while continuing to manufacture and sell the RS5000 PIR Insulation without the fire-retardant element.

600.   Defendant Celotex unquestionably knew that adding a fire retardant element and/or component to the RS5000 PIR Insulation sample that was used for safety certification, safety testing and/or fire testing solely for the purpose of deceiving and/or falsifying the aforementioned testing and/or certification presented an unreasonable and outrageous risk of severe injury and/or death to the public and residents of buildings encased with the RS5000 PIR Insulation, including Plaintiff's decedent.

601.   Upon information and belief, Defendant Celotex's heinous decision to add a fire-retardant element and/or component to the RS5000 Insulation sample that was used for safety certification, safety testing and/or fire testing solely for the purpose of deceiving and/or falsifying the aforementioned testing and/or certification was orchestrated, controlled, demanded, and/or overseen by Defendant Celotex's headquarters in Malvern, Pennsylvania, United States..

602.   The decision to add a fire retardant element and/or component to the RS5000 PIR Insulation solely to deceive and/or falsify the safety certification, safety testing and/or fire testing but sell its Insulation without said fire retardant element and/or component is obscenely outrageous, willful and wanton conduct that knowingly placed the health and safety of the members of the public and residents of the Grenfell Tower in jeopardy.

603.   Defendant Celotex knew that the RS5000 PIR Insulation was unfit for the Tower.

604.    Defendant Celotex made fraudulent misrepresentations of material fact regarding the safety certification, safety testing and/or fire testing of its RS5000, which Defendant Celotex intended the residents of the Grenfell Tower to rely upon.

605.    Defendant Celotex made fraudulent misrepresentations of material fact regarding the safety and fitness of its RS5000 for use on the Grenfell Tower, which Defendant Celotex intended the residents of the Grenfell Tower, including Plaintiffs and Plaintiffs' decedents to rely upon.

606.    The residents of the Grenfell Tower relied upon the aforementioned fraudulent misrepresentations of material fact made by Defendant Celotex.

607.    The Grenfell Tower residents' reliance on the aforementioned fraudulent misrepresentations made by Defendant Celotex was a factual cause of the harm suffered by Plaintiff's decedent.

608.    Defendant Celotex exhibited a willful and wanton disregard for the safety and health of the residents of the Grenfell Tower and the public in general.

609.    By reason of Defendant Celotex's willful and wanton disregard for the safety and health of the residents of Grenfell Tower and the general public, Plaintiffs, and Plaintiffs' decedents, were caused to sustain serious and permanent disabling injuries resulting in their deaths and catastrophic injuries.

WHEREFORE, Plaintiffs demands judgment in their favor and against Defendants Saint-Gobain Corporation d/b/a Saint-Gobain North America and/or d/b/a Celotex, John Does (1-99), ABC Corporations (1-99) and XYZ Corporations (1-99) an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT IV – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF GLORIA TREVISAN v. ALL DEFENDANTS

**610.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**611.** Decedent, Gloria Trevisan's known potential wrongful death beneficiaries are: Emanuela Disaro, parent of decedent; Loris Trevisan, parent of decedent; and Giulio Trevisan, sibling of decedent.

**612.** By reason of the death of Gloria Trevisan, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**613.** As a direct and proximate result of the foregoing, decedent, Gloria Trevisan's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**614.** Kristen Behrens, Esquire as Administratrix of the Estate of Gloria Trevisan brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold

in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT V – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF GLORIA TREVISAN v. ALL DEFENDANTS

615.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

616.   Plaintiff claims on behalf of the Estate of Gloria Trevisan all damages suffered by the Estate by reason of the death of Gloria Trevisan, including without limiting the generality of the following: the severe injuries to Gloria Trevisan, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Gloria Trevisan suffered prior to her death; the loss of future earning capacity suffered by Gloria Trevisan from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

617.   Plaintiff brings this action on behalf of the Estate of Gloria Trevisan, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Gloria Trevisan's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT VI – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF FATEMEH
## AFRASEHABI v. ALL DEFENDANTS

**618.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**619.** Decedent, Fatemeh Afrasehabi's known potential wrongful death beneficiaries are: Maryam Samimi, child of decedent; Masoumeh Samimi, child of decedent; Raheleh Samimi, child of decedent; Zahra Samimi, child of decedent; and Ghorban Ali Samimi, husband of decedent.

**620.** By reason of the death of Fatemeh Afrasehabi, the wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**621.** As a direct and proximate result of the foregoing, decedent, Fatemeh Afrasehabi's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**622.** Kristen Behrens, Esquire as Administratrix of the Estate of Fatemeh Afrasehabi brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold

in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT VII – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF FATEMEH AFRASEHABI v. ALL DEFENDANTS

**623.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**624.** Plaintiff claims on behalf of the Estate of Fatemeh Afrasehabi all damages suffered by the Estate by reason of the death of Fatemeh Afrasehabi, including without limiting the generality of the following: the severe injuries to Fatemeh Afrasehabi, which resulted in death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Fatemeh Afrasehabi suffered prior to death; the loss of future earning capacity suffered by Fatemeh Afrasehabi from the date of death until the time in the future decedent would have lived had decedent not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**625.** Plaintiff brings this action on behalf of the Estate of Fatemeh Afrasehabi, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Fatemeh Afrasehabi's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT VIII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF SAKINA AFRASEHABI v. ALL DEFENDANTS

**626.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**627.**   Decedent, Sakina Afrasehabi's known potential wrongful death beneficiaries are: Shiva Aghlani Asl, child of decedent; Mona Aghlani Asl, child of decedent; Nazanin Aghlani Asli, child of decedent; Shahrokh Aglani Asl, child of decedent; and Mohammad Aglani Asl, child of decedent.

**628.**   By reason of the death of Sakina Afrasehabi, the wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**629.**   As a direct and proximate result of the foregoing, decedent, Sakina Afrasehabi's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**630.**   Kristen Behrens, Esquire as Administratrix of the Estate of Sakina Afrasehabi brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold

in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT IX – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF SAKINA AFRASEHABI v. ALL DEFENDANTS

631.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

632.    Plaintiff claims on behalf of the Estate of Sakina Afrasehabi all damages suffered by the Estate by reason of the death of Sakina Afrasehabi, including without limiting the generality of the following: the severe injuries to Sakina Afrasehabi, which resulted in death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Sakina Afrasehabi suffered prior to death; the loss of future earning capacity suffered by Sakina Afrasehabi from the date of death until the time in the future decedent would have lived had decedent not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

633.    Plaintiff brings this action on behalf of the Estate of Sakina Afrasehabi, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Sakina Afrasehabi's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT X – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF AMAL AHMEDIN v. ALL DEFENDANTS

**634.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**635.**   Decedent, Amal Ahmedin's known potential wrongful death beneficiaries are: Saidi Osman, parent of decedent; Hawa Ahmedin-Abdelkerim, sibling of decedent; Fatima Ahmedin-Abdelkerim, sibling of decedent; and Mohamed Ahmedin-Abdelkerim, sibling of decedent.

**636.**   By reason of the death of Amal Ahmedin, the wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**637.**   As a direct and proximate result of the foregoing, decedent, Amal Ahmedin's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**638.**   Kristen Behrens, Esquire as Administratrix of the Estate of Amal Ahmedin brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold

in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XI – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF AMAL AHMEDIN v. ALL DEFENDANTS

**639.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**640.**   Plaintiff claims on behalf of the Estate of Amal Ahmedin all damages suffered by the Estate by reason of the death of Amal Ahmedin, including without limiting the generality of the following: the severe injuries to Amal Ahmedin, which resulted in death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Amal Ahmedin suffered prior to death; the loss of future earning capacity suffered by Amal Ahmedin from the date of death until the time in the future decedent would have lived had decedent not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**641.**   Plaintiff brings this action on behalf of the Estate of Amal Ahmedin, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Amal Ahmedin's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF AMAYA AHMEDIN v. ALL DEFENDANTS

**642.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**643.** Decedent, Amaya Ahmedin's known potential wrongful death beneficiaries are: Saidia Osman, grandparent of decedent; Hawa Ahmedin-Abdelkerim, aunt of decedent; Fatima Ahmedin-Abdelkerim, aunt of decedent; Mohamed Ahmedin-Abdelkerim, uncle of decedent.

**644.** By reason of the death of Amaya Ahmedin, the wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**645.** As a direct and proximate result of the foregoing, decedent, Amaya Ahmedin's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**646.** Kristen Behrens, Esquire as Administratrix of the Estate of Amaya Ahmedin brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XIII – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF AMAYA AHMEDIN v. ALL DEFENDANTS

**647.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**648.** Plaintiff claims on behalf of the Estate of Amaya Ahmedin all damages suffered by the Estate by reason of the death of Amaya Ahmedin, including without limiting the generality of the following: the severe injuries to Amaya Ahmedin, which resulted in death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Amaya Ahmedin suffered prior to death; the loss of future earning capacity suffered by Amaya Ahmedin from the date of her death until the time in the future she would have lived had she not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**649.** Plaintiff brings this action on behalf of the Estate of Amaya Ahmedin, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Amaya Ahmedin's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XIV – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MOHAMMAD ALHAJALI v. ALL DEFENDANTS

**650.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

651.   Decedent, Mohammad Alhajali's known potential wrongful death beneficiaries are: Nedal Alhajali, parent of decedent; Heam Alhajali, parent of decedent; Omar Alhajali, sibling of decedent; Kenda Alhajali, sibling of decedent; Sham Alhajali, sibling of decedent; and Hashem Alhajali, sibling of decedent.

652.   By reason of the death of Mohammad Alhajali, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

653.   As a direct and proximate result of the foregoing, decedent, Mohammad Alhajali's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

654.   Kristen Behrens, Esquire as Administratrix of the Estate of Mohammad Alhajali brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XV – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MOHAMMAD ALHAJALI v. ALL DEFENDANTS

**655.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**656.**   Plaintiff claims on behalf of the Estate of Mohammad Alhajali all damages suffered by the Estate by reason of the death of Mohammad Alhajali, including without limiting the generality of the following: the severe injuries to Mohammad Alhajali, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Mohammad Alhajali suffered prior to his death; the loss of future earning capacity suffered by Mohammad Alhajali from the date of his death until the time in the future he would have lived had he not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**657.**   Plaintiff brings this action on behalf of the Estate of Mohammad Alhajali, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Mohammad Alhajali's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XVI – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ALEXANDRA ATALA v. ALL DEFENDANTS

**658.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**659.**   Decedent, Alexandra Atala's known potential wrongful death beneficiaries are: Mark Bennett, uncle of decedent; and Erkan D. Atala, father of decedent.

**660.**   By reason of the death of Alexandra Atala, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**661.**   As a direct and proximate result of the foregoing, decedent, Alexandra Atala's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**662.**   Kristen Behrens, Esquire as Administratrix of the Estate of Alexandra Atala brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XVII – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ALEXANDRA ATALA v. ALL DEFENDANTS

**663.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

664. Plaintiff claims on behalf of the Estate of Alexandra Atala all damages suffered by the Estate by reason of the death of Alexandra Atala, including without limiting the generality of the following: the severe injuries to Alexandra Atala, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Alexandra Atala suffered prior to her death; the loss of future earning capacity suffered by Alexandra Atala from the date of her death until the time in the future she would have lived had she not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

665. Plaintiff brings this action on behalf of the Estate of Alexandra Atala, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Alexandra Atala's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XVIII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF HUSNA BEGUM
## v. ALL DEFENDANTS

666. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

667. Decedent, Husna Begum's known potential wrongful death beneficiaries are: Mohammed Hakim, sibling of decedent; Sujon Miah, sibling of decedent; Mina Begum, sibling of decedent; and Rushna Begum, sibling of decedent.

668. By reason of the death of Husna Begum, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to,

loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

669.    As a direct and proximate result of the foregoing, decedent, Husna Begum's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

670.    Kristen Behrens, Esquire as Administratrix of the Estate of Husna Begum brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XIX – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF HUSNA BEGUM v. ALL DEFENDANTS

671.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

672.    Plaintiff claims on behalf of the Estate of Husna Begum all damages suffered by the Estate by reason of the death of Husna Begum, including without limiting the generality of the following: the severe injuries to Husna Begum, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Husna Begum suffered prior to her death; the loss of future earning

capacity suffered by Husna Begum from the date of her death until the time in the future she would have lived had she not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

673.    Plaintiff brings this action on behalf of the Estate of Husna Begum, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Husna Begum's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XX – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF LEENA BELKADI v. ALL DEFENDANTS

674.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

675.    Decedent, Leena Belkadi's known potential wrongful death beneficiaries are: Tasnim Belkadi, sibling of decedent; El-Alami Hamdan, grandparent of decedent; Rkia Hamdan, aunt of decedent; Safa Hamdan, aunt of decedent; and Samira Hamdan, aunt of decedent.

676.    By reason of the death of Leena Belkadi, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

677.    As a direct and proximate result of the foregoing, decedent, Leena Belkadi's wrongful death beneficiaries incurred or have been caused to incur and pay large and various

300

expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

678.    Kristen Behrens, Esquire as Administratrix of the Estate of Leena Belkadi brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXI – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF LEENA BELKADI v. ALL DEFENDANTS

679.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

680.    Plaintiff claims on behalf of the Estate of Leena Belkadi all damages suffered by the Estate by reason of the death of Leena Belkadi, including without limiting the generality of the following: the severe injuries to Leena Belkadi, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Leena Belkadi suffered prior to her death; the loss of future earning capacity suffered by Leena Belkadi from the date of her death until the time in the future she would have lived had she not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**681.** Plaintiff brings this action on behalf of the Estate of Leena Belkadi, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Leena Belkadi's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

### COUNT XXII – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MALAK BELKADI v. ALL DEFENDANTS

**682.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**683.** Decedent, Malak Belkadi's known potential wrongful death beneficiaries are: Tasnim Belkadi, sibling of decedent; El-Alami Hamdan, grandparent of decedent; Rkia Hamdan, aunt of decedent; Safa Hamdan, aunt of decedent; and Samira Hamdan, aunt of decedent.

**684.** By reason of the death of Malak Belkadi, the wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**685.** As a direct and proximate result of the foregoing, decedent, Malak Belkadi's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**686.** Kristen Behrens, Esquire as Administratrix of the Estate of Malak Belkadi brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and

claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXIII – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MALAK BELKADI v. ALL DEFENDANTS

**687.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**688.** Plaintiff claims on behalf of the Estate of Malak Belkadi all damages suffered by the Estate by reason of the death of Malak Belkadi, including without limiting the generality of the following: the severe injuries to Malak Belkadi, which resulted in death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Malak Belkadi suffered prior to death; the loss of future earning capacity suffered by Malak Belkadi from the date of decedent's death until the time in the future decedent would have lived had decedent not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**689.** Plaintiff brings this action on behalf of the Estate of Malak Belkadi, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Malak Belkadi's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXIV – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF OMAR BELKADI v. ALL DEFENDANTS

690.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

691.    Decedent, Omar Belkadi's known potential wrongful death beneficiaries are: Rahma Largo, parent of decedent; and Mohamed Belkadi, parent of decedent.

692.    By reason of the death of Omar Belkadi, the wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

693.    As a direct and proximate result of the foregoing, decedent, Omar Belkadi's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

694.    Kristen Behrens, Esquire as Administratrix of the Estate of Omar Belkadi brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold

in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXV – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF OMAR BELKADI v. ALL DEFENDANTS

**695.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**696.**   Plaintiff claims on behalf of the Estate of Omar Belkadi all damages suffered by the Estate by reason of the death of Omar Belkadi, including without limiting the generality of the following: the severe injuries to Omar Belkadi, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Omar Belkadi suffered prior to his death; the loss of future earning capacity suffered by Omar Belkadi from the date of his death until the time in the future he would have lived had he not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**697.**   Plaintiff brings this action on behalf of the Estate of Omar Belkadi, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Omar Belkadi's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXVI – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF RAYMOND BERNARD v. ALL DEFENDANTS

**698.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**699.** Decedent, Raymond Bernard's known potential wrongful death beneficiaries are: Marlene Anderson, child of decedent; and Julian Bertin, child of decedent.

**700.** By reason of the death of Raymond Bernard, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**701.** As a direct and proximate result of the foregoing, decedent, Raymond Bernard's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**702.** Kristen Behrens, Esquire as Administratrix of the Estate of Raymond Bernard brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXVII – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF RAYMOND BERNARD v. ALL DEFENDANTS

**703.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**704.** Plaintiff claims on behalf of the Estate of Raymond Bernard all damages suffered by the Estate by reason of the death of Raymond Bernard, including without limiting the generality of the following: the severe injuries to Raymond Bernard, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Raymond Bernard suffered prior to his death; the loss of future earning capacity suffered by Raymond Bernard from the date of his death until the time in the future he would have lived had he not died as a result of the injuries he sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**705.** Plaintiff brings this action on behalf of the Estate of Raymond Bernard, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Raymond Bernard's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXVIII – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF VINCENT CHIEJINA v. ALL DEFENDANTS

**706.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

707.   Decedent, Vincent Chiejina's known potential wrongful death beneficiaries are: Jindu Maria Chiejina, sibling of decedent; Ngozi Chiejina, sibling of decedent; Obi Chiejina, sibling of decedent; and Magdalene Chiejina, parent of decedent.

708.   By reason of the death of Vincent Chiejina, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

709.   As a direct and proximate result of the foregoing, decedent, Vincent Chiejina's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

710.   Kristen Behrens, Esquire as Administratrix of the Estate of Vincent Chiejina brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXIX – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF VINCENT CHIEJINA v. ALL DEFENDANTS

711.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

712.    Plaintiff claims on behalf of the Estate of Vincent Chiejina all damages suffered by the Estate by reason of the death of Vincent Chiejina, including without limiting the generality of the following: the severe injuries to Vincent Chiejina, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Vincent Chiejina suffered prior to his death; the loss of future earning capacity suffered by Vincent Chiejina from the date of his death until the time in the future he would have lived had he not died as a result of the injuries he sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

713.    Plaintiff brings this action on behalf of the Estate of Vincent Chiejina, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Vincent Chiejina's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXX – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF BASSEM CHOUCAIR v. ALL DEFENDANTS

714.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

715.    Decedent, Bassem Choucair's known potential wrongful death beneficiaries are: Malak Choucair, sibling of decedent; Badar Choucair, parent of decedent; Taan Choucair, parent of decedent; Assad Choucair, sibling of decedent; Wadad Choucair, sibling of decedent; Iman Choucair, sibling of decedent; Sahar Choucair, sibling of decedent; and Tayma Choucair, sibling of decedent.

716.    By reason of the death of Bassem Choucair, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

717.    As a direct and proximate result of the foregoing, decedent, Bassem Choucair's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

718.    Kristen Behrens, Esquire as Administratrix of the Estate of Bassem Choucair brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXXI – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF BASSEM CHOUCAIR v. ALL DEFENDANTS

719.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

720.    Plaintiff claims on behalf of the Estate of Bassem Choucair all damages suffered by the Estate by reason of the death of Bassem Choucair, including without limiting the generality of the following: the severe injuries to Bassem Choucair, which resulted in his death;

the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Bassem Choucair suffered prior to his death; the loss of future earning capacity suffered by Bassem Choucair from the date of his death until the time in the future he would have lived had he not died as a result of the injuries he sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

721.   Plaintiff brings this action on behalf of the Estate of Bassem Choucair, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Bassem Choucair's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXXII – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF FATIMA CHOUCAIR v. ALL DEFENDANTS

722.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

723.   Decedent, Fatima Choucair's known potential wrongful death beneficiaries are: Malak Choucair, aunt of decedent; Badar Choucair, grandparent of decedent; Taan Choucair, grandparent of decedent; Assad Choucair, uncle of decedent; Wadad Choucair, uncle of decedent; Iman Choucair, uncle of decedent; Sahar Choucair, uncle of decedent; Tayma Choucair, uncle of decedent; Hisam Choucair, uncle of decedent; Nabil Choucair, uncle of decedent; and Sawsan Choucair, aunt of decedent.

724.   By reason of the death of Fatima Choucair, her beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of

companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

725.    As a direct and proximate result of the foregoing, decedent, Fatima Choucair's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

726.    Kristen Behrens, Esquire as Administratrix of the Estate of Fatima Choucair brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXXIII – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF FATIMA CHOUCAIR v. ALL DEFENDANTS

727.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

728.    Plaintiff claims on behalf of the Estate of Fatima Choucair all damages suffered by the Estate by reason of the death of Fatima Choucair including without limiting the generality of the following: the severe injuries to Fatima Choucair, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Fatima Choucair suffered prior to her death; the loss of future earning

312

capacity suffered by Fatima Choucair from the date of her death until the time in the future she would have lived had she not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

729.    Plaintiff brings this action on behalf of the Estate of Fatima Choucair, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Fatima Choucair's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXXIV – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MIERNA CHOUCAIR v. ALL DEFENDANTS

730.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

731.    Decedent, Mierna Choucair's known potential wrongful death beneficiaries are: Malak Choucair, aunt of decedent; Badar Choucair, grandparent of decedent; Taan Choucair, grandparent of decedent; Assad Choucair, uncle of decedent; Wadad Choucair, uncle of decedent; Iman Choucair, uncle of decedent; Sahar Choucair, uncle of decedent; Tayma Choucair, uncle of decedent; Hisam Choucair, uncle of decedent; Nabil Choucair, uncle of decedent; Sawan Choucair, aunt of decedent.

732.    By reason of the death of Mierna Choucair, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

733. As a direct and proximate result of the foregoing, decedent, Mierna Choucair's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

734. Kristen Behrens, Esquire as Administratrix of the Estate of Mierna Choucair brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXXV – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MIERNA CHOUCAIR v. ALL DEFENDANTS

735. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

736. Plaintiff claims on behalf of the Estate of Mierna Choucair all damages suffered by the Estate by reason of the death of Mierna Choucair, including without limiting the generality of the following: the severe injuries to Mierna Choucair, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Mierna Choucair suffered prior to her death; the loss of future earning capacity suffered by Mierna Choucair from the date of her death until the time in the

future she would have lived had she not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

737.    Plaintiff brings this action on behalf of the Estate of Mierna Choucair, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Mierna Choucair's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXXVI – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF NADIA CHOUCAIR v. ALL DEFENDANTS

738.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

739.    Decedent, Nadia Choucair's known potential wrongful death beneficiaries are: Sawsan Choucair, sibling of decedent; Hisam Choucair, sibling of decedent; and Nabil Choucair, sibling of decedent.

740.    By reason of the death of Nadia Choucair, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

741.    As a direct and proximate result of the foregoing, decedent, Nadia Choucair's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

742.   Kristen Behrens, Esquire as Administratrix of the Estate of Nadia Choucair brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXXVII – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF NADIA CHOUCAIR v. ALL DEFENDANTS

743.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

744.   Plaintiff claims on behalf of the Estate of Nadia Choucair all damages suffered by the Estate by reason of the death of Nadia Choucair, including without limiting the generality of the following: the severe injuries to Nadia Choucair, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Nadia Choucair suffered prior to her death; the loss of future earning capacity suffered by Nadia Choucair from the date of her death until the time in the future she would have lived had she not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

745.   Plaintiff brings this action on behalf of the Estate of Nadia Choucair, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Nadia Choucair's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXXVIII – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF SIRRIA CHOUCAIR v. ALL DEFENDANTS

746.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

747.   Decedent, Sirria Choucair's known potential wrongful death beneficiaries are: Sawsan Choucair, child of decedent; Hisam Choucair, child of decedent; and Nabil Choucair, Child of decedent.

748.   By reason of the death of Sirria Choucair, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

749.   As a direct and proximate result of the foregoing, decedent, Sirria Choucair's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

750.   Kristen Behrens, Esquire as Administratrix of the Estate of Sirria Choucair brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XXXIX – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF SIRRIA CHOUCAIR v. ALL DEFENDANTS

751.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

752.   Plaintiff claims on behalf of the Estate of Sirria Choucair all damages suffered by the Estate by reason of the death of Sirria Choucair, including without limiting the generality of the following: the severe injuries to Sirria Choucair, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Sirria Choucair suffered prior to her death; the loss of future earning capacity suffered by Sirria Choucair from the date of her death until the time in the future she would have lived had she not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

753.   Plaintiff brings this action on behalf of the Estate of Sirria Choucair, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Sirria Choucair's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XL – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ZEINAB CHOUCAIR v. ALL DEFENDANTS

**754.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**755.** Decedent, Zeinab Choucair's known potential wrongful death beneficiaries are: Malak Choucair, aunt of decedent; Badar Choucair, grandparent of decedent; Taan Choucair, grandparent of decedent; Assad Choucair, uncle of decedent; Wadad Choucair, uncle of decedent; Iman Choucair, uncle of decedent; Sahar Choucair, uncle of decedent; Tayma Choucair, uncle of decedent; Hisam Choucair, uncle of decedent; Nabil Choucair, uncle of decedent; and Sawsan Choucair, aunt of decedent.

**756.** By reason of the death of Zeinab Choucair, the wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**757.** As a direct and proximate result of the foregoing, decedent, Zeinab Choucair's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**758.** Kristen Behrens, Esquire as Administratrix of the Estate of Zeinab Choucair brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

319

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XLI – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ZEINAB CHOUCAIR v. ALL DEFENDANTS

**759.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**760.** Plaintiff claims on behalf of the Estate of Zeinab Choucair all damages suffered by the Estate by reason of the death of Zeinab Choucair, including without limiting the generality of the following: the severe injuries to Zeinab Choucair, which resulted in death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Zeinab Choucair suffered prior to death; the loss of future earning capacity suffered by Zeinab Choucair from the date of death until the time in the future decedent would have lived had decedent not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**761.** Plaintiff brings this action on behalf of the Estate of Zeinab Choucair, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Zeinab Choucair's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XLII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF JOSEPH DANIELS v. ALL DEFENDANTS

**762.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**763.** Decedent, Joseph Daniels' known potential wrongful death beneficiaries are: Samuel Daniels, child of decedent; and Stephie Hillier, child of decedent.

**764.** By reason of the death of Joseph Daniels, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**765.** As a direct and proximate result of the foregoing, decedent, Joseph Daniels' wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**766.** Kristen Behrens, Esquire as Administratrix of the Estate of Joseph Daniels brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XLIII – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF JOSEPH DANIELS v. ALL DEFENDANTS

**767.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**768.** Plaintiff claims on behalf of the Estate of Joseph Daniels all damages suffered by the Estate by reason of the death of Joseph Daniels, including without limiting the generality of the following: the severe injuries to Joseph Daniels, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Joseph Daniels suffered prior to his death; the loss of future earning capacity suffered by Joseph Daniels from the date of his death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**769.** Plaintiff brings this action on behalf of the Estate of Joseph Daniels, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Joseph Daniels' Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XLIV – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF JEREMIAH DEEN v. ALL DEFENDANTS

**770.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

771.   Decedent, Jeremiah Deen's known potential wrongful death beneficiaries are: Zainu Deen, grandfather of decedent.

772.   By reason of the death of Jeremiah Deen, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

773.   As a direct and proximate result of the foregoing, decedent, Jeremiah Deen's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

774.   Kristen Behrens, Esquire as Administratrix of the Estate of Jeremiah Deen brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XLV – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF JEREMIAH DEEN v. ALL DEFENDANTS

775.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

776. Plaintiff claims on behalf of the Estate of Jeremiah Deen all damages suffered by the Estate by reason of the death of Jeremiah Deen, including without limiting the generality of the following: the severe injuries to Jeremiah Deen, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Jeremiah Deen suffered prior to his death; the loss of future earning capacity suffered by Jeremiah Deen from the date of his death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

777. Plaintiff brings this action on behalf of the Estate of Jeremiah Deen, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Jeremiah Deen's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XLVI – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ZAINAB DEEN v. ALL DEFENDANTS

778. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

779. Decedent, Zainab Deen's known potential wrongful death beneficiaries are: Zainu Deen, parent of decedent; Anna Thomas, parent of decedent; Elizabeth Bangura, child of decedent; and Jemima Hussain, child of decedent.

780. By reason of the death of Zainab Deen, the wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to,

324

loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

781.   As a direct and proximate result of the foregoing, decedent, Zainab Deen's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

782.   Kristen Behrens, Esquire as Administratrix of the Estate of Zainab Deen brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XLVII – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ZAINAB DEEN v. ALL DEFENDANTS

783.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

784.   Plaintiff claims on behalf of the Estate of Zainab Deen all damages suffered by the Estate by reason of the death of Zainab Deen, including without limiting the generality of the following: the severe injuries to Zainab Deen, which resulted in death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Zainab Deen suffered prior to death; the loss of future earning capacity suffered by

Zainab Deen from the date of death until the time in the future decedent would have lived had decedent not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

785.    Plaintiff brings this action on behalf of the Estate of Zainab Deen, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Zainab Deen's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XLVIII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ANTHONY DISSON v. ALL DEFENDANTS

786.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

787.    Decedent, Anthony Disson's known potential wrongful death beneficiaries are: Cordelia Disson, wife of decedent; Lee Disson, child of decedent; Harriboy Disson, child of decedent; Alfie Disson, child of decedent; and Charlie Disson, child of decedent.

788.    By reason of the death of Anthony Disson, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

789.    As a direct and proximate result of the foregoing, decedent, Anthony Disson's wrongful death beneficiaries incurred or have been caused to incur and pay large and various

expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

790.   Kristen Behrens, Esquire as Administratrix of the Estate of Anthony Disson brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XLIX – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ANTHONY DISSON v. ALL DEFENDANTS

791.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

792.   Plaintiff claims on behalf of the Estate of Anthony Disson all damages suffered by the Estate by reason of the death of Anthony Disson, including without limiting the generality of the following: the severe injuries to Anthony Disson, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Anthony Disson suffered prior to his death; the loss of future earning capacity suffered by Anthony Disson from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

793.   Plaintiff brings this action on behalf of the Estate of Anthony Disson, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Anthony Disson's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT L – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ESLAH ELGWAHRY v. ALL DEFENDANTS

794.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

795.   Decedent, Eslah Elgwahry's known potential wrongful death beneficiary is: Ahmed Elgwahry, child of decedent.

796.   By reason of the death of Eslah Elgwahry, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

797.   As a direct and proximate result of the foregoing, decedent, Eslah Elgwahry's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

798.   Kristen Behrens, Esquire as Administratrix of the Estate of Eslah Elgwahry brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and

claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LI – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ESLAH ELGWAHRY v. ALL DEFENDANTS

799.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

800.    Plaintiff claims on behalf of the Estate of Eslah Elgwahry all damages suffered by the Estate by reason of the death of Eslah Elgwahry, including without limiting the generality of the following: the severe injuries to Eslah Elgwahry, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Eslah Elgwahry suffered prior to her death; the loss of future earning capacity suffered by Eslah Elgwahry from the date of her death until the time in the future she would have lived had she not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

801.    Plaintiff brings this action on behalf of the Estate of Eslah Elgwahry, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Eslah Elgwahry's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MARIEM ELGWAHRY v. ALL DEFENDANTS

**802.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**803.** Decedent, Mariem Elgwahry's known potential wrongful death beneficiary is: Ahmed Elgwahry, sibling of decedent.

**804.** By reason of the death of Mariem Elgwahry, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**805.** As a direct and proximate result of the foregoing, decedent, Mariem Elgwahry's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**806.** Kristen Behrens, Esquire as Administratrix of the Estate of Mariem Elgwahry brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold

in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LIII – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MARIEM ELGWAHRY v. ALL DEFENDANTS

807.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

808.    Plaintiff claims on behalf of the Estate of Mariem Elgwahry all damages suffered by the Estate by reason of the death of Mariem Elgwahry, including without limiting the generality of the following: the severe injuries to Mariem Elgwahry, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Mariem Elgwahry suffered prior to her death; the loss of future earning capacity suffered by Mariem Elgwahry from the date of her death until the time in the future she would have lived had she not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

809.    Plaintiff brings this action on behalf of the Estate of Mariem Elgwahry, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Mariem Elgwahry's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LIV – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF FATHIA AHMED ELSANOUSI v. ALL DEFENDANTS

**810.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**811.**   Decedent, Fathia Ahmed Elsanousi's known potential wrongful death beneficiaries are: Abu Baker Ibrahim, child of decedent; Iman Ibrahim, child of decedent; Gasim Ibrahim, child of decedent; and Hayat Elsanousi, sibling of decedent.

**812.**   By reason of the death of Fathia Ahmed Elsanousi, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**813.**   As a direct and proximate result of the foregoing, decedent, Fathia Ahmed Elsanousi's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**814.**   Kristen Behrens, Esquire as Administratrix of the Estate of Fathia Ahmed Elsanousi brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold

in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LV – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF FATHIA AHMED ELSANOUSI v. ALL DEFENDANTS

**815.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**816.** Plaintiff claims on behalf of the Estate of Fathia Ahmed Elsanousi all damages suffered by the Estate by reason of the death of Fathia Ahmed Elsanousi, including without limiting the generality of the following: the severe injuries to Fathia Ahmed Elsanousi, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Fathia Ahmed Elsanousi suffered prior to her death; the loss of future earning capacity suffered by Fathia Ahmed Elsanousi from the date of her death until the time in the future she would have lived had she not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**817.** Plaintiff brings this action on behalf of the Estate of Fathia Ahmed Elsanousi, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Fathia Ahmed Elsanousi's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LVI – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ABDULAZIZ EL-WAHABI v. ALL DEFENDANTS

**818.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**819.** Decedent, Abdulaziz El-Wahabi's known potential wrongful death beneficiaries are: Hanan Wahabi, sibling of decedent; Abdelhamed El-Wahabi, sibling of decedent; Sodia El-Wahabi, parent of decedent; Amin El-Wahabi, sibling of decedent; Fatima Jones, sibling of decedent; Asia Ghamhi, sibling of decedent; Ghita Chellat, sibling of decedent; Malika El-Gourja, sibling of decedent; and Amina Chaer-Yemlahi, sibling of decedent.

**820.** By reason of the death of Abdulaziz El-Wahabi, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**821.** As a direct and proximate result of the foregoing, decedent, Abdulaziz El-Wahabi's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**822.** Kristen Behrens, Esquire as Administratrix of the Estate of Abdulaziz El-Wahabi brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LVII – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ABDULAZIZ EL-WAHABI v. ALL DEFENDANTS

823.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

824.    Plaintiff claims on behalf of the Estate of Abdulaziz El-Wahabi all damages suffered by the Estate by reason of the death of Abdulaziz El-Wahabi, including without limiting the generality of the following: the severe injuries to Abdulaziz El-Wahabi, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Abdulaziz El-Wahabi suffered prior to his death; the loss of future earning capacity suffered by Abdulaziz El-Wahabi from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

825.    Plaintiff brings this action on behalf of the Estate of Abdulaziz El-Wahabi, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Abdulaziz El-Wahabi's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LVIII – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF FAOUZIA EL-WAHABI v. ALL DEFENDANTS

**826.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**827.** Decedent, Faouzia El-Wahabi's known potential wrongful death beneficiaries are: Menana Jebari, parent of decedent; Monir Rami, sibling of decedent; Hamida Rami, sibling of decedent; Abdulmoghet Rami, sibling of decedent.

**828.** By reason of the death of Faouzia El-Wahabi, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**829.** As a direct and proximate result of the foregoing, decedent, Faouzia El-Wahabi's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**830.** Kristen Behrens, Esquire as Administratrix of the Estate of Faouzia El-Wahabi brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LIX – SURVIVAL ACT
**KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF FAOUZIA EL-WAHABI v. ALL DEFENDANTS**

**831.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**832.** Plaintiff claims on behalf of the Estate of Faouzia El-Wahabi all damages suffered by the Estate by reason of the death of Faouzia El-Wahabi, including without limiting the generality of the following: the severe injuries to Faouzia El-Wahabi, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Faouzia El-Wahabi suffered prior to her death; the loss of future earning capacity suffered by Faouzia El-Wahabi from the date of death until the time in the future she would have lived had she not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**833.** Plaintiff brings this action on behalf of the Estate of Faouzia El-Wahabi, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Faouzia El-Wahabi's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LX – WRONGFUL DEATH
**KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MEHDI EL-WAHABI v. ALL DEFENDANTS**

**834.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**835.** Decedent, Mehdi El-Wahabi's known potential wrongful death beneficiaries are: Menana Jebari, grandmother of decedent; Sodia El-Wahabi, grandmother of decedent; Monir Rami, uncle of decedent; Hamida Rami, aunt of decedent; Abdulmoghet Rami, uncle of decedent; Hanan Wahabi, aunt of decedent; Abdelhamed El-Wahabi, uncle of decedent; Amin El-Wahabi, uncle of decedent; Fatima Jones, aunt of decedent; Asia Ghamhi, aunt of decedent; Ghita Chellat, aunt of decedent; Malika El-Gourja, aunt of decedent; Amina Chaer-Yemlahi, aunt of decedent.

**836.** By reason of the death of Mehdi El-Wahabi, the wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**837.** As a direct and proximate result of the foregoing, decedent, Mehdi El-Wahabi's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**838.** Kristen Behrens, Esquire as Administratrix of the Estate of Mehdi El-Wahabi brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXI – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MEHDI EL-WAHABI v. ALL DEFENDANTS

**839.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**840.**   Plaintiff claims on behalf of the Estate of Mehdi El-Wahabi all damages suffered by the Estate by reason of the death of Mehdi El-Wahabi, including without limiting the generality of the following: the severe injuries to Mehdi El-Wahabi, which resulted in death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Mehdi El-Wahabi suffered prior to death; the loss of future earning capacity suffered by Mehdi El-Wahabi from the date of death until the time in the future decedent would have lived had decedent not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**841.**   Plaintiff brings this action on behalf of the Estate of Mehdi El-Wahabi, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Mehdi El-Wahabi's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF NUR HUDA EL-WAHABI v. ALL DEFENDANTS

**842.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

843. Decedent, Nur Huda El-Wahabi's known potential wrongful death beneficiaries are: Menana Jebari, grandmother of decedent; Sodia El-Wahabi, grandmother of decedent; Monir Rami, uncle of decedent; Hamida Rami, aunt of decedent; Abdulmoghet Rami, uncle of decedent; Hanan Wahabi, aunt of decedent; Abdelhamed El-Wahabi, uncle of decedent; Amin El-Wahabi, uncle of decedent; Fatima Jones, aunt of decedent; Asia Ghamhi, aunt of decedent; Ghita Chellat, aunt of decedent; Malika El-Gourja, aunt of decedent; Amina Chaer-Yemlahi, aunt of decedent.

844. By reason of the death of Nur Huda El-Wahabi, the wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

845. As a direct and proximate result of the foregoing, decedent, Nur Huda El-Wahabi wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

846. Kristen Behrens, Esquire as Administratrix of the Estate of Nur Huda El-Wahabi brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXIII – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF NUR HUDA EL-WAHABI v. ALL DEFENDANTS

**847.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**848.**   Plaintiff claims on behalf of the Estate of Nur Huda El-Wahabi all damages suffered by the Estate by reason of the death of Nur Huda El-Wahabi, including without limiting the generality of the following: the severe injuries to Nur Huda El-Wahabi, which resulted in death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Nur Huda El-Wahabi suffered prior to death; the loss of future earning capacity suffered by Nur Huda El-Wahabi from the date of death until the time in the future decedent would have lived had decedent not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**849.**   Plaintiff brings this action on behalf of the Estate of Nur Huda El-Wahabi, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Nur Huda El-Wahabi's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXIV – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF YASIN EL-WAHABI v. ALL DEFENDANTS

**850.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

851.    Decedent, Yasin El-Wahabi's known potential wrongful death beneficiaries are: Menana Jebari, grandmother of decedent; Sodia El-Wahabi, grandmother of decedent; Monir Rami, uncle of decedent; Hamida Rami, aunt of decedent; Abdulmoghet Rami, uncle of decedent; Hanan Wahabi, aunt of decedent; Abdelhamed El-Wahabi, uncle of decedent; Amin El-Wahabi, uncle of decedent; Fatima Jones, aunt of decedent; Asia Ghamhi, aunt of decedent; Ghita Chellat, aunt of decedent; Malika El-Gourja, aunt of decedent; Amina Chaer-Yemlahi, aunt of decedent.

852.    By reason of the death of Yasin El-Wahabi, the wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

853.    As a direct and proximate result of the foregoing, decedent, Yasin El-Wahabi's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

854.    Kristen Behrens, Esquire as Administratrix of the Estate of Yasin El-Wahabi brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXV – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF YASIN EL-WAHABI v. ALL DEFENDANTS

**855.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**856.** Plaintiff claims on behalf of the Estate of Yasin El-Wahabi all damages suffered by the Estate by reason of the death of Yasin El-Wahabi, including without limiting the generality of the following: the severe injuries to Yasin El-Wahabi, which resulted in death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Yasin El-Wahabi suffered prior to death; the loss of future earning capacity suffered by Yasin El-Wahabi from the date of death until the time in the future decedent would have lived had decedent not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**857.** Plaintiff brings this action on behalf of the Estate of Yasin El-Wahabi, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Yasin El-Wahabi's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXVI – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF LOGAN GOMES v. ALL DEFENDANTS

**858.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**859.** Decedent, Logan Gomes' known potential wrongful death beneficiaries are: Marcio Gomes, parent of decedent; and Andreia Perestrelo, parent of decedent.

**860.** By reason of the death of Logan Gomes, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**861.** As a direct and proximate result of the foregoing, decedent, Logan Gomes' wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**862.** Kristen Behrens, Esquire as Administratrix of the Estate of Logan Gomes brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXVII – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF LOGAN GOMES v. ALL DEFENDANTS

**863.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

864.    Plaintiff claims on behalf of the Estate of Logan Gomes all damages suffered by the Estate by reason of the death of Logan Gomes, including without limiting the generality of the following: the severe injuries to Logan Gomes, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Logan Gomes suffered prior to his death; the loss of future earning capacity suffered by Logan Gomes from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

865.    Plaintiff brings this action on behalf of the Estate of Logan Gomes, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Logan Gomes' Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXVIII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MARCO GOTTARDI v. ALL DEFENDANTS

866.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

867.    Decedent, Marco Gottardi's known potential wrongful death beneficiaries are: Giannino Gottardi, parent of decedent; and Daniela Burigotto, parent of decedent.

868.    By reason of the death of Marco Gottardi, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited

to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

869. As a direct and proximate result of the foregoing, decedent, Marco Gottardi's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

870. Kristen Behrens, Esquire as Administratrix of the Estate of Marco Gottardi brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

COUNT LXIX – SURVIVAL ACT
<u>KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MARCO GOTTARDI v. ALL DEFENDANTS</u>

871. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

872. Plaintiff claims on behalf of the Estate of Marco Gottardi all damages suffered by the Estate by reason of the death of Marco Gottardi, including without limiting the generality of the following: the severe injuries to Marco Gottardi, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Marco Gottardi suffered prior to his death; the loss of future earning

346

capacity suffered by Marco Gottardi from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

873.   Plaintiff brings this action on behalf of the Estate of Marco Gottardi, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Marco Gottardi's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXX – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF BERKTI HAFTOM v. ALL DEFENDANTS

874.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

875.   Decedent, Berkti Haftom's known potential wrongful death beneficiary is: Nahom Tesfay, sibling of decedent.

876.   By reason of the death of Berkti Haftom, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

877.   As a direct and proximate result of the foregoing, decedent, Berkti Haftom's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

878.   Kristen Behrens, Esquire as Administratrix of the Estate of Berkti Haftom brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXI – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF BERKTI HAFTOM v. ALL DEFENDANTS

879.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

880.   Plaintiff claims on behalf of the Estate of Berkti Haftom all damages suffered by the Estate by reason of the death of Berkti Haftom, including without limiting the generality of the following: the severe injuries to Berkti Haftom, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Berkti Haftom suffered prior to her death; the loss of future earning capacity suffered by Berkti Haftom from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

881.   Plaintiff brings this action on behalf of the Estate of Berkti Haftom, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Berkti Haftom's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

### COUNT LXXII – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF BIRUK HAFTOM v. ALL DEFENDANTS

**882.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**883.**   Decedent, Biruk Haftom's known potential wrongful death beneficiaries are: Hayelom Abriham Woldegabir, parent of decedent; and Nahom Tesfay, sibling of decedent.

**884.**   By reason of the death of Biruk Haftom, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**885.**   As a direct and proximate result of the foregoing, decedent, Biruk Haftom's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**886.**   Kristen Behrens, Esquire as Administratrix of the Estate of Biruk Haftom brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold

in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXIII – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF BIRUK HAFTOM v. ALL DEFENDANTS

**887.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**888.** Plaintiff claims on behalf of the Estate of Biruk Haftom all damages suffered by the Estate by reason of the death of Biruk Haftom, including without limiting the generality of the following: the severe injuries to Biruk Haftom, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Biruk Haftom suffered prior to his death; the loss of future earning capacity suffered by Biruk Haftom from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**889.** Plaintiff brings this action on behalf of the Estate of Biruk Haftom, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Biruk Haftom's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXIV – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF FARAH HAMDAN v. ALL DEFENDANTS

**890.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**891.** Decedent, Farah Hamdan's known potential wrongful death beneficiaries are: Tasnim Belkadi, child of decedent; Rkia Hamdan, sibling of decedent; Safa Hamdan, sibling of decedent; and Samira Hamdan, sibling of decedent.

**892.** By reason of the death of Farah Hamdan, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**893.** As a direct and proximate result of the foregoing, decedent, Farah Hamdan's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**894.** Kristen Behrens, Esquire as Administratrix of the Estate of Farah Hamdan brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXV – SURVIVAL ACT
**KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF FARAH HAMDAN v. ALL DEFENDANTS**

**895.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**896.**   Plaintiff claims on behalf of the Estate of Farah Hamdan all damages suffered by the Estate by reason of the death of Farah Hamdan, including without limiting the generality of the following: the severe injuries to Farah Hamdan, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Farah Hamdan suffered prior to her death; the loss of future earning capacity suffered by Farah Hamdan from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**897.**   Plaintiff brings this action on behalf of the Estate of Farah Hamdan, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Farah Hamdan's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXVI – WRONGFUL DEATH
**KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MOHAMMED HAMID v. ALL DEFENDANTS**

**898.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

899. Decedent, Mohammed Hamid's known potential wrongful death beneficiaries are: Mohammed Hakim, sibling of decedent; Sujon Miah, sibling of decedent; Mina Begum, sibling of decedent; Rushna Begum, sibling of decedent.

900. By reason of the death of Mohammed Hamid, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

901. As a direct and proximate result of the foregoing, decedent, Mohammed Hamid's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

902. Kristen Behrens, Esquire as Administratrix of the Estate of Mohammed Hamid brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXVII – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MOHAMMED HAMID v. ALL DEFENDANTS

903. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

904. Plaintiff claims on behalf of the Estate of Mohammed Hamid all damages suffered by the Estate by reason of the death of Mohammed Hamid, including without limiting the generality of the following: the severe injuries to Mohammed Hamid, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Mohammed Hamid suffered prior to his death; the loss of future earning capacity suffered by Mohammed Hamid from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

905. Plaintiff brings this action on behalf of the Estate of Mohammed Hamid, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Mohammed Hamid's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXVIII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MOHAMMED HANIF v. ALL DEFENDANTS

906. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

907. Decedent, Mohammed Hanif's known potential wrongful death beneficiaries are: Mohammed Hakim, sibling of decedent; Sujon Miah, sibling of decedent; Mina Begum, sibling of decedent; and Rushna Begum, sibling of decedent.

908. By reason of the death of Mohammed Hanif, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not

limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

909.    As a direct and proximate result of the foregoing, decedent, Mohammed Hanif's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

910.    Kristen Behrens, Esquire as Administratrix of the Estate of Mohammed Hanif brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXIX – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MOHAMMED HANIF v. ALL DEFENDANTS

911.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

912.    Plaintiff claims on behalf of the Estate of Mohammed Hanif all damages suffered by the Estate by reason of the death of Mohammed Hanif, including without limiting the generality of the following: the severe injuries to Mohammed Hanif, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Mohammed Hanif suffered prior to his death; the loss of future

earning capacity suffered by Mohammed Hanif from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

913. Plaintiff brings this action on behalf of the Estate of Mohammed Hanif, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Mohammed Hanif's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXX – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF YAHYA HASHIM v. ALL DEFENDANTS

914. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

915. Decedent, Yahya Hashim's known potential wrongful death beneficiaries are: Assema Kedir Habib, uncle of decedent; Shemsu Kedir Habib, uncle of decedent; Fatuma Kedir Habib, aunt of decedent; Jemal Kedir Habib, uncle of decedent; Mehammed Kedir Habib, uncle of decedent; Merema Kedir Habib, aunt of decedent; Redwan Kedir, uncle of decedent; Bedriya Hajji Kedir, aunt of decedent; Sadik Jemal Kelbeto, uncle of decedent; Bedriya Jemal Kelbeto, aunt of decedent; Nurya Jemal Kelbeto, aunt of decedent; Jamaledin Nasser, uncle of decedent; Mehamed Nasser, uncle of decedent; Senia Nasser, aunt of decedent; and Fedlu Nasser, aunt of decedent.

916. By reason of the death of Yahya Hashim, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to,

loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

917.    As a direct and proximate result of the foregoing, decedent, Yahya Hashim's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

918.    Kristen Behrens, Esquire as Administratrix of the Estate of Yahya Hashim brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXXI – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF YAHYA HASHIM v. ALL DEFENDANTS

919.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

920.    Plaintiff claims on behalf of the Estate of Yahya Hashim all damages suffered by the Estate by reason of the death of Yahya Hashim, including without limiting the generality of the following: the severe injuries to Yahya Hashim, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Yahya Hashim suffered prior to his death; the loss of future earning

capacity suffered by Yahya Hashim from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

921.    Plaintiff brings this action on behalf of the Estate of Yahya Hashim, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Yahya Hashim's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXXII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF FIRDAWS HASHIM v. ALL DEFENDANTS

922.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

923.    Decedent, Firdaws Hashim's known potential wrongful death beneficiaries are: Assema Kedir Habib, uncle of decedent; Shemsu Kedir Habib, uncle of decedent; Fatuma Kedir Habib, aunt of decedent; Jemal Kedir Habib, uncle of decedent; Mehammed Kedir Habib, uncle of decedent; Merema Kedir Habib, aunt of decedent; Redwan Kedir, uncle of decedent; Bedriya Hajji Kedir, aunt of decedent; Sadik Jemal Kelbeto, uncle of decedent; Bedriya Jemal Kelbeto, aunt of decedent; Nurya Jemal Kelbeto, aunt of decedent; Jamaledin Nasser, uncle of decedent; Mehamed Nasser, uncle of decedent; Senia Nasser, aunt of decedent; and Fedlu Nasser, aunt of decedent.

924.    By reason of the death of Firdaws Hashim, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited

358

to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

925.   As a direct and proximate result of the foregoing, decedent, Firdaws Hashim's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

926.   Kristen Behrens, Esquire as Administratrix of the Estate of Firdaws Hashim brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXXIII – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF FIRDAWS HASHIM v. ALL DEFENDANTS

927.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

928.   Plaintiff claims on behalf of the Estate of Firdaws Hashim all damages suffered by the Estate by reason of the death of Firdaws Hashim, including without limiting the generality of the following: the severe injuries to Firdaws Hashim, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Firdaws Hashim suffered prior to her death; the loss of future earning

capacity suffered by Firdaws Hashim from the date of death until the time in the future she would have lived had she not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

929. Plaintiff brings this action on behalf of the Estate of Firdaws Hashim, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Firdaws Hashim's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXXIV – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF HASHIM KEDIR v. ALL DEFENDANTS

930. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

931. Decedent, Hashim Kedir's known potential wrongful death beneficiaries are: Assema Kedir Habib, sibling of decedent; Shemsu Kedir Habib, sibling of decedent; Fatuma Kedir Habib, sibling of decedent; Jemal Kedir Habib, sibling of decedent; Mehammed Kedir Habib, sibling of decedent; Merema Kedir Habib, sibling of decedent; Redwan Kedir, sibling of decedent; and Bedriya Hajji Kedi, sibling of decedent.

932. By reason of the death of Hashim Kedir, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

933.    As a direct and proximate result of the foregoing, decedent, Hashim Kedir's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

934.    Kristen Behrens, Esquire as Administratrix of the Estate of Hashim Kedir brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXXV – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF HASHIM KEDIR v. ALL DEFENDANTS

935.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

936.    Plaintiff claims on behalf of the Estate of Hashim Kedir all damages suffered by the Estate by reason of the death of Hashim Kedir, including without limiting the generality of the following: the severe injuries to Hashim Kedir, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Hashim Kedir suffered prior to his death; the loss of future earning capacity suffered by Hashim Kedir from the date of death until the time in the future he would

have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

937. Plaintiff brings this action on behalf of the Estate of Hashim Kedir, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Hashim Kedir's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXXVI – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF YAQUB HASHIM v. ALL DEFENDANTS

938. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

939. Decedent, Yaqub Hashim's known potential wrongful death beneficiaries are: Assema Kedir Habib, uncle of decedent; Shemsu Kedir Habib, uncle of decedent; Fatuma Kedir Habib, aunt of decedent; Jemal Kedir Habib, uncle of decedent; Mehammed Kedir Habib, uncle of decedent; Merema Kedir Habib, aunt of decedent; Redwan Kedir, uncle of decedent; Bedriya Hajji Kedir, aunt of decedent; Sadik Jemal Kelbeto, uncle of decedent; Bedriya Jemal Kelbeto, aunt of decedent; Nurya Jemal Kelbeto, aunt of decedent; Jamaledin Nasser, uncle of decedent; Mehamed Nasser, uncle of decedent; Senia Nasser, aunt of decedent; and Fedlu Nasser, aunt of decedent.

940. By reason of the death of Yaqub Hashim, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to,

362

loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

941. As a direct and proximate result of the foregoing, decedent, Yaqub Hashim's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

942. Kristen Behrens, Esquire as Administratrix of the Estate of Yaqub Hashim brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXXVII – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF YAQUB HASHIM v. ALL DEFENDANTS

943. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

944. Plaintiff claims on behalf of the Estate of Yaqub Hashim all damages suffered by the Estate by reason of the death of Yaqub Hashim, including without limiting the generality of the following: the severe injuries to Yaqub Hashim, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Yaqub Hashim suffered prior to his death; the loss of future earning

capacity suffered by Yaqub Hashim from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

945.    Plaintiff brings this action on behalf of the Estate of Yaqub Hashim, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Yaqub Hashim's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXXVIII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF FETHIA HASSAN v. ALL DEFENDANTS

946.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

947.    Decedent, Fethia Hassan's known potential wrongful death beneficiaries are: Awadh Hassan Hassan, parent of decedent; and Sayeda Ibrahim, aunt of decedent.

948.    By reason of the death of Fethia Hassan, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

949.    As a direct and proximate result of the foregoing, decedent, Fethia Hassan's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

364

950. Kristen Behrens, Esquire as Administratrix of the Estate of Fethia Hassan brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT LXXXIX – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF FETHIA HASSAN v. ALL DEFENDANTS

951. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

952. Plaintiff claims on behalf of the Estate of Fethia Hassan all damages suffered by the Estate by reason of the death of Fethia Hassan, including without limiting the generality of the following: the severe injuries to Fethia Hassan, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Fethia Hassan suffered prior to her death; the loss of future earning capacity suffered by Fethia Hassan from the date of death until the time in the future she would have lived had she not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

953. Plaintiff brings this action on behalf of the Estate of Fethia Hassan, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Fethia Hassan's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XC – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF HANIA HASSAN
## v. ALL DEFENDANTS

954.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

955.   Decedent, Hania Hassan's known potential wrongful death beneficiaries are: Awadh Hassan Hassan, parent of decedent; and Sayeda Ibrahim, aunt of decedent.

956.   By reason of the death of Hania Hassan, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

957.   As a direct and proximate result of the foregoing, decedent, Hania Hassan's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

958.   Kristen Behrens, Esquire as Administratrix of the Estate of Hania Hassan brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold

in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XCI – SURVIVAL ACT
**KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF HANIA HASSAN v. ALL DEFENDANTS**

**959.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**960.**   Plaintiff claims on behalf of the Estate of Hania Hassan all damages suffered by the Estate by reason of the death of Hania Hassan, including without limiting the generality of the following: the severe injuries to Hania Hassan, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Hania Hassan suffered prior to her death; the loss of future earning capacity suffered by Hania Hassan from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**961.**   Plaintiff brings this action on behalf of the Estate of Hania Hassan, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Hania Hassan's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XCII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ABUFARS IBRAHIM v. ALL DEFENDANTS

**962.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**963.** Decedent, Abufars Ibrahim's known potential wrongful death beneficiaries are: Abu Baker Ibrahim, sibling of decedent; Iman Ibrahim, sibling of decedent; and Gasim Ibrahim, sibling of decedent.

**964.** By reason of the death of Abufars Ibrahim, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**965.** As a direct and proximate result of the foregoing, decedent, Abufars Ibrahim's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**966.** Kristen Behrens, Esquire as Administratrix of the Estate of Abufars Ibrahim brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XCIII – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ABUFARS IBRAHIM v. ALL DEFENDANTS

**967.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**968.** Plaintiff claims on behalf of the Estate of Abufars Ibrahim all damages suffered by the Estate by reason of the death of Abufars Ibrahim, including without limiting the generality of the following: the severe injuries to Abufars Ibrahim, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Abufars Ibrahim suffered prior to his death; the loss of future earning capacity suffered by Abufars Ibrahim from the date of death until the time in the future he would have lived had he not died as a result of the injuries he sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**969.** Plaintiff brings this action on behalf of the Estate of Abufars Ibrahim, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Abufars Ibrahim's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XCIV – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ISRA IBRAHIM v. ALL DEFENDANTS

**970.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

971.   Decedent, Isra Ibrahim's known potential wrongful death beneficiaries are: Said Essaouini, spouse of decedent; Abu Baker Ibrahim, sibling of decedent; Iman Ibrahim, sibling of decedent; and Gasim Ibrahim, sibling of decedent.

972.   By reason of the death of Isra Ibrahim, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

973.   As a direct and proximate result of the foregoing, decedent, Isra Ibrahim's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

974.   Kristen Behrens, Esquire as Administratrix of the Estate of Isra Ibrahim brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XCV – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ISRA IBRAHIM v. ALL DEFENDANTS

975.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

976.    Plaintiff claims on behalf of the Estate of Isra Ibrahim all damages suffered by the Estate by reason of the death of Isra Ibrahim, including without limiting the generality of the following: the severe injuries to Isra Ibrahim, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Isra Ibrahim suffered prior to her death; the loss of future earning capacity suffered by Isra Ibrahim from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

977.    Plaintiff brings this action on behalf of the Estate of Isra Ibrahim, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Isra Ibrahim's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XCVI – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF RANIA IBRAHIM v. ALL DEFENDANTS

978.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

979.    Decedent, Rania Ibrahim's known potential wrongful death beneficiaries are: Awadh Hassan Hassan, spouse of decedent; and Sayeda Ibrahim, sibling of decedent.

980.    By reason of the death of Rania Ibrahim, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to,

loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

981.    As a direct and proximate result of the foregoing, decedent, Rania Ibrahim's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

982.    Kristen Behrens, Esquire as Administratrix of the Estate of Rania Ibrahim brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XCVII – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF RANIA IBRAHIM v. ALL DEFENDANTS

983.    Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

984.    Plaintiff claims on behalf of the Estate of Rania Ibrahim all damages suffered by the Estate by reason of the death of Rania Ibrahim, including without limiting the generality of the following: the severe injuries to Rania Ibrahim, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Rania Ibrahim suffered prior to her death; the loss of future earning

capacity suffered by Rania Ibrahim from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

985.   Plaintiff brings this action on behalf of the Estate of Rania Ibrahim, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Rania Ibrahim's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT XCVIII – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF AMNA MAHMUD IDRIS v. ALL DEFENDANTS

986.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

987.   Decedent, Amna Mahmud Idris' known potential wrongful death beneficiaries are: Ibrahim Abubaker Abdalkarim, spouse of decedent.

988.   By reason of the death of Amna Mahmud Idris, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

989.   As a direct and proximate result of the foregoing, decedent, Amna Mahmud Idris' wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

990. Kristen Behrens, Esquire as Administratrix of the Estate of Amna Mahmud Idris brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

### COUNT XCIX – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF AMNA MAHMUD IDRIS v. ALL DEFENDANTS

991. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

992. Plaintiff claims on behalf of the Estate of Amna Mahmud Idris all damages suffered by the Estate by reason of the death of Amna Mahmud Idris, including without limiting the generality of the following: the severe injuries to Amna Mahmud Idris, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Amna Mahmud Idris suffered prior to her death; the loss of future earning capacity suffered by Amna Mahmud Idris from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

993. Plaintiff brings this action on behalf of the Estate of Amna Mahmud Idris, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Amna Mahmud Idris' Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT C – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ALI YAWAR JAFARI v. ALL DEFENDANTS

994.   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

995.   Decedent, Ali Yawar Jafari's known potential wrongful death beneficiaries are: Fatima Jafari, spouse of decedent; Nadia Jafari, child of decedent; Maria Jafari, child of decedent; Bashir Jafari, child of decedent; Hamid Jafari, child of decedent; Farid Jafari, child of decedent.

996.   By reason of the death of Ali Yawar Jafari, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

997.   As a direct and proximate result of the foregoing, decedent, Ali Yawar Jafari's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

998.   Kristen Behrens, Esquire as Administratrix of the Estate of Ali Yawar Jafari brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

375

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CI – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ALI YAWAR JAFARI v. ALL DEFENDANTS

**999.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1000.** Plaintiff claims on behalf of the Estate of Ali Yawar Jafari all damages suffered by the Estate by reason of the death of Ali Yawar Jafari, including without limiting the generality of the following: the severe injuries to Ali Yawar Jafari, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Ali Yawar Jafari suffered prior to his death; the loss of future earning capacity suffered by Ali Yawar Jafari from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1001.** Plaintiff brings this action on behalf of the Estate of Ali Yawar Jafari, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Ali Yawar Jafari's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF NURA JEMAL v. ALL DEFENDANTS

**1002.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1003.** Decedent, Nura Jemal's known potential wrongful death beneficiaries are: Sadik Jemal Kelbeto, sibling of decedent; Bedriya Jemal Kelbeto, sibling of decedent; Nurya Jemal Kelbeto, sibling of decedent; Jamaledin Nasser, sibling of decedent; Mehamed Nasser, sibling of decedent; Senia Nasser, sibling of decedent; Fedlu Nasser, sibling of decedent.

**1004.** By reason of the death of Nura Jemal, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1005.** As a direct and proximate result of the foregoing, decedent, Nura Jemal's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**1006.** Kristen Behrens, Esquire as Administratrix of the Estate of Nura Jemal brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold

in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

**COUNT CIII – SURVIVAL ACT**
**KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF NURA JEMAL v.**
**ALL DEFENDANTS**

**1007.**   Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1008.**   Plaintiff claims on behalf of the Estate of Nura Jemal all damages suffered by the Estate by reason of the death of Nura Jemal, including without limiting the generality of the following: the severe injuries to Nura Jemal, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Nura Jemal suffered prior to her death; the loss of future earning capacity suffered by Nura Jemal from the date of death until the time in the future she would have lived had she not died as a result of the injuries she sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1009.**   Plaintiff brings this action on behalf of the Estate of Nura Jemal, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Nura Jemal's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CIV – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF HAMID KANI v. ALL DEFENDANTS

**1010.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1011.** Decedent, Hamid Kani's known potential wrongful death beneficiaries are: Masoud Shahabeddin, cousin of decedent; Fatemeh Kani, sibling of decedent; Hussain Kani, sibling of decedent; Zoreh Banoo Kani, sibling of decedent.

**1012.** By reason of the death of Hamid Kani, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1013.** As a direct and proximate result of the foregoing, decedent, Hamid Kani's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**1014.** Kristen Behrens, Esquire as Administratrix of the Estate of Hamid Kani brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CV – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF HAMID KANI v. ALL DEFENDANTS

**1015.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1016.** Plaintiff claims on behalf of the Estate of Hamid Kani all damages suffered by the Estate by reason of the death of Hamid Kani, including without limiting the generality of the following: the severe injuries to Hamid Kani, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Hamid Kani suffered prior to his death; the loss of future earning capacity suffered by Hamid Kani from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1017.** Plaintiff brings this action on behalf of the Estate of Hamid Kani, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Hamid Kani's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CVI – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF KHADIJA KHALLOUFI v. ALL DEFENDANTS

**1018.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1019.** Decedent, Khadija Khalloufi's known potential wrongful death beneficiaries are: Sabah Abdullah, spouse of decedent; and Alex Abdullah, child of decedent.

**1020.** By reason of the death of Khadija Khalloufi, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1021.** As a direct and proximate result of the foregoing, decedent, Khadija Khalloufi wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**1022.** Kristen Behrens, Esquire as Administratrix of the Estate of Khadija Khalloufi brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

### COUNT CVII – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF KHADIJA KHALLOUFI v. ALL DEFENDANTS

**1023.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1024.** Plaintiff claims on behalf of the Estate of Khadija Khalloufi all damages suffered by the Estate by reason of the death of Khadija Khalloufi, including without limiting the generality of the following: the severe injuries to Khadija Khalloufi, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Khadija Khalloufi suffered prior to her death; the loss of future earning capacity suffered by Khadija Khalloufi from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1025.** Plaintiff brings this action on behalf of the Estate of Khadija Khalloufi, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Khadija Khalloufi's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CVIII – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF VICTORIA KING v. ALL DEFENDANTS

**1026.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1027.** Decedent, Victoria King's known potential wrongful death beneficiaries are: Mark Bennett, sibling of decedent.

**1028.** By reason of the death of Victoria King, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to,

loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

1029. As a direct and proximate result of the foregoing, decedent, Victoria King wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

1030. Kristen Behrens, Esquire as Administratrix of the Estate of Victoria King brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CIX – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF VICTORIA KING v. ALL DEFENDANTS

1031. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

1032. Plaintiff claims on behalf of the Estate of Victoria King all damages suffered by the Estate by reason of the death of Victoria King, including without limiting the generality of the following: the severe injuries to Victoria King, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Victoria King suffered prior to her death; the loss of future earning

capacity suffered by Victoria King from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1033.** Plaintiff brings this action on behalf of the Estate of Victoria King, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Victoria King's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

### COUNT CX – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF DEBORAH LAMPRELL v. ALL DEFENDANTS

**1034.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1035.** Decedent, Deborah Lamprell's known potential wrongful death beneficiaries are: Miriam Lamprell, parent of decedent.

**1036.** By reason of the death of Deborah Lamprell, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1037.** As a direct and proximate result of the foregoing, decedent, Deborah Lamprell's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**1038.** Kristen Behrens, Esquire as Administratrix of the Estate of Deborah Lamprell brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXI – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF DEBORAH LAMPRELL v. ALL DEFENDANTS

**1039.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1040.** Plaintiff claims on behalf of the Estate of Deborah Lamprell all damages suffered by the Estate by reason of the death of Deborah Lamprell, including without limiting the generality of the following: the severe injuries to Deborah Lamprell, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Deborah Lamprell suffered prior to her death; the loss of future earning capacity suffered by Deborah Lamprell from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1041.** Plaintiff brings this action on behalf of the Estate of Deborah Lamprell, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Deborah Lamprell's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF GARY MAUNDERS v. ALL DEFENDANTS

1042.  Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

1043.  Decedent, Gary Maunders' known potential wrongful death beneficiaries are: Ann Pumar, partner of decedent; Aaron Maunders, child of decedent; and Saskia Maunders, child of decedent.

1044.  By reason of the death of Gary Maunders, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

1045.  As a direct and proximate result of the foregoing, decedent, Gary Maunders' wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

1046.  Kristen Behrens, Esquire as Administratrix of the Estate of Gary Maunders brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXIII – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF GARY MAUNDERS v. ALL DEFENDANTS

**1047.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1048.** Plaintiff claims on behalf of the Estate of Gary Maunders all damages suffered by the Estate by reason of the death of Gary Maunders, including without limiting the generality of the following: the severe injuries to Gary Maunders, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Gary Maunders suffered prior to his death; the loss of future earning capacity suffered by Gary Maunders from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1049.** Plaintiff brings this action on behalf of the Estate of Gary Maunders, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Gary Maunders' Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXIV – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MARY MENDY
## v. ALL DEFENDANTS

**1050.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1051.** Decedent, Mary Mendy's known potential wrongful death beneficiaries are: David Johnson, sibling of decedent; Caroline Johnson, sibling of decedent; Nathaniel Johnson, sibling of decedent; and Pa Sa, sibling of decedent.

**1052.** By reason of the death of Mary Mendy, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1053.** As a direct and proximate result of the foregoing, decedent, Mary Mendy's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**1054.** Kristen Behrens, Esquire as Administratrix of the Estate of Mary Mendy brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXV – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MARY MENDY
## v. ALL DEFENDANTS

**1055.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1056.** Plaintiff claims on behalf of the Estate of Mary Mendy all damages suffered by the Estate by reason of the death of Mary Mendy, including without limiting the generality of the following: the severe injuries to Mary Mendy, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Mary Mendy suffered prior to her death; the loss of future earning capacity suffered by Mary Mendy from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1057.** Plaintiff brings this action on behalf of the Estate of Mary Mendy, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Mary Mendy's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXVI – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF KAMRU MIAH
## v. ALL DEFENDANTS

**1058.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1059.** Decedent, Kamru Miah's known potential wrongful death beneficiaries are: Joleka Khatun, spouse of decedent; Sujon Miah, child of decedent; Mina Begum, child of decedent; Rushna Begum, child of decedent; and Mohammed Hakim, child of decedent.

**1060.** By reason of the death of Kamru Miah, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1061.** As a direct and proximate result of the foregoing, decedent, Kamru Miah's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**1062.** Kristen Behrens, Esquire as Administratrix of the Estate of Kamru Miah brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXVII – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF KAMRU MIAH v. ALL DEFENDANTS

**1063.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1064.** Plaintiff claims on behalf of the Estate of Kamru Miah all damages suffered by the Estate by reason of the death of Kamru Miah, including without limiting the generality of the following: the severe injuries to Kamru Miah, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Kamru Miah suffered prior to his death; the loss of future earning capacity suffered by Kamru Miah from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1065.** Plaintiff brings this action on behalf of the Estate of Kamru Miah, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Kamru Miah's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXVIII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF LIGAYA MOORE v. ALL DEFENDANTS

**1066.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1067.** Decedent, Ligaya Moore's known potential wrongful death beneficiaries are: Estelita Reyes Griego, sibling of decedent; Zenaida Reyes Purification, sibling of decedent; Mary Ann Purification, niece of decedent; Rodolpho Purification, nephew of decedent; and Caroline Custodio, niece of decedent.

**1068.** By reason of the death of Ligaya Moore, her wrongfull death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1069.** As a direct and proximate result of the foregoing, decedent, Ligaya Moore's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**1070.** Kristen Behrens, Esquire as Administratrix of the Estate of Ligaya Moore brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXIX – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF LIGAYA MOORE v. ALL DEFENDANTS

**1071.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1072.** Plaintiff claims on behalf of the Estate of Ligaya Moore all damages suffered by the Estate by reason of the death of Ligaya Moore, including without limiting the generality of the following: the severe injuries to Ligaya Moore, which resulted in her death; the anxiety,

horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Ligaya Moore suffered prior to her death; the loss of future earning capacity suffered by Ligaya Moore from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1073.** Plaintiff brings this action on behalf of the Estate of Ligaya Moore, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Ligaya Moore's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

### COUNT CXX – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF DENIS MURPHY
### v. ALL DEFENDANTS

**1074.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1075.** Decedent, Denis Murphy's known potential wrongful death beneficiaries are: Peter Murphy, child of decedent; Anne Murphy, parent of decedent; Mick Galligan, sibling of decedent; Tim Murphy, sibling of decedent; and Anne-Marie Murphy, sibling of decedent.

**1076.** By reason of the death of Denis Murphy, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1077.** As a direct and proximate result of the foregoing, decedent, Denis Murphy's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**1078.** Kristen Behrens, Esquire as Administratrix of the Estate of Denis Murphy brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

### COUNT CXXI – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF DENIS MURPHY
### v. ALL DEFENDANTS

**1079.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1080.** Plaintiff claims on behalf of the Estate of Denis Murphy all damages suffered by the Estate by reason of the death of Denis Murphy, including without limiting the generality of the following: the severe injuries to Denis Murphy, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Denis Murphy suffered prior to his death; the loss of future earning capacity suffered by Denis Murphy from the date of death until the time in the future he would

have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1081.** Plaintiff brings this action on behalf of the Estate of Denis Murphy, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Denis Murphy's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXII – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MOHAMED AMIED NEDA v. ALL DEFENDANTS

**1082.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1083.** Decedent, Mohamed Amied Neda's known potential wrongful death beneficiaries are: Shakila Flora Neda, spouse of decedent; and Farhad Shekeb Neda, child of decedent.

**1084.** By reason of the death of Mohamed Amied Neda, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1085.** As a direct and proximate result of the foregoing, decedent, Mohamed Amied Neda's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and

estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

1086.  Kristen Behrens, Esquire as Administratrix of the Estate of Mohamed Amied Neda brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXIII – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MOHAMED AMIED NEDA v. ALL DEFENDANTS

1087.  Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

1088.  Plaintiff claims on behalf of the Estate of Mohamed Amied Neda all damages suffered by the Estate by reason of the death of Mohamed Amied Neda, including without limiting the generality of the following: the severe injuries to Mohamed Amied Neda, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Mohamed Amied Neda suffered prior to his death; the loss of future earning capacity suffered by Mohamed Amied Neda from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

1089. Plaintiff brings this action on behalf of the Estate of Mohamed Amied Neda, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Mohamed Amied Neda's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXIV – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ISAAC PAULOS v. ALL DEFENDANTS

1090. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

1091. Decedent, Isaac Paulos' known potential wrongful death beneficiaries are: Paulos Woldesilassie Tekle, parent of decedent; Genet Shawo, parent of decedent; and Lukas Paulos, sibling of decedent.

1092. By reason of the death of Isaac Paulos, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

1093. As a direct and proximate result of the foregoing, decedent, Isaac Paulos' wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

1094. Kristen Behrens, Esquire as Administratrix of the Estate of Isaac Paulos brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and

claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXV – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ISAAC PAULOS v. ALL DEFENDANTS

**1095.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1096.** Plaintiff claims on behalf of the Estate of Isaac Paulos all damages suffered by the Estate by reason of the death of Isaac Paulos, including without limiting the generality of the following: the severe injuries to Isaac Paulos, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Isaac Paulos suffered prior to his death; the loss of future earning capacity suffered by Isaac Paulos from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1097.** Plaintiff brings this action on behalf of the Estate of Isaac Paulos, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Isaac Paulos' Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXVI – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MARIA DEL PILAR BURTON v. ALL DEFENDANTS

**1098.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1099.** Decedent, Maria Del Pilar Burton's known potential wrongful death beneficiaries are: Nicholas Burton, spouse of decedent; Victor Anyos, child of decedent; and Angeles Santiago, sibling of decedent.

**1100.** By reason of the death of Maria Del Pilar Burton, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1101.** As a direct and proximate result of the foregoing, decedent, Maria Del Pilar Burton's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**1102.** Kristen Behrens, Esquire as Administratrix of the Estate of Maria Del Pilar Burton brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and

Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXVII – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MARIA DEL PILAR BURTON v. ALL DEFENDANTS

**1103.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1104.** Plaintiff claims on behalf of the Estate of Maria Del Pilar Burton all damages suffered by the Estate by reason of the death of Maria Del Pilar Burton, including without limiting the generality of the following: the severe injuries to Maria Del Pilar Burton, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Maria Del Pilar Burton suffered prior to her death; the loss of future earning capacity suffered by Maria Del Pilar Burton from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1105.** Plaintiff brings this action on behalf of the Estate of Maria Del Pilar Burton, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Maria Del Pilar Burton's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXVIII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF STEVEN POWER v. ALL DEFENDANTS

**1106.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1107.** Decedent, Steven Power's known potential wrongful death beneficiaries are: Rebecca Ross, child of decedent; Bobby Ross, child of decedent; Wayne Power-Davis, child of decedent; Craig Power, child of decedent; and Sherrie Power, child of decedent.

**1108.** By reason of the death of Steven Power, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1109.** As a direct and proximate result of the foregoing, decedent, Steven Power's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**1110.** Kristen Behrens, Esquire as Administratrix of the Estate of Steven Power brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXIX – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF STEVEN POWER v. ALL DEFENDANTS

**1111.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1112.** Plaintiff claims on behalf of the Estate of Steven Power all damages suffered by the Estate by reason of the death of Steven Power, including without limiting the generality of the following: the severe injuries to Steven Power, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Steven Power suffered prior to his death; the loss of future earning capacity suffered by Steven Power from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1113.** Plaintiff brings this action on behalf of the Estate of Steven Power, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Steven Power's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXX – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF JESSICA URBANO RAMIREZ v. ALL DEFENDANTS

**1114.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1115.** Decedent, Jessica Urbano Ramirez's known potential wrongful death beneficiaries are: Adriana Ramirez, parent of decedent; Ramiro Urbano Ramirez, parent of decedent; and Melanie Urbano Ramirez, sibling of decedent.

**1116.** By reason of the death of Jessica Urbano Ramirez, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1117.** As a direct and proximate result of the foregoing, decedent, Jessica Urbano Ramirez's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**1118.** Kristen Behrens, Esquire as Administratrix of the Estate of Jessica Urbano Ramirez brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold

in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXXI – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF JESSICA URBANO RAMIREZ v. ALL DEFENDANTS

**1119.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1120.** Plaintiff claims on behalf of the Estate of Jessica Urbano Ramirez all damages suffered by the Estate by reason of the death of Jessica Urbano Ramirez, including without limiting the generality of the following: the severe injuries to Jessica Urbano Ramirez, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Jessica Urbano Ramirez suffered prior to her death; the loss of future earning capacity suffered by Jessica Urbano Ramirez from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1121.** Plaintiff brings this action on behalf of the Estate of Jessica Urbano Ramirez, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Jessica Urbano Ramirez's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXXII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF KHADIJA SAYE
## v. ALL DEFENDANTS

**1122.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1123.** Decedent, Khadija Saye's known potential wrongful death beneficiaries are: Caroline Johnson, aunt of decedent; Nathaniel Johnson, uncle of decedent; David Johnson, uncle of decedent; and Pa Sarr, uncle of decedent.

**1124.** By reason of the death of Khadija Saye, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1125.** As a direct and proximate result of the foregoing, decedent, Khadija Saye's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**1126.** Kristen Behrens, Esquire as Administratrix of the Estate of Khadija Saye brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXXIII – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF KHADIJA SAYE
## v. ALL DEFENDANTS

**1127.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1128.** Plaintiff claims on behalf of the Estate of Khadija Saye all damages suffered by the Estate by reason of the death of Khadija Saye, including without limiting the generality of the following: the severe injuries to Khadija Saye, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Khadija Saye suffered prior to her death; the loss of future earning capacity suffered by Khadija Saye from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1129.** Plaintiff brings this action on behalf of the Estate of Khadija Saye, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Khadija Saye's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXXIV – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF SHEILA SMITH
## v. ALL DEFENDANTS

**1130.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1131.** Decedent, Sheila Smith's known potential wrongful death beneficiaries are: Martyn Smith, child of decedent; Adam Smith, child of decedent; Rachel Tassell, grandchild of decedent; Harriet Smith, grandchild of decedent; David Smith, grandchild of decedent; Francesca Smith, grandchild of decedent; Clara Smith, grandchild of decedent; Cameron Smith, grandchild of decedent; Isabella Sheila Smith, grandchild of decedent.

**1132.** By reason of the death of Sheila Smith, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1133.** As a direct and proximate result of the foregoing, decedent, Sheila Smith's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**1134.** Kristen Behrens, Esquire as Administratrix of the Estate of Sheila Smith brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXXV – SURVIVAL ACT
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF SHEILA SMITH v. ALL DEFENDANTS

**1135.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1136.** Plaintiff claims on behalf of the Estate of Sheila Smith all damages suffered by the Estate by reason of the death of Sheila Smith, including without limiting the generality of the following: the severe injuries to Sheila Smith, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Sheila Smith suffered prior to her death; the loss of future earning capacity suffered by Sheila Smith from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1137.** Plaintiff brings this action on behalf of the Estate of Sheila Smith, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Sheila Smith's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXXVI – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MOHAMEDNUR TUCCU v. ALL DEFENDANTS

**1138.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1139.** Decedent, Mohamednur Tuccu's known potential wrongful death beneficiaries are: Ibrahim Toukou, sibling of decedent.

**1140.** By reason of the death of Mohamednur Tuccu, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1141.** As a direct and proximate result of the foregoing, decedent, Mohamednur Tuccu wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**1142.** Kristen Behrens, Esquire as Administratrix of the Estate of Mohamednur Tuccu brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXXVII – SURVIVAL ACT
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MOHAMEDNUR TUCCU v. ALL DEFENDANTS

**1143.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

1144.  Plaintiff claims on behalf of the Estate of Mohamednur Tuccu all damages suffered by the Estate by reason of the death of Mohamednur Tuccu, including without limiting the generality of the following: the severe injuries to Mohamednur Tuccu, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Mohamednur Tuccu suffered prior to his death; the loss of future earning capacity suffered by Mohamednur Tuccu from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

1145.  Plaintiff brings this action on behalf of the Estate of Mohamednur Tuccu, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Mohamednur Tuccu's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXXXVIII – WRONGFUL DEATH
## KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ERNIE VITAL v. ALL DEFENDANTS

1146.  Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

1147.  Decedent, Ernie Vital's known potential wrongful death beneficiaries are: Celestine Germain, parent of decedent; and Keiron Anthony Vital, sibling of decedent.

1148.  By reason of the death of Ernie Vital, his wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to,

loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1149.** As a direct and proximate result of the foregoing, decedent, Ernie Vital's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

**1150.** Kristen Behrens, Esquire as Administratrix of the Estate of Ernie Vital brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

**COUNT CXXXIX – SURVIVAL ACT**
**KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF ERNIE VITAL v.**
**ALL DEFENDANTS**

**1151.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1152.** Plaintiff claims on behalf of the Estate of Ernie Vital all damages suffered by the Estate by reason of the death of Ernie Vital, including without limiting the generality of the following: the severe injuries to Ernie Vital, which resulted in his death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Ernie Vital suffered prior to his death; the loss of future earning capacity suffered

by Ernie Vital from the date of death until the time in the future he would have lived had he not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1153.** Plaintiff brings this action on behalf of the Estate of Ernie Vital, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Ernie Vital's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXL – WRONGFUL DEATH
### KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MARJORIE VITAL v. ALL DEFENDANTS

**1154.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1155.** Decedent, Marjorie Vital's known potential wrongful death beneficiaries are: Keiron Anthony Vital, child of decedent; Paula Bellot, sibling of decedent; Mac Vital, sibling of decedent; and Griffith Vital, sibling of decedent.

**1156.** By reason of the death of Marjorie Vital, her wrongful death beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including but not limited to, loss of companionship, loss of comfort, loss of society, loss of guidance, loss of solace, loss of protection, profound emotional loss, and profound psychological loss.

**1157.** As a direct and proximate result of the foregoing, decedent, Marjorie Vital's wrongful death beneficiaries incurred or have been caused to incur and pay large and various

expenses for medical treatment, hospital care and to incur various funeral, burial and estate and administration expenses for which Plaintiff is entitled to compensation in this proceeding.

1158. Kristen Behrens, Esquire as Administratrix of the Estate of Marjorie Vital brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff demands that judgment be entered in favor of the wrongful death beneficiaries and against Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

**COUNT CXLI – SURVIVAL ACT**
**KRISTEN BEHRENS, ESQUIRE as Administratrix of the ESTATE OF MARJORIE VITAL v. ALL DEFENDANTS**

1159. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

1160. Plaintiff claims on behalf of the Estate of Marjorie Vital all damages suffered by the Estate by reason of the death of Marjorie Vital, including without limiting the generality of the following: the severe injuries to Marjorie Vital, which resulted in her death; the anxiety, horror and fear of impending and certain death, mental disturbance, pain, suffering and other intangible losses which Marjorie Vital suffered prior to her death; the loss of future earning capacity suffered by Marjorie Vital from the date of death until the time in the future she would have lived had she not died as a result of the injuries sustained by reason of the strict liability, recklessness and outrageous conduct of Defendants.

**1161.** Plaintiff brings this action on behalf of the Estate of Marjorie Vital, by virtue of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Marjorie Vital's Estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXLII – LOSS OF CONSORTIUM
## THE CONSORTIUM PLAINTIFFS v. ALL DEFENDANTS

**1162.** Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

**1163.** The Consortium Plaintiffs, Abdul-Wahab Abdulhamid and Maryam Adam, h/w; Abraham Abebe and Turufat Yilma Girma, h/w; Mohamed Ahmed and Randa Al-Arasi, h/w; Maria de Fatima Alves and Manuel Miguel Alves, h/w; Sied Bayan and Nadia Yousef, h/w; Rosita Bonifacio; Lee Chapman; Jose Costa Cotelo and Dorinda Suarez Chans, h/w; Katarzyna Dabrowska and Roy Smith, h/w; Petra Doulova and Leroy Augustus, h/w; Bellal El-Guenuni; Mouna El-Ogbani and Youssef Khalloud, h/w; William Thomson and Mary Hanley, h/w; Eduardo Ignacio and Erlinda Ignacio, h/w; Wesley Ignacio and Madylyn Ignacio, h/w; Miran Lovsin and Duzana Lovsin, h/w; Hanife Macit and Sener Macit, h/w; Mohammed Rasoul and Munira Mahmud, h/w; Makrem Harzi and Rawda Said, h/w; Shantilal Patel and Kiran Patel, h/w; Adriana Ramirez; Paulos Tekle and Genet Shawo, h/w; Elizabeth Sobieszczak and Michael Sobieszczak, h/w; Tesfaye Yohannes; Carmen Vieiro and Jose Vieiro, h/w; Hiwot Dagnachew and Wintom Temesgen, h/w; and Hime Gashaw and Richard Fletcher, h/w are and were at all relevant times spouses and/or husband and/or wife of Survivors who suffered injuries and damages and as such, are entitled to the society, companionship, and services of each other.

1164. By reason of Defendants' strict products liability, outrageously willful and wanton conduct, and punitive conduct, the Consortium Plaintiffs have suffered the loss of consortium and have been deprived of their respective spouse's love, companionship, comfort, affection, society, moral guidance, intellectual strength and physical assistance, and the loss of the assistance and earnings of their respective spouses.

WHEREFORE, the Consortium Plaintiffs demand judgment in their favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT CXLIII – PUNITIVE DAMAGES
## ALL PLAINTIFFS V. ALL DEFENDANTS

1165. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs the same as though fully set forth herein.

1166. The Defendants' conduct, as averred herein, was reckless, willful, wanton, and outrageous.

1167. The Defendants, through the conduct averred herein, acted with a reckless indifference to the rights, lives, and safety of the residents and guests of the Grenfell Tower, including Plaintiffs.

1168. As a result of the conduct of Defendants, as averred herein, punitive damages are warranted.

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

BY: _____
ROBERT J. MONGELUZZI
JEFFREY P. GOODMAN
SAMUEL B. DORDICK

DiCELLO LEVITT GUZTLER LLC

BY:___/s/ Mark A. DiCello_____
MARK A. DiCELLO
ADAM J. LEVITT (to apply for admission *Pro Hac Vice*)

WHEREFORE, Plaintiff demands judgment in her favor and against all Defendants in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

BY: _____
     ROBERT J. MONGELUZZI
     JEFFREY P. GOODMAN
     SAMUEL B. DORDICK

**DiCELLO LEVITT GUZTLER LLC**

BY: _/s/ Mark A. DiCello_____
     MARK A. DiCELLO
     ADAM J. LEVITT (to apply for admission *Pro Hac Vice*)

## VERIFICATION

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of the 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

_____
JEFFREY P. GOODMAN

Date: June 6, 2019

## VERIFICATION

The averments or denials of fact contained in the foregoing document are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

DATE: June 6, 2019

KRISTEN L. BEHRENS

# EXHIBIT "A"

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
**PHILADELPHIA COUNTY, PA**

Nᵒ **A2454-2019**

ESTATE OF ....**Fatemah Afrasahabi**....................................

..............................................................................................

..............................................................................................

..............................................................................................

Social Security No. .......................................................

WHEREAS, .......**Fatemah Afrasahabi**.....................................

late of ......**6 Martin Close, London**.......................................

..............................................................................................

died on the ...**14th**.................................day of....**June**..............................., ...**2017**...;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration .........................................................

..............................................................................................

to ...**Kristen Behrens**...............................................................

..............................................................................................

who ha ⁸... duly qualified as ............................**Administratrix**........................................ of the estate

of the above named decedent and ha ⁸....... agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the ...**5th**.... day of ...**June**................................. ...**2019**...

................................................
*Deputy Register*

10-38(Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

File #: A2454-2019

Commonwealth of Pennsylvania

County of Philadelphia

} ss.

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the _____5th_____ day of __June__

in the year of our Lord___2019_____ **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of__Fatemah Afrasahabi_____

_____

_____

Deceased, were granted unto __**Kristen Behrens**_____

_____

_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death _____6/14/2017_____

Given under my hand and seal of office, this___5th____ day of __June_____, 20_19____

_Justin Graham_
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
**PHILADELPHIA COUNTY, PA**

N⁰ A2455-2019

ESTATE OF  Sakina Afrasehabi

..............................................................................................................

..............................................................................................................

..............................................................................................................

Social Security No. ...........................................................

WHEREAS,  Sakina Afrasehabi ................................................................

late of  Grenfell Tower, Grenfell Road, North Kensington, London ..............

...........................................................................................................................

died on the  14th ...........................................day of  June ......................... ,  2017 ........ ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters
Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of
Pennsylvania, hereby certify that I have granted Letters of Administration ..............................................

...........................................................................................................................

to  Kristen Behrens ..........................................................................................

...........................................................................................................................

who ha s.... duly qualified as .................................... **Administratrix** ........................ of the estate
of the above named decedent and ha s........ agreed to administer the estate according to law, all of which fully
appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at
Philadelphia, the  5th  day of  June ...........................................  2019 ..........

..............................................................
Deputy Register

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2455-2019**

**Commonwealth of Pennsylvania**                    } **ss.**

**County of Philadelphia**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ____**5th**____ day of __**June**____

in the year of our Lord__**2019**_____        **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of__**Sakina Afrasehabi**_____

_____

_____

Deceased, were granted unto __**Kristen Behrens**_____

_____

_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death _____**6/14/2017**_____

Given under my hand and seal of office, this__**5th**____ day of __**June**_____, 20_**19**____

*Deputy Register*

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

## LETTERS OF ADMINISTRATION

### REGISTER'S OFFICE
### PHILADELPHIA COUNTY, PA

Nº  **A2456-2019**

ESTATE  OF   **Fathia Ahmed**  .................................................................

.................................................................................................................

.................................................................................................................

.................................................................................................................

Social Security No. ...........................................................

WHEREAS,  ...........  **Fathia Ahmed**  ..................................................................

late of  ........  **Grenfell Tower, Grenfell Road, North Kensington, London**  ...............................

died on the  ...**14th**.............................................................day of...**June**..................................... ,   **2017**  ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration ..................................................................

.................................................................................................................................................

to   **Kristen Behrens**  ....................................................................................

.................................................................................................................................................

who ha $^s$..... duly qualified as  ........................  **Administratrix**  ...........................  of the estate
of the above named decedent and ha $^s$.......  agreed to administer the estate according to law, all of which fully
appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN  TESTIMONY  WHEREOF,  I have hereunto set my hand and affixed the seal of my office, at
Philadelphia, the  ...**5th**...  day  of  ...**June**....................................................  **2019**

....................................................................
*Deputy Register*

10-36(Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2456-2019**

**Commonwealth of Pennsylvania**                    } ss.

**County of Philadelphia**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the _____5th_____ day of _June_____

in the year of our Lord__2019_____     **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of__Fathia Ahmed_____

_____

Deceased, were granted unto__Kristen Behrens_____

_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death_____6/14/2017_____

Given under my hand and seal of office, this__5th____ day of__June_____, 20_19___

_____
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

J0-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

N⁰ **A2457-2019**

ESTATE OF ....**Amal Ahmedin**.................................................

........................................................................................................

........................................................................................................

........................................................................................................

Social Security No. ............................................................

**WHEREAS,** ............**Amal Ahmedin**..................................

late of ....**Grenfell Tower, Grenfell Road, North Kensington, London**..........

........................................................................................................

died on the ...**14th**.................................day of....**June**.............................. , ....**2017**........ ; and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration ..................................................

........................................................................................................

to ....**Kristen Behrens**....................................................................

........................................................................................................

who ha $\underline{s}$ .... duly qualified as ..............................**Administratrix**................................ of the estate of the above named decedent and ha $\underline{s}$....... agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the ...**5th**.... day of ...**June**.................................................. ....**2019**........

...........................................................
Deputy Register

10-36(Rev. 10/99)

## Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2457-2019**

**Commonwealth of Pennsylvania**

**County of Philadelphia**

} ss.

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ____**5th**____ day of __**June**_____

in the year of our Lord__**2019**_____     **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of__**Amal Ahmedin**_____

Deceased, were granted unto__**Kristen Behrens**_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death _____**6/14/2017**_____

Given under my hand and seal of office, this__**5th**___ day of __**June**_____, 20_**19**___

_____
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

## LETTERS OF ADMINISTRATION

### REGISTER'S OFFICE
PHILADELPHIA COUNTY, PA

N.º   **A2390-2019**

ESTATE OF ...**Mohammad Alhajali**............................................

....................................................................................................

....................................................................................................

....................................................................................................

Social Security No. ..................................................................

WHEREAS, ........**Mohammad Alhajali**.............................................

late of   **Grenfell Tower, Grenfell Road, North Kensington, London**.........

..................................................................................................................

died on the ..14th...................................................day of....**June**................................... , **2017**.......... ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration ...................................................

to   **Kristen Behrens**..............................................................................................................

............................................................................................................................................

who ha .ˢ... duly qualified as ..............................**Administratrix**............................................ of the estate of the above named decedent and ha .ˢ........ agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the ..5th.... day of ...**June**................................................. **2019**

...........................................................
*Deputy Register*

10-36(Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2390-2019**

**Commonwealth of Pennsylvania**                    } **ss.**

**County of Philadelphia**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the _____ **5th** _____ day of **June** _____

in the year of our Lord __**2019**_____        **LETTERS OF ADMINISTRATION** _____

_____ **PENDENTE LITE** _____

on the Estate of __**Mohammad Albajali**_____

_____

_____

Deceased, were granted unto __**Kristen Behrens**_____

_____

_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death _____**6/14/2017**_____

Given under my hand and seal of office, this __**5th**____ day of __**June**_____, 20 __**19**____

*Deputy Register*

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

Nº   **A2391-2019**

ESTATE OF   Alexandra Catherine Atala .......................................................

........................................................................................................................

........................................................................................................................

........................................................................................................................

Social Security No. ............................................................................

WHEREAS, ........... **Alexandra Catherine Atala** .............................

late of ....... **Grenfell Tower, Grenfell Road, North Kensington, London** .......

.................................................................................................................................

died on the ...14th....................................................day of....**June**........................ , ...**2017**... ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters
Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of
Pennsylvania, hereby certify that I have granted Letters of Administration .........................................................

.................................................................................................................................

to   **Kristen Behrens** ...........................................................................................................

who ha s... duly qualified as ....................................**Administratrix**......................................... of the estate
of the above named decedent and ha s....... agreed to administer the estate according to law, all of which fully
appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at
Philadelphia, the ...**5th**.... day of ...**June**.............................................................. ...**2019**...

*Justin Graham*
*Deputy Register*

10-36 (Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2391-2019**

**Commonwealth of Pennsylvania**

**County of Philadelphia**

} **ss.**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ____**5th**____ day of __**June**__

in the year of our Lord___**2019**_____   **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of ___**Alexandra Catherine Atala**_____

_____

_____

Deceased, were granted unto ___**Kristen Behrens**_____

_____

_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death _____**6/14/2017**_____

Given under my hand and seal of office, this___**5th**____ day of __**June**_____, 20_**19**____

_Deputy Register_

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

## LETTERS OF ADMINISTRATION

### REGISTER'S OFFICE
PHILADELPHIA COUNTY, PA

№   A2392-2019

ESTATE OF   **Husna Begum**

Social Security No.

WHEREAS,   **Husna Begum**

late of   **Grenfell Tower, Grenfell Road, North Kensington, London**

died on the **14th** day of **June** , **2017** ; and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration

to **Kristen Behrens**

who ha $^s$ duly qualified as **Administratrix** of the estate of the above named decedent and ha $^s$ agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the **5th** day of **June** **2019**

*Deputy Register*

# Office of the Register of Wills of Philadelphia County, Pennsylvania

File #: A2392-2019

Commonwealth of Pennsylvania

County of Philadelphia

} ss.

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ____**5th**____ day of **June**_____

in the year of our Lord__**2019**_____     **LETTERS OF ADMINISTRATION**_____

_____**PENDENTE LITE**_____

on the Estate of__**Husna Begum**_____

Deceased, were granted unto __**Kristen Behrens**_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death____**6/14/2017**_____

Given under my hand and seal of office, this__**5th**____ day of__**June**_____, 20_**19**____

*Justin Grahan*
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

REGISTER'S OFFICE
PHILADELPHIA COUNTY, PA

N⁰ A2393-2019

ESTATE OF **Leena Belkadi**

Social Security No. ...........................................

WHEREAS, .......... **Leena Belkadi** ...............................................

late of **Grenfell Tower, Grenfell Road, North Kensington, London** ...............

died on the ....**15th**............................................day of....**June**........................... , .....**2017**....... ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration ...................................................

..............................................................................................................................

to **Kristen Behrens** ..............................................................................

who ha ⁸.... duly qualified as ...................**Administratrix**..................................... of the estate of the above named decedent and ha ⁸........ agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the ...**5th**.... day of ...**June**......................................... **2019**

*Justin Graham*
*Deputy Register*

10-36(Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2393-2019**

**Commonwealth of Pennsylvania**    } **ss.**

**County of Philadelphia**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ____**5th**____ day of __**June**__

in the year of our Lord__**2019**__    **LETTERS OF ADMINISTRATION**

on the Estate of __**Leena Belkadi**__

Deceased, were granted unto __**Kristen Behrens**__

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death ____**6/15/2017**____

Given under my hand and seal of office, this__**5th**__ day of__**June**_____, 20 **19**____

*Justin Graham*
*Deputy Register*

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS  OF  ADMINISTRATION

**REGISTER'S  OFFICE**
PHILADELPHIA  COUNTY,  PA

N°   **A2394-2019**

ESTATE  OF ....**Malak Belkadi**...................................

..................................................................................

..................................................................................

..................................................................................

Social Security No. .........................................................

WHEREAS, ........**Malak Belkadi**...........................................................

late  of ......**Grenfell Tower, Grenfell Road, North Kensington, London**........................

died  on  the ....**16th**..........................................day  of....**June**.........................,   **2017** ...... ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE,  I,  RONALD  R.  DONATUCCI,  Register for the Probate of Wills and Grant of Letters
Testamentary and of Administration, in and for the County  of  Philadelphia in the Commonwealth of
Pennsylvania, hereby certify that I have granted Letters of Administration ...............................................

...........................................................................................................................................................

to ....**Kristen Behrens**........................   ..........   ........ ..................... ................ .......

...........................................................................................................................................................

who ha $^s$ ... duly qualified as ..........................**Administratrix**.....................................  of the estate
of the above named decedent and ha $^s$........ agreed to administer the estate according to law, all of which fully
appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN  TESTIMONY  WHEREOF,  I  have hereunto set my hand and affixed the seal of my office, at
Philadelphia, the ...**5th**... day  of ...**June**.......................................   **2019**......

..................................................................
Deputy Register

10-36(Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2394-2019**

**Commonwealth of Pennsylvania**

**County of Philadelphia**
} **ss.**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ____**5th**____ day of __**June**_____

in the year of our Lord __**2019**_____      **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of __**Malak Belkadi**_____

_____

_____

Deceased, were granted unto __**Kristen Behrens**_____

_____

_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death ____**6/16/2017**_____

Given under my hand and seal of office, this__**5th**____ day of__**June**_____, 20 **19**____

*Justin Graham*
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

REGISTER'S OFFICE
PHILADELPHIA COUNTY, PA

N° **A2395-2019**

ESTATE OF ...... **Omar Belkadi** ................................................

.......................................................................................................

.......................................................................................................

.......................................................................................................

Social Security No. ...................................................

WHEREAS, ...... **Omar Belkadi** ................................................

late of ...... **Grenfell Tower, Grenfell Road, North Kensington, London** ..............

.......................................................................................................

died on the ...**15th**................................................ day of ...**June**................................ , ......**2017**...... ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration ................................................

.......................................................................................................

to ...**Kristen Behrens**.................................................................

.......................................................................................................

who ha **s** ..... duly qualified as ................................ **Administratrix** ................................ of the estate of the above named decedent and ha **s**........ agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the ...**5th**..... day of ...**June**.................................................... ......**2019**......

..................................................
*Deputy Register*

10-36(Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2395-2019**

**Commonwealth of Pennsylvania**

**County of Philadelphia**

} ss.

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ____**5th**____ day of __**June**__

in the year of our Lord__ **2019**____        **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of__ **Omar Belkadi**

Deceased, were granted unto __**Kristen Behrens**

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death ____**6/15/2017**____

Given under my hand and seal of office, this__**5th**____ day of __**June**_____, 20 **19**____

_Justin Graham_
_Deputy Register_

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

Nº **A2396-2019**

ESTATE OF **Raymond Herbert Bernard** ......................

...........................................................................................

...........................................................................................

...........................................................................................

Social Security No. .................................................................

WHEREAS, ........**Raymond Herbert Bernard**.....................

late of ........**Grenfell Tower, Grenfell Road, North Kensington, London** .........................

...........................................................................................

died on the ...**14th**.............................................day of....**June**........................ , ...**2017**...... ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration ......................................................

...........................................................................................

to  **Kristen Behrens** ....................................................................

...........................................................................................

who ha s . duly qualified as .........................**Administratrix**.................................... of the estate of the above named decedent and ha s........ agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the ...**5th**.... day of ..**June**........................................ ....**2019**....

*Justin Graham*
*Deputy Register*

10-56(Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2396-2019**

**Commonwealth of Pennsylvania** $\Big\}$ **ss.**

**County of Philadelphia**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the _____ **5th** _____ day of **June** _____

in the year of our Lord ____ **2019** _____        **LETTERS OF ADMINISTRATION**

_____ **PENDENTE LITE** _____

on the Estate of **Raymond Herbert Bernard** _____

_____

_____

Deceased, were granted unto **Kristen Behrens** _____

_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death _____ **6/14/2017** _____

Given under my hand and seal of office, this ___**5th**___ day of ___**June**_____, 20 **19** ___

_Justin Graham_
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

N⁰ **A2397-2019**

ESTATE OF **Maria Del Pilar Burton** ............

.....................................................................

.....................................................................

.....................................................................

Social Security No. ................................................

WHEREAS, .......**Maria Del Pilar Burton**....................

late of .......**Grenfell Tower, Grenfell Road, North Kensington, London**.................

died on the ..**29th**..................................day of ....**January**.................... , ...**2018**.. ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration ...........................................

...................................................................................................................

to ...**Kristen Behrens**..............................................................................

...................................................................................................................

who ha ⁵.... duly qualified as ...........................**Administratrix**.................................. of the estate
of the above named decedent and ha ⁵........ agreed to administer the estate according to law, all of which fully
appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at
Philadelphia, the ..**5th**... day of ..**June**.......................................... ...**2019**..

...................................................................
*Deputy Register*

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2397-2019**

**Commonwealth of Pennsylvania** }   ss.

**County of Philadelphia**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the _____**5th**_____ day of __**June**_____

in the year of our Lord__**2019**_____   **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of __**Maria Del Pilar Burton**_____

Deceased, were granted unto __**Kristen Behrens**_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death ____**1/29/2018**_____

Given under my hand and seal of office, this__**5th**___ day of__**June**_____, 20_**19**___

_Justin Graban_
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

N⍛ **A2398-2019**

ESTATE OF **Vincent Chiejina**

Social Security No.

WHEREAS, **Vincent Chiejina**
late of **Grenfell Tower, North Kensington, London**

died on the **14th** day of **June** , **2017** ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration

to **Kristen Behrens**

who has duly qualified as **Administratrix** of the estate of the above named decedent and has agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the **5th** day of **June** **2019**

*Deputy Register*

10-38 (Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2398-2019**

**Commonwealth of Pennsylvania**

**County of Philadelphia**

} ss.

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ___5th___ day of _June_____

in the year of our Lord__2019_____ **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of__**Vincent Chiejina**_____

Deceased, were granted unto __**Kristen Behrens**_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death_____**6/14/2017**_____

Given under my hand and seal of office, this__**5th**____ day of__**June**_____, 20_**19**____

_Justin Graham_
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

## LETTERS OF ADMINISTRATION

### REGISTER'S OFFICE
### PHILADELPHIA COUNTY, PA

Nº  **A2399-2019**

ESTATE OF **Fatima Choucair**

Social Security No. ...........................................

WHEREAS, **Fatima Choucair**

late of **Grenfell Tower, Grenfell Road, North Kensington, London**

died on the **14th** day of **June** , **2017** ; and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration

to **Kristen Behrens**

who ha **s** duly qualified as **Administratrix** of the estate of the above named decedent and ha **s** agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the **5th** day of **June** **2019**

*Deputy Register*

10-38(Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2399-2019**

**Commonwealth of Pennsylvania**

**County of Philadelphia**

} **ss.**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ____5th____ day of __June__

in the year of our Lord__2019__ **LETTERS OF ADMINISTRATION**

**PENDENTE LITE**

on the Estate of __Fatima Choucair__

Deceased, were granted unto __Kristen Behrens__

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death ____6/14/2017____

Given under my hand and seal of office, this__5th__ day of __June__ , 20_19_

_Justin Graham_
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

Nº  **A2400-2019**

ESTATE OF .....**Mierna Choucair**..................................................

..............................................................................................

..............................................................................................

..............................................................................................

Social Security No. ..................................................................

WHEREAS, ..........**Mierna Choucair**..........................................

late of ......**Grenfell Tower, Grenfell Road, North Kensington, London**..........

died on the ..**14th**.................................................day of...**June**........................., **2017**...... ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration ...........................................

...................................................................................................................................................

to  **Kristen Behrens** ...............................................................................................................

...........................................................................................................................................

who ha s duly qualified as ......................................**Administratrix**............................... of the estate of the above named decedent and ha s agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the ..**5th**.. day of ..**June**...................................... **2019**..........

..........................................................
*Deputy Register*

10-36(Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2400-2019**

**Commonwealth of Pennsylvania**

**County of Philadelphia**

}  **ss.**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ___**5th**___ day of **June**

in the year of our Lord __**2019**__            **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of __**Mierna Choucair**_____

Deceased, were granted unto __**Kristen Behrens**_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death _____**6/14/2017**_____

Given under my hand and seal of office, this___**5th**_____ day of__**June**_____, 20_**19**___

*Justin Graham*
*Deputy Register*

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

Nº  **A2401-2019**

ESTATE OF ........ Nadia Choucair .........................................

Social Security No. ...............................................................

WHEREAS, ........ Nadia Choucair .................................

late of ........ Grenfell Tower, Grenfell Road, North Kensington, London .........

died on the .... 14th .................................... day of .... June ........................ , .... 2017 .... ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration ...........................................

........................................................................................................................................................

to .... Kristen Behrens ...................................................................................................................

who ha $s$ duly qualified as ........................ **Administratrix** ........................ of the estate of the above named decedent and ha $s$ agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the .... 5th .... day of .... June ................................ .... 2019 ....

........................................................
*Deputy Register*

10-38(Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2401-2019**

**Commonwealth of Pennsylvania** } **ss.**

**County of Philadelphia**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ____**5th**____ day of __**June**__

in the year of our Lord__**2019**____      **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of __**Nadia Choucair**_____

Deceased, were granted unto __**Kristen Behrens**_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death ____**6/14/2017**_____

Given under my hand and seal of office, this__**5th**__ day of __**June**_____, 20 **19**____

_Justin Graham_
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

N° A2402-2019

ESTATE OF ....Sirria Choucair....................................

..........................................................................................

..........................................................................................

..........................................................................................

Social Security No. ....................................................

WHEREAS, .........Sirria Choucair....................................................

late of ......Grenfell Tower, Grenfell Road, North Kensington, London............................

died on the ...14th...........................................day of....June.................., 2017....... ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration ..................................................

..........................................................................................................................

to ...Kristen Behrens...........................................................................................

.....................................................................................................................

who ha s.... duly qualified as ....................Administratrix...................... of the estate of the above named decedent and ha s....... agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the ...5th... day of ...June.................................... 2019

_Justin Graham_
*Deputy Register*

10-36(Rev. 10/99)

## Office of the Register of Wills of Philadelphia County, Pennsylvania

File #: A2402-2019

Commonwealth of Pennsylvania

County of Philadelphia

$\Big\}$ ss.

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ____5th____ day of __June__

in the year of our Lord__2019__ **LETTERS OF ADMINISTRATION**

**PENDENTE LITE**

on the Estate of__Sirria Choucair__

Deceased, were granted unto __Kristen Behrens__

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death ____6/14/2017____

Given under my hand and seal of office, this__5th__ day of __June__ , 20_19_

_Deputy Register_

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

N⁰   **A2403-2019**

ESTATE OF ........**Zainab Choucair**............................................

............................................ .......................................................

.................................................. ...................................................

................................................................................................

................................................................................................

Social Security No. ............................... ...............................

WHEREAS, ........**Zainab Choucair**..........................................

late of ........**Grenfell Tower, Grenfell Road, North Kensington, London**..................

..............................................................................................................

died on the .....**14th**.............................................day of.....**June**........................................ , .......**2017**.......... ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration ....................................................

.............................................................................................................................................

to   **Kristen Behrens**.................. ........ ...... ... ...............  ................................. .....

.............................................................................................................................................

who ha **s**.... duly qualified as .................................**Administratrix**................................ of the estate of the above named decedent and ha **s**....... agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the ...**5th**.... day of ...**June**........................................................... .....**2019**..........

............................................................
*Deputy Register*

10-36 (Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2403-2019**

**Commonwealth of Pennsylvania**

**County of Philadelphia**
} **ss.**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ___**5th**___ day of __**June**__

in the year of our Lord__**2019**___   **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of__**Zainab Choucair**_____

Deceased, were granted unto __**Kristen Behrens**_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death ____**6/14/2017**_____

Given under my hand and seal of office, this__**5th**___ day of__**June**_____, 20_**19**__

_Deputy Register_

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

## LETTERS OF ADMINISTRATION

### REGISTER'S OFFICE
### PHILADELPHIA COUNTY, PA

Nº  **A2404-2019**

ESTATE OF .... **Bassem Taan Choukair** ...........

...........................................................................

...........................................................................

...........................................................................

...........................................................................

Social Security No. ................................................

WHEREAS, ........ **Bassem Taan Choukair** ..................

late of ........ **Grenfell Tower, Grenfell Road, North Kensington, London** ........

...........................................................................

died on the ..**14th**...........................................day of ...**June**....................... , ....**2017**... ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration ...........................................

.........................................................................................................

to **Kristen Behrens** ....................................................................................

............................................................................................................

who ha ⁸.... duly qualified as ........................ **Administratrix** ........................ of the estate of the above named decedent and ha ⁸........ agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the ..**5th**.. day of ..**June**................................................ ....**2019**....

.......... *Justin Graham* ..........
Deputy Register

10-38 (Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

File #: A2404-2019

Commonwealth of Pennsylvania

County of Philadelphia

} ss.

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ___**5th**___ day of **June**

in the year of our Lord___**2019**___ **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of___**Bassem Taan Choukair**_____

Deceased, were granted unto ___**Kristen Behrens**_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death_____**6/14/2017**_____

Given under my hand and seal of office, this___**5th**___ day of___**June**_____, 20 **19**___

_____
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

## LETTERS OF ADMINISTRATION

### REGISTER'S OFFICE
PHILADELPHIA COUNTY, PA

Nº **A2405-2019**

ESTATE OF **Joseph Daniels**

Social Security No.

WHEREAS, **Joseph Daniels**

late of **Grenfell Tower, Grenfell Road, North Kensington, London**

died on the **14th** day of **June** , **2017** ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration

to **Kristen Behrens**

who ha s duly qualified as **Administrator** of the estate of the above named decedent and ha s agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the **5th** day of **June** **2019**

_Deputy Register_

10-36(Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2405-2019**

**Commonwealth of Pennsylvania**

**County of Philadelphia**                    } **ss.**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ___**5th**___ day of __**June**__

in the year of our Lord__ **2019** _____      **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of __ **Joseph Daniels** _____

Deceased, were granted unto __ **Kristen Behrens** _____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death ___ **6/14/2017** _____

Given under my hand and seal of office, this__**5th**__ day of __**June**_____, 20_**19**___

_____
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

## REGISTER'S OFFICE
PHILADELPHIA COUNTY, PA

N⁰ A2406-2019

ESTATE OF ....Jeremiah Arnold Deen...........................

.................................................................................

.................................................................................

.................................................................................

Social Security No. ..........................................................

WHEREAS, .......Jeremiah Arnold Deen...............................

late of .....Grenfell Tower, Grenfell Road, North Kensington, London...........

died on the ..14th..........................................day of...June.......................... , .2017...... ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration ..................................................

...........................................................................................................................................................

to ..Kristen Behrens.........................................................................................................................

...........................................................................................................................................................

who ha ˢ.... duly qualified as ......................Administratrix.......................................... of the estate of the above named decedent and ha ˢ....... agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the ..5th... day of ..June.............................................. .2019......

...........................................................
Deputy Register

10-36(Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2406-2019**

**Commonwealth of Pennsylvania**

**County of Philadelphia**

} **ss.**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ____**5th**____ day of **June**____

in the year of our Lord __**2019**____ **LETTERS OF ADMINISTRATION**

____**PENDENTE LITE**____

on the Estate of __**Jeremiah Arnold Deen**____

Deceased, were granted unto __**Kristen Behrens**____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death ____**6/14/2017**____

Given under my hand and seal of office, this__**5th**__ day of **June**____, 20 **19**____

_Justin Graham_
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

REGISTER'S OFFICE
PHILADELPHIA COUNTY, PA

N⁰  A2407-2019

ESTATE OF ___Zainab Deen_____

_____

_____

_____

Social Security No. _____

WHEREAS, _____Zainab Deen_____

late of ____Grenfell Tower, Grenfell Road, North Kensington, London, UK_____

died on the __14th_____ day of___June_____ , __2017__ ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration _____

_____

to ___Kristen Behrens_____

_____

who has __s__ duly qualified as _____**Administratrix**_____ of the estate
of the above named decedent and has __s___ agreed to administer the estate according to law, all of which fully
appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at
Philadelphia, the __5th__ day of __June_____ __2019__

_____
*Deputy Register*

10-38(Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2407-2019**

**Commonwealth of Pennsylvania**          } ss.

**County of Philadelphia**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the _____5th_____ day of __June_____

in the year of our Lord___2019_____          **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of__**Zainab Deen**_____

Deceased, were granted unto __**Kristen Behrens**_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death_____**6/14/2017**_____

Given under my hand and seal of office, this___**5th**___ day of__**June**_____, 20__**19**___

_Justin Graham_
*Deputy Register*

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

Nº  **A2408-2019**

ESTATE OF ..... Anthony Keith Disson .............................

..................................................................................................

..................................................................................................

..................................................................................................

Social Security No. ... ..............................................................

**WHEREAS,**     **Anthony Keith Disson** .............................

late of ...... **Grenfell Tower, North Kensington, London** .........................

.......................................................................................................................

died on the ..**15th**......................................................day of...**June**..................................... , ....**2017**.... ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters
Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of
Pennsylvania, hereby certify that I have granted Letters of Administration ............................................

....................................................................................................................................................

to   **Kristen Behrens** .......................................................................................

....................................................................................................................................................

who ha ⁵.... duly qualified as .............................**Administratrix**............................ of the estate
of the above named decedent and ha ⁸....... agreed to administer the estate according to law, all of which fully
appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at
Philadelphia, the **5th** day of ..**June**.......................................................... ....**2019**....

*Justin Graham*
*Deputy Register*

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2408-2019**

**Commonwealth of Pennsylvania**

**County of Philadelphia**

} **ss.**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ____**5th**____ day of ____**June**____

in the year of our Lord___**2019**_____ **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of ___**Anthony Keith Disson**_____

_____

_____

Deceased, were granted unto ___**Kristen Behrens**_____

_____

_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death ____**6/15/2017**_____

Given under my hand and seal of office, this___**5th**____ day of ___**June**_____, 20 **19**____

_Justin Graham_
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

Nº **A2409-2019**

ESTATE OF ....**Abdulaziz El-Wahabi**................

................................................................................

................................................................................

................................................................................

Social Security No. ............................................................

WHEREAS, ............**Abdulaziz El-Wahabi**..............................

late of ............**Grenfell Tower, Grenfell Road, North Kensington, London**............

died on the ..**14th**.................................................day of....**June**.................... , ....**2017**.... ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration ............................................................

..............................................................................................................................................................

to ....**Kristen Behrens**.................... ........ .... ............................................................

..............................................................................................................................................................

who ha .ˢ... duly qualified as ....................**Administratrix**.................................... of the estate of the above named decedent and ha .ˢ........ agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the ..**5th**.... day of ..**June**................................................ ....**2019**........

.............................................................
*Deputy Register*

10-36(Rev.10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2409-2019**

**Commonwealth of Pennsylvania**

**County of Philadelphia** } **ss.**

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ___5th___ day of __June__

in the year of our Lord__2019__          **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of __Abdulaziz El-Wahabi__

Deceased, were granted unto __Kristen Behrens__

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death ___6/14/2017___

Given under my hand and seal of office, this__5th__ day of __June_____, 20_19___

_Justin Graham_
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

N<u>o</u>  **A2410-2019**

ESTATE OF ......Faouzia El-Wahabi.........................................

.......................................................................................................................

.......................................................................................................................

.......................................................................................................................

Social Security No. ...............................................................

WHEREAS, .........**Faouzia El-Wahabi**...............................................

late of .........**Grenfell Tower, Grenfell Road, North Kensington, London**................................

died on the ...**14th**.................................................................day of...**June**..................................... , .....**2017**...... ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration .........................................................

.......................................................................................................................

to   **Kristen Behrens**

who ha <u>s</u>.... duly qualified as .........................**Administratrix**.........................................  of the estate of the above named decedent and ha <u>s</u>........ agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the ...**5th**... day of ...**June**.........................................  **2019**

.............................................................
*Deputy Register*

10-36(Rev. 10/99)

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A2410-2019**

**Commonwealth of Pennsylvania**

**County of Philadelphia**

} ss.

I, **RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the ___**5th**___ day of _**June**_____

in the year of our Lord__**2019**_____        **LETTERS OF ADMINISTRATION**

_____**PENDENTE LITE**_____

on the Estate of ___**Faouzia El-Wahabi**_____

Deceased, were granted unto __**Kristen Behrens**_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death_____**6/14/2017**_____

Given under my hand and seal of office, this__**5th**___ day of__**June**_____, 20_**19**___

_Justin Graham_
**Deputy Register**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)