# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KRISTEN BEHRENS, ESQ.,** as Administratrix, et al.<br><br>v.<br><br>**ARCONIC, INC.,** et al. | **CIVIL ACTION**<br><br>**NO. 19-2664** |

## ORDER RE: DEFENDANTS' MOTION TO DISMISS AND ISSUES OF CORPORATE STRUCTURE

**AND NOW**, this 20th day of December, 2019, upon consideration of Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12, (ECF 49), Plaintiffs' response, (ECF 56), Defendants' reply, (ECF 69), and the supplemental briefing submitted by the parties, and for the reasons stated in the foregoing Memorandum, it is hereby **ORDERED** that Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12 is **DENIED**. It is further **ORDERED** that:

1. By January 10, 2020, Plaintiffs and Defendants may each file a motion for partial summary judgment limited to (a) the issues of corporate structure raised by Plaintiffs' principal–agent theory; and/or (b) the issue of Whirlpool's liability as a "successor" to Indesit Company. These motions shall state the parties' contentions in general terms but need not contain factual details and shall not have factual materials attached. No briefs shall be filed at that time.

    a. If any party files a motion for partial summary judgment, the Court will allow for discovery limited to the corporate control issues raised by Plaintiffs' allegations and Defendants' contentions.

2. The Court will delay final briefing and decision on the Motion to Dismiss for *Forum Non Conveniens* until the discovery on that issue and on corporate control issues are

concluded.[1]

3. Counsel shall discuss schedules for discovery on corporate control and final briefing on any motions for partial summary judgment. Counsel shall submit an agreed upon schedule or separately propose schedules no later than January 16, 2020. If there is no agreement, the Court will likely have a hearing on January 21, 2020 at 2:00 p.m. in Courtroom 3A.

4. Briefly, the Court's reason for this procedure is that, whether this case proceeds on the merits in this Court or in England, discovery of facts relating to corporate structure and principal–agent liability, presumably controlled by Pennsylvania law, are best developed, and the issues determined, in this Court pursuant to the Federal Rules of Civil Procedure.

**BY THE COURT:**

**s/ Michael M. Baylson**

**Dated: December 20, 2019**

**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\CIVIL 19\19-2664 Behrens v Arconic\19cv2664 Order re Defendants Motion to Dismiss (AMD Draft).docx

---

[1] The Court notes the Third Circuit's holding in Lony v. E.I. Du Pont de Nemours & Co., 935 F.2d 604 (3d Cir. 1991) that "whenever discovery in a case has proceeded substantially so that the parties already have invested much of the time and resources they will expend before trial, the presumption against dismissal on the grounds of *forum non conveniens* greatly increases." Id. at 614. The discovery that the Court will permit will be limited to the facts of corporate structure and will not be on the merits and will be completed promptly.