IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KRISTEN BEHRENS,** as Administratix of the **ESTATE OF GLORIA TREVISAN,** *et al.*<br><br>*Plaintiffs*<br><br>v.<br><br>**ARCONIC, INC.,** *et al.*<br><br>*Defendants.* | No. 2:19-cv-2664-MMB |

## ORDER

**AND NOW**, this 20th day of March, 2020, upon consideration of the Parties' Statements Regarding Hague Convention Discovery Procedures, it is hereby **ORDERED** that:

1. Pursuant to Article 17 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of March 18, 1970, T.I.A.S. No. 7444, 28 U.S.T. 2555 (the "Hague Convention"), Noëlle Lenoir, whose address is 47 avenue Hoche, 75008 Paris, France (the "Commissioner") is hereby duly appointed, pending the approval of the French Ministère de la Justice, as a commissioner to:

   a. receive from Arconic Architectural Products SAS ("AAP SAS"), an indirect French subsidiary of Arconic Inc. ("Arconic"), documents and electronically-stored information ("ESI") in the possession of AAP SAS, located in the United States, and produced by AAP SAS for the UK Public Inquiry; and

    b. promptly transmit such documents and ESI, following a review for responsiveness and privilege, to the Court, who will review and distribute to Plaintiffs as appropriate.

2. The Request for International Judicial Assistance in the Authorization of a Commissioner Pursuant to Chapter II of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of March 18, 1970, which is separately filed (the "Request"), is hereby issued as the Court's request and is incorporated herein.

3. Counsel for Plaintiffs shall file this signed Order and the Request, along with French translations of both documents, with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commercial international (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France, within five (5) business days of the entry of this Order.

4. All costs of the Hague Convention proceeding, including without limitation the fees of the Commissioner, translation fees and costs, and any transmittal costs associated with the production of documents and ESI by or from AAP SAS, will be borne by Plaintiffs, provided that each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any Hague Convention proceedings.

5. Plaintiffs will use reasonable efforts to promptly obtain the Ministère de la Justice's approval of the Court's Request and appointment of the Commissioner.

6. Upon obtaining the Ministère de la Justice's approval to the Commissioner's appointment, AAP SAS will promptly begin transmitting responsive documents located in the United States and produced by AAP SAS for the UK Public Inquiry to the Commissioner for production to the Court who will review and forward to Plaintiffs, provided that while the

Ministère de la Justice's approval of the Commissioner's appointment remains valid, the French Blocking Statute shall not be a valid basis for withholding documents from production.

7. The discovery to be submitted to the Commissioner includes documents and/or electronic communications that relate to decisions and actions made by Arconic parties in the United States concerning Reynobond PE, the product that was used in the cladding for the Grenfell Tower apartment building in England.  The *Forum Non Conveniens* discovery is limited to communications that were either made in the United States by individuals employed by or associated with Arconic parties in the United States concerning oversight they exercised over AAP SAS or were between Arconic personnel in the United States and AAP SAS. This discovery includes communications in which Arconic parties provided direction from the United States to AAP SAS on the design, manufacture, marketing, advertising, selling, and installation of Reynobond PE.  It does not include documents that are relevant only to merits issues, such as allegations of Arconic's liability (e.g., defects in the design or manufacturing of Reynobond PE).  The relevant date period is from January 1, 2012 to June 6, 2019.

8. Other documents or communications may be added by further order of this Court.

9. Neither this Order, the production of documents by AAP SAS to the Commissioner, nor the terms of the Request shall constitute or operate as a waiver of any argument, position, objection, allegation, claim, or defense, of any party in the above-captioned action, or of the attorney-client privilege, the work-product doctrine, or any other privileges, rights, protections, or prohibitions that may apply to that evidence under the laws of France, the United States, or any State within the United States.

BY THIS COURT:

s/ Michael M. Baylson

_____

**Michael M. Baylson**
**United States District Court Judge**

O:\CIVIL 19\19-2664 Behrens v Arconic\19cv2664 Order re Hague Convention Discovery.docx