**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KRISTEN BEHRENS, ESQ.,** as Administratrix, et al. <br><br> **v.** <br><br> **ARCONIC, INC.,** et al. | **CIVIL ACTION** <br><br> **NO. 19-2664** |

**MEMORANDUM CLARIFYING DISPUTE CONCERNING**
**HAGUE CONVENTION PROCEEDINGS**

**Baylson, J.**                                                                           **June 25, 2020**

## I.     Introduction

This Memorandum is intended to clarify the scope of *forum non conveniens* ("FNC")

discovery and the parties' obligations with respect to the Hague Convention proceedings.  Based

on letters submitted to Commissioner Lenoir dated June 12, 2020 (Arconic's letter) and June 14,

2020 (Plaintiffs' letter); separate letters submitted to the Court by Plaintiffs and by Arconic on

June 15, 2020; and the parties' supplemental FNC discovery reports, (ECF 204 (Arconic's Report);

ECF 205 (Plaintiffs' Report)), the Court enters this Memorandum to clarify the scope of discovery

for the benefit of Commissioner Lenoir.

## II.     Scope of FNC Discovery Under the Hague Convention

There are two independent categories of documents that are relevant to the issue of FNC:

**Category One:** All communications concerning the extent, if any, of involvement of U.S.-

based Arconic officers, employees, or agents in the design, recommendation, implementation,

and/or decisionmaking concerning the use of Reynobond PE in the Grenfell Tower building in

London.  This category targets documents that concern Arconic US involvement in the use of

Reynobond PE in the Grenfell Tower building.

1

**Category Two:** All communications relating to oversight, if any, exercised by U.S.-based Arconic officers, employees, or agents over AAP SAS. This category targets documents that concern control exercised by Arconic US over AAP SAS more generally.

Category One and Category Two are independent. Thus, if a document falls into Category Two but does not fall into Category One, it is responsive to FNC.

This is consistent with the exposition of the "Evidence to be obtained" described in paragraph 13 of the Request for International Judicial Assistance, (ECF 199):

> The evidence to be obtained consists of certain documents and electronically-stored information in the possession of AAP SAS now located in the United States and relevant to Defendants' pending Motion to Dismiss for *Forum Non Conveniens*.

> This discovery includes documents and/or electronic communications ("ESI") that relate to decisions and actions made by Arconic parties in the United States concerning Reynobond PE, the product that was used in the cladding for the Grenfell Tower apartment building in England.

> The *Forum Non Conveniens* discovery is limited to communications that were either made in the United States by individuals employed by or associated with Arconic parties in the United States concerning oversight they exercised over AAP SAS or were between Arconic personnel in the United States and AAP SAS.

> This discovery includes communications in which Arconic parties provided direction from the United States to AAP SAS on the design, manufacture, marketing, advertising, selling, and installation of Reynobond PE.

> It does not include documents that are relevant only to merits issues, such as allegations of Arconic's liability (e.g., defects in the design or manufacturing of Reynobond PE).

## III.    Arconic's Role

Arconic shall produce to Commissioner Lenoir all nonprivileged documents that "hit" on the search terms as outlined in this Court's Order dated May 27, 2020, (ECF 188), and discussed with counsel during the May 27, 2020 telephone conference. Arconic must produce all nonprivileged documents that "hit" on the search terms regardless of Arconic's view of relevance.

Arconic need not produce documents that the Court previously determined were categorically outside of the scope of FNC (including, but not limited to, "[d]ocuments which exclusively discuss or concern French operations and do not involve any input or communications with any Arconic U.S. person," (ECF 197 ¶ 2(a))).

Arconic shall prepare a log of all documents or portions of documents that are relevant to FNC discovery but that Arconic asserts contain privileged communications.

## IV.    Commissioner Lenoir's Role

Commissioner Lenoir should review the documents produced by Arconic for responsiveness to FNC as described in Section II of this Memorandum and should produce them to Plaintiffs unless there is a specific reason under French law for nonproduction.  Commissioner Lenoir should produce to Plaintiffs any documents that fall into **either** Category One **or** Category Two, unless there is a specific reason under French law prohibiting production of any part of the document.  Commissioner Lenoir is not bound by Arconic's view of what is relevant to FNC.

Commissioner Lenoir should state her reasons for nonproduction to Plaintiffs of documents that are relevant to FNC discovery but production, in whole or part, is prohibited by French law.

**BY THIS COURT:**

s/ Michael M. Baylson

_____
**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\CIVIL 19\19-2664 Behrens v Arconic\19cv2664 6.25.2020 Memorandum

3