**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KRISTEN BEHRENS, ESQ.,** as Administratrix, et al.<br><br>      **v.**<br><br>**ARCONIC, INC.,** et al. | **CIVIL ACTION**<br><br>**NO. 19-2664** |

## MEMORANDUM AND ORDER RE: PLAINTIFFS' REQUEST FOR ADDITIONAL *FORUM NON CONVENIENS* DISCOVERY

### I.      Introduction

This case arises out of the June 14, 2017 Grenfell Tower fire, a human tragedy that resulted in the loss of seventy-two lives and substantial injuries to many other people.  At the outset of the litigation, Defendants filed both a Rule 12 Motion to Dismiss, (ECF 49), and a separate Motion to Dismiss for *Forum Non Conveniens* (or "FNC"), (ECF 50).  Defendants attached to the motions an appendix with voluminous exhibits, but did not always distinguish whether exhibits were in support of one or both of the motions.  The Court denied the Rule 12 Motion to Dismiss on December 20, 2019.  (ECF 104 (Memorandum); ECF 105 (Order).)

The Motion to Dismiss for *Forum Non Conveniens* is currently pending.[1]  Recognizing Third Circuit jurisprudence that requires district courts to give plaintiffs an opportunity to engage in discovery to respond to such a motion, the Court has allowed limited discovery on the FNC issue (and *only* the FNC issue).[2]

---

[1] The parties are in the midst of the final round of supplemental briefing.  Oral argument is scheduled for August 19, 2020.  (ECF 195.)

[2] The concept of limited discovery is not unique to litigation; it is observed in the fine arts as well.  For example, a type of limited discovery takes place in Puccini's last opera, named for the Chinese queen, *Turandot*.  She asked only three questions to her suitors and wrong answers led to their

However, this case has proven that attempting to limit discovery to discrete issues almost always invites friction as to what is or is not included.  Since nearly the beginning of the discovery process, Plaintiffs and Arconic have disagreed about various discovery issues.[3]  Plaintiffs have filed numerous motions to compel complaining about Arconic's lack of responsiveness to much of the requested discovery.  (See, e.g., ECF 143; ECF 184.)  The Court has resolved these disputes through numerous interim orders and on-the-record rulings.

This Memorandum addresses Plaintiffs' supplemental memorandum regarding FNC discovery, (ECF 213), and Arconic's response, (ECF 216), submitted pursuant to the Court's Order dated July 2, 2020.  (ECF 211.)

## II.    Background

A wholly-owned subsidiary of Arconic that is located in France, known as AAP SAS, was the actual manufacturer of the cladding (known as "Reynobond PE") that was used in the Grenfell Tower.  According to Plaintiffs' allegations, the cladding was improperly designed and installed for this use.

Defendants rely heavily on the fact that the Reynobond PE was manufactured by AAP SAS in France as a reason to grant the FNC motion and require Plaintiffs to proceed in England.  Plaintiffs, in opposition, assert that even though none of the Arconic defendants in the United States themselves manufactured the Reynobond PE at issue, there is substantial evidence that Arconic personnel in the United States controlled AAP SAS's decisionmaking related to the design, manufacture, supply, and installation of the product.  In support of this argument, Plaintiffs

---

deaths.  Only Calaf answers all three correctly and, as a result, Queen Turandot welcomes him to her royal court.

[3] The FNC discovery involving Defendant Whirlpool has not required the Court's intervention.

reference evidence they have gathered that French personnel at AAP SAS in France submitted a Request for Authorization ("RFA") seeking approval from Arconic managers in the United States to develop a more fire-retardant version of Reynobond known as "A2," but that the request was not approved until after Reynobond PE had been supplied by AAP SAS for installation in the Grenfell Tower.

Plaintiffs further contend, and this claim goes specifically to the merits, that if Reynobond A2 had been approved by Arconic personnel in the United States, it would have been sold to and used on the Grenfell Tower apartment instead of Reynobond PE.

## III. Discussion

The Court has reviewed numerous briefs on discovery in this case and most recently, Plaintiffs' supplemental memorandum regarding FNC discovery, (ECF 213),[4] and a response filed by Arconic, (ECF 216). Both parties included extensive exhibits with these briefs.

From review of all of the discovery materials, the Court concludes, with two exceptions, that Arconic need not produce further documents or other discovery, and that most of what Plaintiffs now contend is "missing" relates to the merits of the case rather than to the FNC issue. In the Court's view, subject to the two exceptions that follow there has been adequate discovery on FNC that enables Plaintiffs to respond to the FNC motion.

### A. Certifications Related to Request for Authorization

The first exception to the Court's ruling concerns the RFA that was submitted by AAP

---

[4] In their supplemental brief, Plaintiffs seek: (1) All non-privileged documents that hit upon the original search terms or, in the alternative, all nonprivileged documents that hit on a limited set of original search terms proposed by Plaintiffs; (2) A responsiveness log listing documents withheld on the basis of nonresponsiveness; and (3) Ms. Diana Perreiah for a second deposition.

SAS to Arconic US managers seeking approval to develop Reynobond A2.[5]  Noting the RFA and its potential relevant to FNC, on June 26, 2020 the Court ordered Arconic to produce: "all documents referencing communications between Arconic parties in the United States and AAP SAS" regarding the RFA; and "any documents and materials that are referenced and/or linked in the [RFA]."  (ECF 208 ¶¶ 1–2.)  Plaintiffs acknowledge that Arconic has produced some additional documents on the RFA issue, but assert that further production is necessary.

Because of the potential relevance of the RFA to the pending FNC issue, the Court will require Arconic counsel to provide certain certifications related to the RFA as described in section IV of this Memorandum.

###   B.   Second Deposition of Diana Perreiah

The second exception concerns Plaintiffs' request to take a second deposition of Diana Perreiah.  The Court will grant this request for the following reasons.

First, documents are currently being produced by AAP SAS to Noëlle Lenoir, Esquire, who the Court appointed as a Commissioner under the Hague Convention.  (ECF 174.)  Ms. Lenoir's role as Commissioner under the Hague Convention is limited to reviewing documents for responsiveness to the scope of discovery defined by the Court and to ensure that neither the French Blocking Statute nor the GDPR prohibit production.  (ECF 207.)   Ms. Lenoir has agreed that she will complete her review by July 30, 2020.  Thus, Plaintiffs have been and will be receiving additional documents following their production by AAP SAS to Ms. Lenoir.  Since Plaintiffs did not have access to the Hague Convention documents when they first deposed Ms. Perreiah on June 10, 2020, a limited opportunity to redepose her on any additional information that has been

---

[5] This RFA is attached as Exhibit C to Plaintiffs' July 7, 2020 supplemental memorandum regarding FNC discovery.  (ECF 213.)  Any references to "the RFA" in this Memorandum refer to the A2 RFA, designated as Proposal Number L0657-14-1109.

revealed is justified.

Second, and relatedly, the production related to the RFA occurred after Ms. Perreiah's deposition.  When Plaintiffs first deposed Ms. Perreiah, they did not have the specific RFA, nor did they have the documents related to the RFA that were produced in late June pursuant to the Court's June 26, 2020 order.  (ECF 208).  Allowing a second deposition with limitations on time and subject matter is fair to give Plaintiffs the opportunity to question Ms. Perreiah about any additional issues that have been revealed by the production of communications and documents related to the RFA.

## IV.   Order

The Court's Order resolving this dispute is as follows:

1.      Within ten (10) days, Arconic counsel shall, unless already having done so, interview all U.S.-based managers and supervisors who were involved in the RFA process[6]  and shall file a certification confirming that they interviewed or attempted to interview all persons with knowledge on this topic within Arconic US.  The certification shall identify with whom counsel spoke and whether the individual(s) are aware of any other communications or documents within Arconic US,[7] or between Arconic US and AAP SAS, relating to the RFA or the subject matter of the RFA, not already produced to Plaintiffs.

2.      Any additional documents that are revealed to Arconic counsel during the interview

---

[6] If the manager is no longer employed by Arconic, Arconic counsel shall supply Plaintiffs with the former employee's contact information.

[7] This Order expands on the prior discovery order regarding the RFA.  That order required production of "documents referencing communications between *Arconic parties in the United States and AAP SAS* regarding the [RFA]."  (ECF 208 ¶ 1 (emphasis added).)  This Order, by contrast, requires that the certification encompass not only communications between Arconic US and AAP SAS, but *also* communications between and among Arconic US persons on the subject matter of the RFA.

process shall be forthwith produced to Plaintiffs no later than August 3rd, 2020.

3.      The certification shall confirm that Arconic counsel, Bartlit Beck and DLA Piper, have appropriately instructed their client on this topic and as far as they know, all relevant documents as required by the Court have been produced to Plaintiffs.

4.      The Court will allow an additional deposition of Diana Perreiah, the Arconic manager who was previously deposed on June 10, 2020.  This deposition shall be delayed until after Plaintiffs have received all documents from the review by Ms. Lenoir and have received the certifications by Arconic counsel.

5.      Ms. Perreiah's deposition will be limited to four (4) hours and may take place remotely.  Prior to the deposition taking place, either party that plans to use exhibits must provide them to Ms. Perreiah.

b.      Within five (5) days of Ms. Perreiah's deposition, Plaintiffs may file a supplemental memorandum addressing new facts learned during the deposition that bear on FNC.[8]

6.      With this resolution, the Court believes that Plaintiffs will have had very substantial and fair FNC discovery.

---

[8] As provided in an Order dated July 2, 2020, Plaintiffs may file a supplemental Memorandum by August 7, 2020 reviewing the relevance of documents produced to them by AAP SAS through the Hague Convention.  (ECF 211 ¶ 2(a).)  However, the second deposition of Ms. Perreiah may occur close in time to or after the August 7, 2020 deadline.  The Court will therefore permit Plaintiffs to address new facts learned during Ms. Perreiah's second deposition in a second supplemental memorandum if it is not feasible for this discussion to be included in their August 7, 2020 memorandum.  If Plaintiffs file a supplemental memorandum regarding the deposition, it shall not exceed five (5) pages, double-spaced.

Arconic shall also serve a log of any privileged documents responsive to this Order but not produced to Plaintiffs.

**BY THIS COURT:**

**Dated:  7/22/2020**                                         s/ Michael M. Baylson
                                                            **MICHAEL M. BAYLSON**
                                                            **United States District Court Judge**

O:\CIVIL 19\19-2664 Behrens v Arconic\19cv2664 Order re Additional FNC Discovery.docx